Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, GERALD T. ARDREY, CHAD M. FERRELL, and C & J REMODELING, on behalf of themselves and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>  v.<br><br>LEGALZOOM.COM, INC.,<br><br>         Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant LegalZoom.com, Inc. ("LegalZoom") hereby removes this putative class action, Case No. 09AC-CC00737 in the Circuit Court for Cole County, Missouri, to the United States District Court for the Western District of Missouri. As grounds for removal, Defendant states as follows:

  1.  On December 17, 2009, Plaintiff Todd Janson commenced this action by filing a petition (the "Petition") against LegalZoom in the Circuit Court of Cole County, Missouri, captioned *Todd Janson on behalf of Himself and all Missourians similarly Situated v. LegalZoom, Inc.*, No. 09AC-CC00737. On January 15, 2009, Mr. Janson and additional Plaintiffs Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC filed an Amended Class-Action Petition captioned *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC, on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, No. 09AC-CC00737 ("Amended Petition" or "Am. Petition").

2. In the Amended Petition, Plaintiffs seek to represent a class consisting of "[a]ll persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present." Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Petition and Amended Petition are attached as Exhibit A, together with a copy of all process, pleadings, and orders served upon LegalZoom in this action.

3. This Court has jurisdiction over the Amended Petition pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and Defendant has a right to removal on the grounds set forth below.

**Removal to this Court is Proper Under the Class Action Fairness Act**

4. LegalZoom is a company whose principal business consists of providing an online platform for customers to prepare their own legal documents. Customers choose a product or service suitable to their needs and input data into a questionnaire. Where applicable, the LegalZoom platform then generates a document using the product and data provided by the customer.

5. This is a purported Missouri class action claiming that the products provided by LegalZoom constitute the unauthorized practice of law. It seeks, *inter alia*, refund of all money paid to LegalZoom in the last five years "for the preparation of legal documents" by all customers residing in Missouri. Plaintiffs allege that certain of these customers are entitled to receive treble damages for the alleged violation of the statute governing the unauthorized practice of law, § 484.020, RSMo.

6. Defendant invokes the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, to remove this action to federal court. CAFA provides that a district court

3304570

2

has original jurisdiction over a class action with at least 100 plaintiffs, which involves an amount in controversy over $5,000,000 and in which minimal diversity exists between the defendant and at least one plaintiff. 28 U.S.C. § 1332(d)(2). As explained below and as supported by the evidence presented herewith, this action meets CAFA's requirements and is the type of sizeable and substantial action that Congress intended to be in federal court when it passed CAFA and expanded this Court's jurisdiction.

7. "A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." *See Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009) (*citing* CAFA, Pub.L. No. 109-2, § 2(a)(2)(B), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)).

8. LegalZoom was served with the Petition on January 8, 2010. Because Defendant has filed this Notice of Removal within thirty days after service of the Petition, removal is timely under 28 U.S.C. § 1446(b).

9. Removal to this Court is proper under 28 U.S.C. § 1446(a) because The Nineteenth Circuit Court for Cole County, Missouri is located within the geographic boundaries of the United States District Court for the Western District of Missouri. 28 U.S.C. § 105(b).

10. This action is not one described in 28 U.S.C. § 1332 or 28 U.S.C. § 1453 as non-removable, and no statutory exception to CAFA jurisdiction applies in this case. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A), (d)(4)(B).

11. In accordance with 28 U.S.C. § 1446(d), Defendant will file promptly a copy of this Notice of Removal with the Nineteenth Circuit Court for Cole County, Missouri. Defendant has served all parties with a copy of this Notice of Removal.

**Minimal Diversity**

12. CAFA significantly expanded federal diversity jurisdiction, eliminating the complete diversity prerequisite and requiring only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

13. Plaintiffs Janson, Ardrey and Ferrell are citizens of Missouri (Am. Petition ¶ 2).

14. C& J Remodeling LLC, a limited liability company, is formed under the laws of Missouri (Am. Petition ¶ 3). Its sole members are Plaintiffs Ardrey and Ferrell (Am. Petition ¶ 3). Accordingly, C & J Remodeling LLC is a citizen of Missouri for diversity purposes. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

15. LegalZoom is a Delaware corporation headquartered in Los Angeles, California (Am. Petition ¶ 4; see the Declaration of Edward R. Hartman ("Hartman Decl."), incorporated herein by reference, ¶ 3).[1/] Therefore, the citizenship of the Defendant is Delaware and California for diversity purposes, and Defendant is a citizen of a state different from Plaintiffs. *See* 28 U.S.C. § 1332(c)(1).

16. Accordingly, diversity of citizenship exists between Defendants and the represented persons. *See* 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy**

17. The Amended Petition alleges, *inter alia*, that Defendants engaged in the unauthorized practice of law and must refund any money paid by its Missouri customers, and

---

[1/] The Hartman Declaration contains information that is competitively valuable and protected by LegalZoom as a trade secret. Concurrently with the filing of this Notice, Defendant filed a motion seeking leave from the Court to file the Hartman Declaration under seal.

3304570

4

that this unauthorized practice of law violates the Missouri Merchandising Practices Act (Am. Petition ¶¶ 34-51).

18. The statute of limitations for money had and received is five years. *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697 (Mo. banc 2008). The statute of limitations for the statutory unauthorized practice of law ("UPL") claims is 2 years. § 484.020, RSMo.

19. Defendants vigorously deny the allegations of wrongful conduct and intend to file at an appropriate time a dispositive motion showing that they are entitled to judgment as a matter of law. For purposes of establishing the amount in controversy, however, Defendants are entitled to rely upon the allegations of the Amended Petition, which seek to impose substantial potential liability. "[T]he amount in controversy is determined by the value to the plaintiff of the right sought to be enforced." *Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). A defendant may expressly deny that the plaintiff is entitled to any relief while relying for the amount in controversy upon "an examination of the relief requested in the complaint." *City of University City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 934 (E.D. Mo. 2002) (citing *Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co.*, 350 F.2d 1006, 1008 (8th Cir. 1965)). As the party seeking removal, Defendant accepts the burden of establishing by a preponderance of the evidence that the amount claimed exceeds the jurisdictional threshold. *Bell v Hershey Co.*, 557 F.3d 953, 957-58 (8th Cir. 2009).

20. Under CAFA, the amount in controversy includes both traditional recoveries, such as restitution, as well as statutory penalties. *See Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 324-25 (5th Cir. 2008) (finding CAFA's amount in controversy satisfied where

3304570

5

statutory damages could amount to $1,500 per violation of Telephone Consumer Protection Act and complaint alleged 4,000 violations); *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that CAFA's amount in controversy was satisfied by defendant's showing that the number of customers within the plaintiff's proposed class multiplied by the minimum statutory damages of $200 per customer exceeded $5 million); *see also Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000-01 (9th Cir. 2007) (calculating aggregated amount of statutory penalties to determine whether CAFA's amount in controversy was met for alleged violations of state wage laws).

21. The UPL statute, Section 484.020, RSMo, permits litigants to recover treble damages. In addition, the Missouri Merchandising Practices Act grants the Court discretion to award punitive damages and attorney's fees. § 407.025.1, RSMo.

22. LegalZoom maintains a database containing information relating to each customer transaction (Hartman Decl. ¶ 5). LegalZoom employees accessed the database and generated a report that, using the date that a customer paid a fee, listed payments received by LegalZoom (and refunds made by LegalZoom) for each order in which the customer provided a Missouri shipping address during the five-year period beginning on December 18, 2004 (Hartman Decl. ¶ 7). In compiling this report, LegalZoom excluded transactions involving services that are not even arguably transactions for the preparation of legal documents; thus, LegalZoom excluded the following items of revenue: logo design, obtaining Employer Identification Numbers for federal taxation, trademark or patent searching, trademark monitoring, and subscription to LegalZoom Minutes Manager. Taking refunds into account as negative payments, this report showed the total amount of fees paid to LegalZoom for transactions involving documents for which the

Case 2:10-cv-04018-NKL  Document 41  Filed 02/05/10  Page 6 of 9

customer provided a Missouri shipping address during the five years before the date the Petition was filed. (*Id.*).

23. Total payments were calculated for each year-long period beginning December 18 of one year and ending December 17 of the following year. These calculations represent the best possible totals of the fees paid by Missouri residents to LegalZoom for documents during each of the five years before the date the Petition was filed. (Hartman Decl. ¶¶ 8-12).

24. Based on the declaration of Edward R. Hartman in support of removal, which is incorporated by reference into this Notice of Removal, the record demonstrates that the amount in controversy is in excess of $5,000,000.

**Number of Represented Persons**

25. CAFA requires that the represented persons total at least 100. 28 U.S.C. § 1332(d)(5). Plaintiffs concede that the Plaintiffs' Class consists of more than 100 individuals (Am. Petition ¶ 23).

26. In addition, the report described in Paragraph 22 shows that in excess of 14,000 orders for documents were placed by customers who provided a Missouri shipping address between December 18, 2004, and December 17, 2009. The report also lists well over one hundred unique Missouri addresses. Based on this number of Missouri orders and addresses, LegalZoom has shown that more than 100 Missouri residents paid fees to LegalZoom to obtain documents from LegalZoom during that five-year period (Hartman Decl. ¶ 13).

Case 2:10-cv-00188-NKL   Document 1-1   Filed 02/05/10   Page 7 of 9

## Conclusion

27.     Accordingly, this matter is properly removed to federal court pursuant to 28 U.S.C. § 1332(d).

WHEREFORE, Defendant LegalZoom.com, Inc., respectfully requests: that this cause be removed from the Circuit Court of Cole County, Missouri; that this Court exercise jurisdiction over this matter; and that this Court grant LegalZoom.com, Inc., all other appropriate relief.

Dated: February 5, 2010                                              Respectfully submitted,

BRYAN CAVE LLP

By: /s/ John Michael Clear

John Michael Clear
Michael Biggers
James Wyrsch
One Metropolitan Square – Suite 3600
211 North Broadway
St. Louis, MO 63102
Tel.: (314) 259-2000
Fax: (314) 259-2020

Robert Thompson
James Wicks
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105
Tel.: (816) 374-3200
Fax: (816) 374-3300

*Attorneys for LegalZoom.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, the foregoing was served by overnight mail on the individuals listed below and electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

Timothy Van Ronzelen
Matthew A. Clement
Kari A. Schulte
COOK, VETTER, DOERHOFF &
LANDWEHR, PC
231 Madison
Jefferson City, MO 65101
tvanronzelen@cvdl.net
mclement@cvdl.net
kschulte@cvdl.net

David T. Butsch
James J. Simeri
Mathew R. Fields
Butsch Simeri Fields LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
butsch@bsflawfirm.com
simeri@bsflawfirm.com
fields@bsflawfirm.com

Edward D. Robertson, Jr.
Mary Doerhoff Winter
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY
715 Swifts Highway
Jefferson City, MO 65109
chiprob@earthlink.net
marywinter@earthlink.net

Randall O. Barnes
RANDALL O. BARNES & ASSOCIA1ES
219 East Dunklin Street, Suite A.
Jefferson City, Missouri 65101
rbarnesjclaw@aol.com

Steven E. Dyer
10805 Sunset Office Drive, Suite 300
St. Louis, MO 63127
jdcpamba@gmail.com

/s/ John Michael Clear

3304570

9