Exhibit 1.2

| Report: CZR0026 | **19TH JUDICIAL CIRCUIT**<br>**COLE CIRCUIT**<br>**CIRCUIT COURT DOCKET SHEET** | Date:<br>Time:<br>Page: | 29-Jan-2010<br>12:00:22PM<br>1 |
|---|---|---|---|

---

**09AC-CC00737**   **TODD JANSON V LEGALZOOM.COM INC**          **Security Level: 1 Public**

| **Case Type:** | CC Other Tort | **Case Filing Date:** | 18-Dec-2009 |
|---|---|---|---|
| **Status:** | Pet Filed in Circuit Ct | | |
| **Disposition:** | | **Disposition Date:** | |

**Release/Status Reason**
**Change Date**

| Judge | PATRICIA S JOYCE (28040) |
|---|---|
| Plaintiff | **TODD JANSON (JANT*5859)** |
| Attorney for Plaintiff | TIMOTHY WILLIAM VAN RONZELEN(44382) |
| Attorney for Plaintiff | MATTHEW ALAN CLEMENT(43833) |
| Attorney for Plaintiff | KARI A SCHULTE(57739) |
| Defendant | **LEGALZOOM.COM INC (@53163)** |

---

| **Filing Date** | **Description** |
|---|---|

**17-Dec-2009**   **Pet Filed in Circuit Ct**
Class Action Petition. sh
**Filed By:** TIMOTHY W VAN RONZELEN

**18-Dec-2009**   **Judge Assigned**

**Summons Issued-Circuit**
Document ID: 09-SMCC-1444, for LEGALZOOM INC.Directed to New Castle Sheriff for Service
**Service/Attempt Date:** 01-Jan-2010

**04-Jan-2010**   **Request for Records Filed**

**Judge/Clerk - Note**
Request complete and sent via fax. jb

**15-Jan-2010**   **Amended Motion/Petition Filed**
Amended Class-Action Petition.  cc
**Filed By:** MATTHEW A CLEMENT

**Request Filed**
Request for Additional Summons.  cc
**Filed By:** MATTHEW A CLEMENT

**20-Jan-2010**   **Request for Records Filed**

**21-Jan-2010**   **Judge/Clerk - Note**
Spoke with Plaintiff's Attorney and was advised that service copy on original summons will be returned.
cc

**Summons Issued-Circuit**
Document ID: 10-SMCC-70, for LEGALZOOM INC. and placed in Attorney's box for pick up.  cc

**Judge/Clerk - Note**
Copy request completed and put in pick up box.mw

**28-Jan-2010**   **Corporation Served**
Document ID - 09-SMCC-1444;  Served To - LEGALZOOM.COM INC;  Server - COLE COUNTY
SHERIFF;  Served Date - 01-JAN-10;  Served Time - 10:45:00;  Service Type - Sheriff Department;
Reason Description -  Served;  Service Text - Shannon Samper of United States Corp. Agents Inc,
Registered Agent for Legalzoom Inc. JW



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

## FILED

| | |
|---|---|
| Judge or Division:<br>PATRICIA S JOYCE | Case Number: 09AC-CC00737 |

JAN ᵒ 8 2010

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI

| | |
|---|---|
| Plaintiff/Petitioner:<br>TODD JANSON | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY WILLIAM VAN RONZELEN<br>COOK VETTER DOERHOFF LANDWEHR<br>ATTORNEYS AT LAW<br>231 MADISON STREET<br>JEFFERSON CITY, MO 65101 |
| vs. | |
| Defendant/Respondent:<br>LEGALZOOM INC | Court Address:<br>301 E High<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **LEGALZOOM INC**
　　　　　　　　　　　　**Alias:**
UNITED STATES CORPORATION AGENTS
INC
1521 CONCORD PIKE 202
WILMINGTON, DE 19803

*RETURN COPY*

**COURT SEAL OF**

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

_12-18-09_ _____ _____
　　Date　　　　　　　　　　　　　　　Clerk

**COLE COUNTY**

Further Information: _____

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　　　　　_____
Printed Name of Sheriff or Server　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*　　Subscribed and sworn to before me on _____ (date).

My commission expires: _____ _____
　　　　　　　　　　　　　　　Date　　　　　　　　Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $___10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 09-SMCC-1444**　　1 of 1　　Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:10-cv-04018-NKL　Document 2-2　Filed 02/05/10　Page 2 of 40



**Office of the Sheriff**

MICHAEL P. WALSH
Sheriff

Louis L. Redding City/County Bldg.
800 N. French Street
Wilmington, DE 19801

(302)395-8450



JAN 2 5 2010
FILED
JAN 2 5 2010

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE)
)  SS
NEW CASTLE COUNTY)

Re:   **TODD JANSON VS. LEGALZOOM INC**
**Civil Action No. 09AC-CC00737OSW**

Scott Phillips, being duly sworn, deposes that he/she is a Deputy Sheriff and avers that he/she served upon and left personally upon **SHANNON SAMPEREOF UNITED STATES CORPORATION AGENTS, INC., REGISTERED AGENT FOR LEGALZOOM INC.  AT:** 1521 CONCORD PIKE, WILMINGTON, DELAWARE 19803, a copy of Out of State Summons and Complaint on 1/8/2010 at 10:45AM.

The Deponent further avers that he/she knew the person so served to be the same person as mentioned in the Out of State document.

_____
**DEPUTY SHERIFF**
**NEW CASTLE COUNTY**

STATE OF DELAWARE)
)  SS
NEW CASTLE COUNTY)

**BE IT REMEMBERED** that on January 14, 2010 personally came before me, the Subscriber, a Notary Public of the State of Delaware, Scott Phillips, a Deputy Sheriff of New Castle County and State of Delaware, and stated that the facts stated above are true and correct.

**SWORN AND SUBSCRIBED** before me, the date and year aforesaid.

_____
Notary Public

LINDA JANE KAHN
MY COMMISSION EXPIRES
MAY 18, 2011
NOTARY PUBLIC
STATE OF DELAWARE



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>PATRICIA S JOYCE | Case Number: 09AC-CC00737 |
| Plaintiff/Petitioner:<br>TODD JANSON<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY WILLIAM VAN RONZELEN<br>COOK VETTER DOERHOFF LANDWEHR<br>ATTORNEYS AT LAW<br>231 MADISON STREET<br>JEFFERSON CITY, MO 65101 |
| Defendant/Respondent:<br>LEGALZOOM.COM INC | Court Address:<br>301 E High |
| Nature of Suit:<br>CC Other Tort | JEFFERSON CITY, MO 65101 |

**©COPY**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **LEGALZOOM.COM INC**
**Alias:**
UNITED STATES CORPORATION AGENTS
INC
1521 CONCORD PIKE 202
WILMINGTON, DE 19803

*COURT SEAL OF*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____1-21-10_____
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                 Date                         Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



FILED
JAN 2 0 2010
BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI



## Facsimile Cover

**Bryan Cave LLP**
Riverview Office Center
221 Bolivar Street
Jefferson City, MO 65101-1574
Tel (573) 556-6620
Fax (573) 556-6630
www.bryancave.com

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE and (b) is intended for the use of the Addressee(s) named below. If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited. If you have received this facsimile in error, please telephone us immediately and mail the facsimile back to us at the address to the right. Thank you.

| | | | |
|---|---|---|---|
| Date: | January 20 2010 | | |
| From: | Linda Armstrong | Matter: | 0306506 |
| Tel: | (573) 556-6623 | | |
| To: | **Julie** | Phone Number: | (573) 634-9150 |

Message:

Julie:

An attorney in our St. Louis office is needing two documents from Case No. 09AC-CC00737 right away. Please copy and fax to me at (573) 556-7443 or e-mail to me at learmstrong@bryancave.com. You can place the fee on the invoice with the other copies and send to me at 221 Bolivar St., Ste. 101, Jefferson City, MO 65101. If you are not allowed to fax or e-mail the copy, please call me and come by and pick up. Thanks in advance, Julie, for all your help.

Linda Armstrong
573.556.6623

---

To Sender:

| | | | |
|---|---|---|---|
| Do you wish to be contacted when fax is sent? | | ☐ Yes | ☒ No |
| Do you wish to be contacted at your home/office if fax cannot be sent within one hour?   Tel: | | ☒ Yes | ☐ No |

---

Fax Number:   573-635-0796           Number of Pages Including Cover: 1

If all pages are not received, please call (573) 556-6620.

① Ammended class action petition
② Request for addtl summons

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

TODD JANSON,      )
      )
GERALD T. ARREY,      )
      )
CHAD M. FERRELL,      )
      )
And      )
      )
C & J REMOLDING, LLC ,      )
on behalf of themselves and all similarly )
Situated,      )
      )
**Plaintiffs**      )
      )     **Case No. 09AC -CC00737**
**vs.**      )
      )
LEGALZOOM.COM, INC.,      )
      )
**Defendant**      )
      )
SERVE AT:      )
United States Corporation Agents, Inc.  )
1521 Concord Pike #202      )
Wilmington, Delaware 19803      )

FILED

JAN 1 5 2010

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI

## REQUEST FOR ADDITIONAL SUMMONS

Comes now Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C& J

Remodeling LLC and hereby request the clerk to issue an additional summons to

Defendant Legal Zoom.Com, Inc. and return to the undersigned for service.

_Matth A. [signature]_

Timothy Van Ronzelen, #44382
Matthew A. Clement, #43833
Kari A. Schulte, #57739
COOK, VETTER, DOERHOFF & LANDWEHR, PC
231 Madison
Jefferson City, Missouri 65101
Telephone: 573-635-7977
Facsimile: 573-635-7414
tvanronzelen@cvdl.net
kschulte@cvdl.net
mclement@cvdl.net


Edward D. Robertson, Jr., # 27183
Mary Doerhoff Winter, # 38328
BARTIMUS, FRICKLETON,
ROBERTSON & GORNY
715 Swifts Highway
Jefferson City, MO 65109
Telephone: 573-659-4454
Facsimile: 573 659-4460
chiprob@earthlink.net
marywinter@earthlink.net


David T. Butsch, # 37539
James J. Simeri, #52506
BUTSCH SIMERI FIELDS LLC
231 S. Bemiston Ave., Ste. 260
Clayton, MO 63105
Telephone: 314-863-5700
Facsimile: 314-863-5711
butsch@bsflawfirm.com
simeri@bsflawfirm.com


Randall O. Barnes, #39884
RANDALL      O.      BARNES      &
ASSOCIATES
219 East Dunklin Street, Suite A
Jefferson City, Missouri 65101
Telephone: 573-634-8884
Facsimile: 573-635-6291
rbarnesjclaw@aol.com


Steven E. Dyer, #45397
LAW OFFICES OF STEVEN DYER
10850 Sunset Office Drive, Ste. 300
St. Louis, MO 63127
Telephone: 314-898-6715
jdcpamba@gmail.com


Attorneys for Plaintiffs

TODD JANSON, GERALD T. ARDREY, )
CHAD M. FERRELL, and C & J )
REMODELING LLC, on behalf of )
themselves and on behalf of all others )
similarly situated, )
 )
  Plaintiffs, )
 ) **Case No. 09AC-CC00737**
v. )
 ) **Jury Trial Demanded**
LEGALZOOM.COM, INC. )
 )
 )
  Defendant. )
 )
 )
SERVE AT:United States Corporation )
Agents, Inc. )
1521 Concord Pike#202 )
Wilmington, Delaware 19803 )

FILED

JAN 15 2010

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI

## AMENDED CLASS-ACTION PETITION

  Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling, LLC,

on behalf of themselves and on behalf of all other similarly-situated consumers of

LegalZoom.Com, Inc. ("LegalZoom") by and through counsel, for their Amended Petition, state:

  1.  This action is brought by Plaintiffs against LegalZoom to recover for themselves

and for all others similarly situated ("the Plaintiffs' Class") all legal fees paid by Plaintiffs and

the Plaintiffs' Class to Legal Zoom. It is unlawful under Missouri law for LegalZoom to charge

and collect from its customers fees for the preparation of legal documents, and LegalZoom is

legally obligated to refund to the Plaintiffs and the Plaintiffs' Class all fees charged and collected

by LegalZoom on transactions within the State of Missouri, and in addition, to pay statutory

treble damages and costs, and all other damages to which Plaintiffs' and the Plaintiffs' Class are entitled.

2.     Plaintiffs Todd Janson, Gerald T. Ardrey, and Chad M. Farrell are individuals residing in Missouri who were consumers of LegalZoom services.

3.     Plaintiff C & J Remodeling LLC is a limited liability company organized and existing under the laws of Missouri and was a consumer of LegalZoom services. Plaintiffs Ardrey and Ferrell are the sole members of C & J Remodeling, LLC.

4.     LegalZoom is a Delaware corporation that does business throughout Missouri and in Cole County.

## FACTS COMMON TO ALL COUNTS

5.     Through its website, LegalZoom offers services that are normally provided by lawyers. LegalZoom advertises throughout the United States, and in Missouri, using the internet, television ads, and radio ads.

6.     Through its advertisements, LegalZoom encourages customers to go to its web site, www.legalzoom.com, where customers, for a fee, are offered a variety of customized legal services, including, but not limited to the drafting of wills, trusts, powers of attorney, real-estate deeds, deeds of trust, contracts, business-entity formation documents, intellectual property filings, divorce pleadings, and other documents affecting secular rights (hereafter "legal documents").

7.     LegalZoom holds itself out to the general public as a money-saving alternative to lawyers. On its website, LegalZoom states:

> Save time and money on common legal matters! Created by top attorneys, LegalZoom helps you create reliable legal documents from your home or office. Simply answer a few questions online

and your documents will be prepared within 48 hours.* We even review your answers and guarantee your satisfaction.

8. Under the banner "about us" that appears on the LegalZoom website, LegalZoom states:

> LegalZoom was founded by attorneys who have worked at some of the most prestigious law firms in the country. We have used our expertise to simplify the law and make it accessible for everyone.
>
> When we started practicing law, our friends and family members immediately asked us for help with common legal matters like drafting a will, incorporating a business or filing a small claims action. We found that while many people have legal needs, most of them don't want to spend the time, or the money (over $266 per hour), to see an attorney.
>
> That's why we created LegalZoom -- to help you quickly and affordably create estate planning documents, start a business, register a trademark and more -- from the convenience of your home or office.
>
> To make LegalZoom the best legal document service on the web, we assembled a team of legal experts, including retired judges and law school professors. All of our forms were developed by experienced attorneys, so you can be sure that our documents are dependable.
>
> Most importantly, we are always thinking about you, our customer. Our satisfaction guarantee is second to none, and our helpful customer service representatives are available by phone.
>
> Thank you for visiting LegalZoom. We look forward to helping you with your legal needs.

9. Once customers choose a document type, they complete an online questionnaire that LegalZoom uses to generate a final legal document.

10. Through its online questionnaire, LegalZoom obtains information from its customers that it utilizes in the preparation of legal documents.

11.    LegalZoom has been investigated by the North Carolina State Bar related to complaints that it was practicing law without a license. In May 2008, the North Carolina State Bar's Unauthorized Practice Committee summarized the charges and LegalZoom's business model as follows:

> Among the documents LegalZoom prepares or offers to prepare are articles of incorporation, wills, trusts, divorce pleadings, and deeds. LegalZoom represents that it prepares the articles of incorporation and 'customized bylaws and resolutions' for its business formation customers. The legal documents are prepared through LegalZoom's website where, once the customer purchases the service, the customer is presented a questionnaire that the customer completes online. LegalZoom transcribes the responses onto a form template that LegalZoom has determined appropriate for the customer's legal document and in a form or manner determined by LegalZoom or through software developed by or on behalf of LegalZoom. The customer is presented with a finished document that is represented to be legally sufficient for the customer's needs without review or edit and has [not] been approved by an attorney.

12.    The Committee sent LegalZoom a cease-and-desist letter and finding there was no doubt that LegalZoom's actions constitute the practice of law.

13.    Plaintiff Janson saw one or more of LegalZoom's ads and decided to use its services for a Last Will and Testament. Within a short time, Plaintiff Janson received a Will via e-mail and regular U.S. Mail. Attached to his Will, Plaintiff Janson also received a letter from LegalZoom giving him information about his "*customized* Last Will & Testament." (emphasis added). In exchange for the preparation of his Will, LegalZoom charged and Plaintiff Janson paid LegalZoom the sum of $121.95 for the preparation of his Will.

14.    LegalZoom's transmittal documents give instructions to Plaintiff Janson about how he can modify his Will. LegalZoom specifically advises Plaintiff Janson, "With LegalZoom, if you return to revise your Will, we will automatically *create* a new will for you." (emphasis

added). LegalZoom informed Plaintiff Janson of the effect of "Payable Upon Death Accounts and Joint Property" and how such designations would affect instructions Plaintiff left in his Will.

15.    In January 2008, Plaintiffs Ardrey and Ferrell sought to form a Missouri limited liability company. In late January 2008, Plaintiffs Ardrey and Ferrell contacted LegalZoom via its website, LegalZoom.com. At the request of Plaintiffs Ardrey and Ferrell, LegalZoom prepared the Articles of Organization of Plaintiff C & J Remodeling. In exchange for the preparation of the entity-formation documents, LegalZoom charged and Plaintiffs Ardrey, Ferrell and C & J Remodeling paid LegalZoom approximately $249.

16.    LegalZoom is neither a duly licensed attorney nor a professional corporation, limited liability company, or limited liability partnership authorized to engage in the practice of law or do the law business in the state of Missouri.

17.    Section 484.010.1, RSMo., provides that the "practice of law" is "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies."

18.    Section 484.010.2, RSMo., provides that the "law business" is "the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever."

19.     Section 484.020.1, RSMo, provides that, "No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership, limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, RSMo, a limited liability company organized and registered pursuant to the provisions of chapter 347, RSMo, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, RSMo, engage in the practice of the law or do law business as defined in section 484.010, or both."

20.     Section 484.020.2, RSMo, provides that the criminal penalty for the unlawful practice of law shall be a misdemeanor, and the civil penalty shall be that the perpetrator "shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company, or corporation paying the same within two years from the date the same shall have been paid.

21.     As set forth in detail below, LegalZoom has engaged and continues to engage in the unlawful practice of law in the State of Missouri, and is therefore subject to suit for treble the amount of fees paid to it.

## CLASS-ACTION ALLEGATIONS

22.     Plaintiffs bring this action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and Section 407.025.2 RSMo. on behalf of themselves and the following proposed Plaintiffs' Class: All persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present.

23.    The proposed Plaintiffs' Class consists of hundreds and possibly thousands of individuals and/or entities and, therefore, is so numerous that joinder is impracticable.

24.    Plaintiffs' claims are typical of the proposed Plaintiffs' Class because Plaintiffs and all members of the proposed Plaintiffs' Class have sustained damages as a result of LegalZoom drawing, procuring of, and/or assisting with the drafting of papers, documents, and instruments affecting the secular rights of the Plaintiffs without first obtaining a license to practice law in the state of Missouri.

25.    There are numerous questions of law and fact common to the class that predominate over any questions affecting only individual class members, including but not limited to the following:

a.    whether LegalZoom charged fees to Missouri customers for the preparation of legal documents;

b.    whether LegalZoom's preparation of legal documents for a fee constitutes the practice of law or doing of the law business as those terms are used in Section 484.020.1, RSMo;

c.    whether LegalZoom's preparation of legal documents for a fee is a deception and unfair practice in connection with the sale of merchandise in trade or commerce, as those terms are used and defined in the Missouri Merchandising Practices Act, Section 407.010 *et seq.*, RSMo;

d.    whether LegalZoom should be enjoined from continuing to operate its business in the state of Missouri; and

e.    whether LegalZoom acted with sufficient malice to justify the imposition of punitive damages.

26.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have no claims antagonistic to those of the class. Plaintiffs have retained competent and experienced counsel in complex class actions, mass tort and complex commercial litigation. Counsel is committed to the vigorous prosecution of this action.

27.    The prosecution of separate actions by the Plaintiff and individual members of the class against LegalZoom would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

28.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. No unusual difficulties are anticipated in the management of this case as a class action.

29.    The expense and burden of litigation would substantially impair the ability of the class members to pursue individual cases to protect their rights given the relatively small amount of each individual claim. In the absence of a class action, LegalZoom will continue to improperly and possibly illegally perform services for valuable consideration that are considered illegal within the state of Missouri.

30.    Class certification under Rule 52.08(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of other class members not parties to the adjudications.

31.    Class certification under Rule 52.08(b)(2) is appropriate because LegalZoom has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that LegalZoom has continued to carry on a business that is improper and possibly illegal in the state of Missouri.

32.     Class certification under Rule 52.08(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

33.     Class certification is also appropriate pursuant to Missouri law because LegalZoom has acted and/or refused to act on grounds generally applicable to Plaintiff and the class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I – UNLAWFUL PRACTICE OF LAW

34.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 33.

35.     Plaintiffs paid LegalZoom for the preparation of legal documents through LegalZoom's website at www.legalzoom.com.

36.     LegalZoom is neither a duly licensed attorney nor a professional corporation, limited liability company, or limited liability partnership authorized to engage in the practice of law or do law business in the state of Missouri.

37.     By accepting valuable consideration for the preparation of legal documents, LegalZoom violated Missouri law in that it engaged in the unauthorized practice of law and specifically carried on a "law business" as that term is defined in Missouri statutes. *See*, §484.010.2 RSMo.

38.     Pursuant to § 484.020.2 RSMo., a party that engages in the unauthorized practice of law is liable for three times the fee paid as a penalty for the unlawful practice of law or the doing of the law business.

39. Plaintiffs and the Plaintiffs' Class are entitled to receive three times the amount of the fees paid to LegalZoom for the preparation of legal documents for the period of December 18, 2007 to the present.

WHEREFORE, Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling, LLC, individually, and on behalf of each member of the proposed Plaintiffs' Class, pray the Court grant the following relief:

a. Enter an order certifying this action as a plaintiffs' class action, and appointing the named Plaintiffs as representatives of the Plaintiffs' Class;

b. Enter an order appointing Bartimus, Frickleton, Robertson & Gorny and Butsch Simeri Fields LLC as co-lead counsel for the Plaintiffs' Class, and appointing Cook, Vetter, Doerhoff & Landwehr, PC, Randal O. Barnes & Associates, and Steven E. Dyer as associate counsel for the Plaintiffs' Class;

c. Enter judgment in favor of Plaintiffs and the Plaintiffs' Class, and against LegalZoom, for actual damages in the sum of the fees charged to the Plaintiffs and each member of the Plaintiffs' Class;

d. Enter judgment in favor of Plaintiffs and the members of the Plaintiffs' Class and against LegalZoom, for treble damages in the sum of three times the fees charged to the named Plaintiffs and each member of the Plaintiffs' Class within two years before the date of the filing of the petition;

e. Enter judgment awarding counsel for the Plaintiffs' Class reasonable attorney fees and directing all expenses of this action be paid by LegalZoom, and to require LegalZoom to pay the costs and expenses of class notice and claim administration; and

f.     Award the Plaintiffs' Class prejudgment interest, post-judgment interest, costs, and any further and additional relief as to which it may be entitled.

## COUNT II – MONEY HAD AND RECEIVED

40.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 39.

41.     LegalZoom received money intended to be used for the benefit of Plaintiffs through the provision of legal services.

42.     The money paid by Plaintiffs was not used for their benefit because LegalZoom is not authorized to engage in the lawful practice of law in the State of Missouri.

43.     LegalZoom has not returned the money to Plaintiffs.

44.     Plaintiffs and all those similarly situated who paid LegalZoom for the preparation of legal documents without proper authorization are entitled to have their money returned to them.

WHEREFORE, Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling, LLC, individually, and on behalf of each member of the proposed Plaintiffs' Class, pray the Court grant the following relief:

a.     Enter an order certifying this action as a plaintiffs' class action, and appointing the named Plaintiffs as representatives of the Plaintiffs' Class;

b.     Enter an order appointing Bartimus, Frickleton, Robertson & Gorny and Butsch Simeri Fields LLC as co-lead counsel for the Plaintiffs' Class, and appointing Cook, Vetter, Doerhoff & Landwehr, PC, Randal O. Barnes & Associates, and Steven E. Dyer as associate counsel for the Plaintiffs' Class;

c.     Enter judgment in favor of Plaintiff and the members of the Plaintiffs' Class, and against LegalZoom, for actual damages in the sum of the fees charged to the named Plaintiffs and each member of the Plaintiffs' Class;

d.     Enter judgment awarding counsel for the Plaintiffs' Class reasonable attorney fees and directing all expenses of this action be paid by LegalZoom, and to require LegalZoom to pay the costs and expenses of class notice and claim administration; and

e.     Award the Plaintiffs' Class prejudgment interest, post-judgment interest, costs, and any further and additional relief as to which it may be entitled.

## COUNT III - MISSOURI MERCHANDISING PRACTICES ACT – MONEY DAMAGES

45.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 44.

46.     The Missouri Merchandising Practices Act was enacted to prohibit and protect persons from deceptive, fraudulent and unfair conduct.

47.     The preparation and sale of legal documents constitutes a deception or unfair practice in connection with the sale or advertisement of merchandise in trade or commerce within the meaning of Chapter 407 RSMo. *See* § 407.010(4), RSMo.

48.     LegalZoom violated the Missouri Merchandising Practices Act by falsely enticing customers through representations about the legality and validity of the services they were performing and accepting money in return from those customers. More specifically, LegalZoom suggested that its customers did not need to consult a lawyer in order to receive a variety of legal services and documents which LegalZoom provided when, in fact, Missouri law specifically prohibits anyone other than a licensed attorney from accepting money in return for preparation of legal documents. This conduct is a violation of § 407.020, RSMo.

49.     The aforementioned violations of the Missouri Merchandising Practices Act, Chapter 407 RSMo., have caused Plaintiffs substantial and ascertainable loss of money or property and other damages.

50.     Plaintiffs have been forced to hire attorneys to enforce their rights under the Missouri Merchandising Practices Act.

51.     LegalZoom's conduct in this case shows reckless disregard for its acts and is outrageous in that it knowingly violates Missouri law by practices law without a license, which subjects them to punitive damages.

WHEREFORE, Plaintiffs, individually, and on behalf of each member of the proposed Plaintiffs' Class, pray the Court grant the following relief:

a.     Enter an order certifying this action as a Plaintiffs' class action, and appointing the named Plaintiffs as representatives of the Plaintiffs' Class;

b.     Enter an order appointing Bartimus, Frickleton, Robertson & Gorny and Butsch Simeri Fields LLC as co-lead counsel for the Plaintiffs' Class, and appointing Cook, Vetter, Doerhoff & Landwehr, PC, Randal O. Barnes & Associates, and Steven E. Dyer as associate counsel for the Plaintiffs' Class;

c.     Enter judgment in favor of Plaintiff and the members of the Plaintiffs' Class, and against LegalZoom for actual damages in the sum of the fees charged to the named Plaintiffs and each member of the Plaintiffs' Class;

d.     Enter judgment in favor of Plaintiffs and the members of the Plaintiffs' Class and against LegalZoom for punitive damages in a sum sufficient to punish LegalZoom for its misconduct and to deter it from such misconduct in the future;

e.     Enter judgment awarding counsel for the Plaintiffs' Class reasonable attorney fees and directing all expenses of this action be paid by LegalZoom, and to require LegalZoom to pay the costs and expenses of class notice and claim administration; and

f.     Enter judgment awarding Plaintiffs prejudgment interest, post-judgment interest, costs, and any further and additional relief as to which they may be entitled.

## COUNT IV MISSOURI MERCHANDISING PRACTICES ACT – INJUNCTIVE RELIEF

52.     Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 51.

53.     LegalZoom continues to charge class members and other Missouri consumers for services which it is prohibited to perform.

54.     The charging of money for services which are prohibited to be performed by someone other than a licensed attorney is a violation of § 407.020, RSMo,

55.     Section 407.025 RSMo permits the Court to enter injunctive relief to stop LegalZoom's violations of the law by requiring them to stop practicing law within the state of Missouri without a valid license.

56.     Unless enjoined from doing so, LegalZoom will continue to collect money from Missouri consumers for a service that it is specifically prohibited from performing.

57.     Plaintiffs have no adequate remedy at law for the conduct that has yet to occur in that damages can only address fees that LegalZoom has already collected for the sale of its legal advice and services but cannot address LegalZoom's ongoing collection of fees for its engagement in the practice of law within the state of Missouri.

58.     Plaintiffs have no adequate remedy at law to stop the collection of such fees.

59.     Plaintiffs seek injunctive relief to relieve them and other Missouri consumers from the ongoing burden of paying LegalZoom for services that it is prohibited from charging under Missouri law.

WHEREFORE, Plaintiffs, individually, and on behalf of each member of the proposed Plaintiffs' Class, pray the Court grant the following relief:

a.     Enter an order certifying this action as a Plaintiffs' class action, and appointing the named Plaintiffs as representatives of the Plaintiffs' Class;

b.     Enter an order appointing Bartimus, Frickleton, Robertson & Gorny and Butsch Simeri Fields LLC as co-lead counsel for the Plaintiffs' Class, and appointing Cook, Vetter, Doerhoff & Landwehr, PC, Randal O. Barnes & Associates, and Steven E. Dyer as associate counsel for the Plaintiffs' Class;

c.     Enter a permanent injunction against LegalZoom enjoining LegalZoom from practicing law or doing the law business in the State of Missouri;

d.     Enter judgment awarding counsel for the Plaintiffs' Class reasonable attorney fees and directing all expenses of this action be paid by LegalZoom, and to require LegalZoom to pay the costs and expenses of class notice and claim administration; and

e.     Enter judgment awarding the Plaintiffs' Class costs, and any further and additional relief as to which they may be entitled.

_[signature]_

Timothy Van Ronzelen, #44382
Matthew A. Clement, #43833
Kari A. Schulte, #57739
COOK, VETTER, DOERHOFF &
LANDWEHR, PC
231 Madison
Jefferson City, Missouri 65101
Telephone: 573-635-7977
Facsimile: 573-635-7414
tvanronzelen@cvdl.net
mclement@cvdl.net
kschulte@cvdl.net

and

Edward D. Robertson, Jr., # 27183
Mary Doerhoff Winter, # 38328
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY
715 Swifts Highway
Jefferson City, MO 65109
Telephone: 573-659-4454
Facsimile: 573 659-4460
chiprob@earthlink.net
marywinter@earthlink.net

Randall O. Barnes, #39884
RANDALL O. BARNES & ASSOCIATES
219 East Dunklin Street, Suite A
Jefferson City, Missouri 65101
Telephone: 573-634-8884
Facsimile: 573-635-6291
rbarnesjclaw@aol.com

David T. Butsch, # 37539
James J. Simeri, #52506
BUTSCH SIMERI FIELDS LLC
231 S. Bemiston Ave., Ste. 260
Clayton, MO 63105
Telephone: 314-863-5700
Facsimile: 314-863-5711
butsch@bsflawfirm.com
simeri@bsflawfirm.com

Steven E. Dyer, #45397
LAW OFFICES OF STEVEN DYER
10850 Sunset Office Drive, Ste. 300
St. Louis, MO 63127
Telephone: 314-898-6715
jdcpamba@gmail.com

Attorneys for Plaintiffs

# FILED

JAN - 4 2010

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI



# Facsimile Cover

**Bryan Cave LLP**

Riverview Office Center

221 Bolivar Street

Jefferson City, MO 65101-1574

Tel (573) 556-6620

Fax (573) 556-6630

www.bryancave.com

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE and (b) is intended for the use of the Addressee(s) named below. If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited. If you have received this facsimile in error, please telephone us immediately and mail the facsimile back to us at the address to the right. Thank you.

| | | | |
|---|---|---|---|
| Date: | January 4, 2009 | Matter: | N004127 |
| From: | Linda Armstrong | | |
| Tel: | (573) 556-6623 | | |
| To: | **Julie (Copies)** | Phone Number: | (573) 634-9151 |

Message:

Julie:

Here is the formal request for the petition in the Todd Jansen v. Legalzoom, Inc. case, no. 09AC-CC00737. Please call me when copied and inform me of the cost and I'll come over and pay with exact cash. Or, if possible, fax the case to 573-556-7443, and bill me via the mail. I need this petition as quickly as possible. Thank you in advance.

Linda Armstrong
573.556.6623

---

To Sender:

Do you wish to be contacted when fax is sent?      ☐ Yes    ☒ No

Do you wish to be contacted at your home/office if fax      ☒ Yes    ☐ No
cannot be sent within one hour?      Tel:

---

Fax Number: 573-635-0796              Number of Pages Including Cover: 1

If all pages are not received, please call (573) 556-6620.

Complete
01-04-10 JB

# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI



| Judge or Division:<br>PATRICIA S JOYCE | Case Number: 09AC-CC00737 |
|---|---|
| Plaintiff/Petitioner:<br>TODD JANSON | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY WILLIAM VAN RONZELEN<br>COOK VETTER DOERHOFF LANDWEHR<br>ATTORNEYS AT LAW<br>231 MADISON STREET<br>**vs.** JEFFERSON CITY, MO 65101 |
| Defendant/Respondent:<br>LEGALZOOM INC | Court Address:<br>301 E High<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**FILE COPY**

The State of Missouri to: **LEGALZOOM INC**
               **Alias:**
**UNITED STATES CORPORATION AGENTS**
**INC**
**1521 CONCORD PIKE 202**
**WILMINGTON, DE 19803**

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12-18-09_____        _____
       Date                             Clerk

*COLE COUNTY*

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                    Date                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**FILED**

DEC 1 7 2009

BRENDA A. UMSTATTD
CLERK CIRCUIT COURT
COLE COUNTY, MISSOURI

TODD JANSON on behalf of )
Himself and all Missourians similarly )
Situated, )
)
     Plaintiff )
)
     vs. ) Case No. 09AC-CC00737
)
LEGALZOOM, INC., )
)
     Defendant )
)
SERVE AT: )
United States Corporation Agents, Inc. )
1521 Concord Pike #202 )
Wilmington, Delaware 19803 )

## CLASS ACTION PETITION

Comes Now, plaintiff, Todd Janson, on behalf of himself and all other similarly situated Missouri consumers of LegalZoom, by and through counsel, and for his Petition, states as follows:

1.   Plaintiff Todd Janson is a resident of Missouri who is an individual and who was a consumer of LegalZoom.

2.   Defendant LegalZoom (hereinafter "LegalZoom") is a Delaware corporation which does business in Missouri and in Cole County.

## FACTS COMMON TO ALL COUNTS

3.   LegalZoom is a corporation that offers services that are normally provided by attorneys through its web site. LegalZoom advertises throughout the United States, and in Missouri, using the internet, television and radio ads.

4.     Through its advertisements, LegalZoom encourages customers to go to its web site, www.legalzoom.com, where customers, for a fee, are offered a variety of customized legal services, including, but not limited to the drafting of wills, trusts, corporation documents, intellectual property filings, and divorce pleadings.

5.     Once customers choose a document type, they complete an online questionnaire which LegalZoom uses to generate a final legal document affecting the customer's legal rights.

6.     Through its online questionnaire, LegalZoom guides and advises its customers on their particular legal needs.

7.     In its advertisements, LegalZoom encourages customers that they can avoid paying expensive attorney fees and use their web site for wills, incorporation documents, trusts, and other legal documents for a limited fee.

8.     LegalZoom has been the subject of investigation by the North Carolina State Bar related to complaints that it was practicing law without a license. In May 2008, the North Carolina State Bar's Unauthorized Practice Committee summarized the charges and LegalZoom's business model as follows:

> "Among the documents LegalZoom prepares or offers to prepare are articles of incorporation, wills, trusts, divorces pleadings, and deeds. LegalZoom represents that it prepares the articles of incorporation and 'customized bylaws and resolutions' for its business formation customers. The legal documents are prepared through LegalZoom's website where, once the customer purchases the service, the customer is presented a questionnaire that the customer completes online. LegalZoom transcribes the responses onto a form template that LegalZoom has determined appropriate for the customer's legal document and in a form or manner determined by LegalZoom or through software developed by or on behalf of LegalZoom. The customer is presented with a finished document that is represented to be legally sufficient for the

customer's needs without review or edit and has [not] been approved by an attorney."

9. The Committee sent LegalZoom a cease and desist letter and found that there was no doubt that LegalZoom's actions constitute the practice of law.

10. Plaintiff had seen one or more of LegalZoom's ads and decided to use its services for a Last Will and Testament. Plaintiff paid LegalZoom $121.95 for the preparation of his Will, and the advice and instructions from LegalZoom.

11. Within a short time, Plaintiff received a Will via e-mail and regular U.S. Mail. Attached to his Will, Plaintiff also received a letter from LegalZoom giving him information about his "*customized* Last Will & Testament." (emphasis added.) A copy of this document is attached hereto as Exhibit 1. The letter provides Plaintiff with various pieces of legal advice including advice on appointing legal guardians for his children, the use of testamentary trusts, and the responsibilities of an executor.

12. LegalZoom's transmittal documents attached hereto as Exhibit 1 give instructions to Plaintiff about how he can modify his Will. LegalZoom specifically advises Plaintiff, "With LegalZoom, if you return to revise your Will, we will automatically *create* a new will for you." (emphasis added).

13. Finally, LegalZoom informed Plaintiff of the effect of "Payable Upon Death Accounts and Joint Property" and how such designations would affect instructions Plaintiff left in his Will. See, Exhibit 1.

14. LegalZoom is neither a duly licensed attorney nor a professional corporation, limited liability company, or limited liability partnership authorized to engage in the practice of law or do law business in the state of Missouri.

15. Section 484.010.1, RSMo., provides that the "practice of law" is "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies."

16. Section 484.010.2, RSMo., provides that the "law business" is "the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever."

17. Section 484.020.1, RSMo, provides that, "No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership, limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, RSMo, a limited liability company organized and registered pursuant to the provisions of chapter 347, RSMo, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, RSMo, engage in the practice of the law or do law business as defined in section 484.010, or both."

18. Section 484.020.2, RSMo, provides that the criminal penalty for the unlawful practice of law shall be a misdemeanor, and the civil penalty shall be that the perpetrator "shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company, or corporation paying the same within two years from the date the same shall have been paid."

19. As set forth in detail below, defendant LegalZoom has engaged and continues to engage in the unlawful practice of law in the state of Missouri, and is therefore subject to suit for treble damages of the amount paid to it.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Missouri Rule of Civil Procedure 52.08 on behalf of himself and other Missouri consumers who have used LegalZoom within the past ten years to obtain legal advice and then receive legal documents based on the facts provided by the consumers.

21. Plaintiff is a member of the class he seeks to represent.

22. The class that Plaintiff seeks to represent consists of hundreds and possibly thousands of individuals and, therefore, is so numerous that joinder is impracticable.

23. Plaintiff's claims are typical of the claims of the class because Plaintiff and all members of the class have sustained damages as a result of LegalZoom drawing, procuring of, and assisting with the drawing of papers, documents, and instruments affecting the property rights of the plaintiffs without first obtaining a license to practice law in the state of Missouri.

24. There are numerous questions of law and fact common to the class which

predominate over any questions affecting only individual class members, including but not limited to the following:

    a.    whether LegalZoom is engaged in the practice of law in violation of Missouri law;

    b.    whether LegalZoom's advertisements and business practices violate the Missouri's Merchandising Practices Act, Chapter 407 RSMo;

    c.    whether LegalZoom should be enjoined from continuing to operate its business in the state of Missouri.

25.    All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

26.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has no claims antagonistic to those of the class. Plaintiff has retained competent and experienced counsel in complex class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

27.    The prosecution of separate actions by the Plaintiff and individual members of the class against LegalZoom would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

28.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

29.    The expense and burden of litigation would substantially impair the ability of the class members to pursue individual cases to protect their rights. In the absence of a class action, LegalZoom will continue to improperly and possibly illegally perform services for

valuable consideration that are considered illegal within the state of Missouri.

30.    Class certification under Rule 52.08(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

31.    Class certification under Rule 52.08(b)(2) is appropriate because LegalZoom has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that LegalZoom has continued to carry on a business that is improper and possibly illegal in the state of Missouri.

32.    Class certification under Rule 52.08(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

33.    Class certification is also appropriate pursuant to Missouri law because, as set forth in the Petition, LegalZoom has acted and/or refused to act on grounds generally applicable to Plaintiff and the class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I – UNLAWFUL PRACTICE OF LAW

34.    Plaintiff incorporates by reference the allegations made in paragraphs 1 through 33 as more fully set forth above for paragraph 34.

35.    On or about November 19, 2009, Plaintiff entered into a contract with the defendant for the advising and counseling in the drawing of papers, documents, and

instruments affecting and relating to secular rights and for the obtaining and securing of a Last Will and Testament through the defendant's website at www.legalzoom.com.

36. Through the defendant's website, Plaintiff answered an extensive questionnaire used by the defendant to determine plaintiff's legal needs.

37. The defendant used Plaintiff's answers to its questionnaire to advise, counsel and draw up documents affecting Plaintiff's rights and the rights of Plaintiff's heirs and assigns.

38. In consideration of the defendant's services, Plaintiff paid valuable consideration of $121.95 for the provision of legal services related to the creation of estate planning documents and tools.

39. The defendant is neither a duly licensed attorney nor a professional corporation, limited liability company, or limited liability partnership authorized to engage in the practice of law or do law business in the state of Missouri.

40. By accepting $121.95 for the drafting of Plaintiff's Last Will and Testament, a true and accurate copy of which is attached hereto, defendant violated Missouri law in that it engaged in the unauthorized practice of law and specifically carried on a "law business" as that term is defined in Missouri statutes. See, §484.010.2 RSMo.

41. A violation of § 484.010.2 RSMo. provides that a party found to have improperly engaged in the unauthorized practice of law must pay the party it improperly charged three times the amount it received as consideration for the practice of law.

42. Therefore, Plaintiff, and those similarly situated are entitled to receive three times the amount of consideration paid to defendant within the last two years due to the defendant's unauthorized practice of law.

## COUNT II – MONEY HAD AND RECEIVED

43.   Plaintiff restates the allegations contained in paragraphs 1through 42 above for paragraph 43.

44.   Defendant received money intended to be used for the benefit of Plaintiff through the provision of legal services.

45.   The money paid by Plaintiff was not used for his benefit because the defendant is not capable of engaging in the lawful practice of law.

46.   The defendant has not returned the money to Plaintiff.

47.   Therefore, Plaintiff and all those similarly situated who paid defendant for legal services or for the preparation of legal documents without proper authorization are entitled to have their money returned to them.

## COUNT III

## MISSOURI MERCHANDISING PRACTICES ACT – MONEY DAMAGES

48.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 47 above for paragraph 48.

49.   The Missouri Merchandising Practices Act was enacted to prohibit and protect persons from deceptive, fraudulent and unfair conduct.

50.   A sale of services enabling users access to legal documents and legal services constitutes "merchandise" within the meaning of Chapter 407 RSMo. See, § 407.010(4), RSMo.

51.   Defendant violated the Missouri Merchandising Practices Act by falsely enticing customers through representations about the legality and validity of the services they were performing and accepting money in return from those customers.  More specifically,

defendant suggested that its customers did not need to consult a lawyer in order to receive a variety of legal services and documents which defendant provided when, in fact, Missouri law specifically prohibits anyone other than a licensed attorney from accepting money in return for the drafting of the documents which defendant produced. Such conduct is a violation of § 407.020, RSMo.

52. The aforementioned violations of the Missouri Merchandising Practices Act, Chapter 407 RSMo., have caused Plaintiff substantial and ascertainable loss of money and/or property and other damages.

53. Plaintiff has been forced to hire attorneys to enforce his rights under the Missouri Merchandising Practices Act.

54. Defendant's conduct in this case shows reckless disregard for its acts and is outrageous in that it knowingly violates Missouri law by practices law without a license.

## COUNT IV
## MISSOURI MERCHANDISING PRACTICES ACT – INJUNCTIVE RELIEF

55. Plaintiff hereby incorporates and adopts by reference each and every allegation set forth in paragraphs 1 through 54 of the Petition for paragraph 55.

56. Defendant continues to charge class members and other Missouri consumers every day for services which it is prohibited to perform.

57. The charging of money for services which are prohibited to be performed by someone other than a licensed attorney is a violation of § 407.020, RSMo, as pleaded in Count III.

58. Section 407.025 RSMo permits the Court to enter injunctive relief to stop defendant's violations of the law by requiring them to stop practicing law within the state of Missouri without a valid license.

59. Unless enjoined from doing so, LegalZoom will continue to collect money from Missouri consumers for a service that it is specifically prohibited from performing.

60. Plaintiff has no adequate remedy at law in that damages can only address fees that LegalZoom has already collected for the sale of its legal advice and services but cannot address LegalZoom's ongoing collection of fees for its engagement in the practice of law within the state of Missouri.

61. Plaintiff has no adequate remedy at law to stop the collection of such fees. Plaintiff seeks injunctive relief to relieve him and other Missouri consumers from the ongoing burden of paying LegalZoom for services that it is prohibited from charging under Missouri law.

WHEREFORE, Plaintiff on behalf of himself and the Class seeks the following relief:

A.   Damages in the amount of the money paid to LegalZoom for its services by Missouri consumers times three as provided by Missouri statute,

B.   Damages for Plaintiff and the Class in the amount of the money they paid LegalZoom for the preparation of legal documents and the provision of legal advice in violation of the Missouri Merchandising Practices Act,

C.   An order of this Court enjoining the collection by LegalZoom of any monies from Missouri consumers for the use of its web site to prepare and disseminate legal documents,

D.   Attorneys fees as permitted by either the common law, § 407.025, or equity,

E.   Punitive damages in an amount sufficient to punish and deter defendant and others similarly situated from engaging in similar behavior in the future,

F.   Prejudgment interest in the statutory amount for a written contract,

G.   All costs of this action recovery for which is permitted by law, and

H.   Such other and further relief as the Court deems proper.

Respectfully Submitted;

Timothy Van Ronzelen, #44382
Matthew A. Clement,    #43833
Kari A. Schulte, #57739
COOK, VETTER, DOERHOFF & LANDWEHR, PC
231 Madison
Jefferson City, Missouri, 65101
Telephone: 573-635-7977
Facsimile: 573-635-7414
tvanronzelen@cvdl.net
kschulte@cvdl.net
mclement@cvdl.net

Randall O. Barnes    #39884
Randall O. Barnes & Associates
219 East Dunklin Street, Suite A
Jefferson City, Missouri 65101
Telephone: 573-634-8884
Facsimile: 573-635-6291
rbarnesjclaw@aol.com

Edward D. Robertson, Jr. # 27183
Mary Doerhoff Winter  # 38328
Bartimus, Frickleton, Robertson & Gorny
715 Swifts Highway
Jefferson City, MO 65109
(573)659-4454
(573) 659-4460 (fax)
chiprob@earthlink.net
marywinter@earthlink.net

ATTORNEYS FOR PLAINTIFF

November 19, 2009



Todd Janson
299 Romaine Spring View
Fenton, MO 63026

Order #6659502

Dear Todd Janson:

Thank you for ordering your Last Will & Testament from LegalZoom. Your customized
Last Will & Testament is enclosed.

Your customized Last Will & Testament Package includes the following documents:

- **Last Will and Testament:** This document details your will in distribution of
  assets and naming of guardians for your minor children. It should be signed in all
  applicable places and dated by you in front of two (2) witnesses. All of the
  witnesses should watch you sign the Will. The following persons should NOT be
  used as a witness:

    o Your spouse or children
    o Any person who will receive anything or benefit from the Will
    o Any person under 18 years old

- **Self-Proving Affidavit:** This document is <u>optional</u>. It does not have to be
  signed, notarized or used in order to make the Last Will and Testament itself
  valid. Instead, it simply eliminates the need to have your witnesses testify during
  the probate process that they saw you sign the Will. If you choose to use it, sign
  the Self-Proving Affidavit in the presence of the same two witnesses and a notary
  public, and then attach it to the Will. Please note, the notary cannot serve as a
  witness.

EXHIBIT

*1*

- **Statement of Interment:** This document details your wishes regarding the disposition of your remains. It should be signed and dated by you in front of two (2) witnesses. You may use the same witnesses as with the Last Will and Testament.

For your convenience, along with your Last Will & Testament document, your package includes some useful guides and a property worksheet:

- Guide to Your Last Will and Testament: LegalZoom has prepared this guide to assist you with your next steps and help you plan and organize your estate.
- Guide to Notarizing Your Documents: This guide is intended to help you understand more about the Notary Public and notarization requirements.
- Executor's Guide: Give this guide to your Executor to ensure your estate is properly handled.
- Guardian's Guide: Give this guide to the nominated Guardian of your children to help him or her make the right decisions.
- Property Worksheet: Use this worksheet to manage your assets and liabilities

Finding a Notary Public. The primary duty of a notary public is to acknowledge signatures on a document - to ensure that the signer's identity, signature, and reasons for signing such instruments are genuine. You can usually find a notary at your bank or at most UPS Stores. We strongly recommend you contact the notary in advance to ensure that they will sign the document. Some notaries may refuse to notarize unfamiliar documents or documents that they did not create.

Storing your Will. The original of the Will should be kept in a secure location such as a safe deposit box. Copies should be kept in a safe place, such as your home or office, for your personal reference.

Important information about retrieving your Will. We take our customer's privacy very seriously. For that reason, *only you* can retrieve a copy of your Last Will and Testament from LegalZoom. If you would like others to have access to your Will, please be sure to give them copies of your signed and executed Will or provide them instructions on how to access the original copy that you have kept.

Modifications to the Will. In most states, a Will cannot be legally changed by simply adding, deleting or modifying the existing document, including writing on it or crossing things out. Generally, the best way to keep your Will up to date and legally valid is to make a new Will. With LegalZoom, if you return to revise your Will, we will automatically create a new Will for you. Some reasons to make a new Will are a change

2

in marital status, birth of a child, a move to another state, the death of a beneficiary, or the death of your named guardian or executor.

If you would like to make revisions to your Will or any other LegalZoom estate planning document, go to www.legalzoom.com and click on the "My Account" link at the top of the home page. Then enter the email address and password you used when you originally placed your order. Clicking the "Revise Order" link will allow you to access your previously completed questionnaire. If you need further assistance with making your revisions, please call us at 1-888-821-6153.

Payable Upon Death Accounts and Joint Property.  Bank, brokerage, life insurance and other financial accounts often allow you to name a beneficiary if you pass away.  This often supersedes the instructions in your Last Will.  Please take the time to review any beneficiaries you've directly designated in your financial accounts to see if they match your overall objectives.  You should also review any property and assets that are held jointly with another person.

Thank you again for choosing LegalZoom.  We look forward to serving your legal document needs in the future.  If you should have any questions concerning your document, please contact us at customersupport@legalzoom.com or call 1-800-773-0888.

Sincerely,

*The LegalZoom Team*

3