IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, GERALD T. ARDREY, CHAD M. FERRELL, and C & J REMODELING, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC.,<br><br>Defendant. | Case No. 2:10-cv-04018-NKL |

**SUGGESTIONS IN SUPPORT OF**
**UNOPPOSED MOTION TO FILE DOCUMENT UNDER SEAL**

Defendant LegalZoom, Inc. ("LegalZoom"), respectfully requests that the Court grant LegalZoom leave to file under seal the Declaration of Edward R. Hartman submitted as a separate part of LegalZoom's Notice of Removal ("Hartman Declaration on Removal"). The Hartman Declaration on Removal contains proprietary trade secrets and confidential commercial information. Counsel for Plaintiffs does not oppose this Motion.

On December 17, 2009, Plaintiff Todd Janson commenced this action by filing a petition against LegalZoom in the Circuit Court of Cole County, Missouri, captioned *Todd Janson on behalf of Himself and all Missourians similarly Situated v. LegalZoom, Inc.*, No. 09AC-CC00737. On January 15, 2009, Mr. Janson and additional Plaintiffs Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC filed an Amended Class-Action Petition captioned *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC, on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, No. 09AC-CC00737 ("Amended Petition"). In the Amended Petition, Plaintiffs seek to represent a class consisting of

1

"[a]ll persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present."

On February 5, 2010, LegalZoom timely removed the case to this Court. This Court has jurisdiction over the Amended Petition pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

On February 3, 2010, Edward R. Hartman, LegalZoom's Chief Strategy Officer, executed the Hartman Declaration on Removal, in which he provided, based on personal knowledge, information demonstrating that the amount in controversy over the five-year period applicable to the case exceeds the $5,000,000 required by CAFA, and that the number of Missouri residents who paid fees to LegalZoom over that period exceeds the 100 represented persons required by CAFA. *See* Attached Declaration of Edward R. Hartman in Support of Motion to File Document under Seal ("Hartman Declaration on Confidentiality") ¶¶ 2, 4.

LegalZoom is a privately-held company that does not publicly report its sales figures. Hartman Declaration on Confidentiality ¶ 5. LegalZoom's sales figures, including state-by-state sales figures and the particular sales figures for any given state, including the State of Missouri, are proprietary and confidential to LegalZoom and constitute LegalZoom's trade secrets and confidential commercial information. *Id.*

LegalZoom guards sales figures carefully and does not disclose this information publicly. *Id.* Even within LegalZoom, access to this information is restricted to a limited number of employees. *Id.* This information is of significant competitive value to LegalZoom, and public disclosure of this information, particularly state-specific sales figures, would be of significant value to LegalZoom's competitors in determining how to position themselves geographically to compete with LegalZoom. *Id.*

The U.S. Supreme Court and the Eighth Circuit Court of Appeals have both acknowledged that "'[c]onfidential business information has long been recognized as property,'" and that therefore the "'[p]ublic disclosure of trade secrets extinguishes the owner's property rights.'" *In re Remington Arms Co., Inc*., 952 F.2d 1029, 1032 (8th Cir. 1991) (quoting *Carpenter v. United States*, 484 U.S. 19, 26, 108 S. Ct. 316, 320, 98 L.Ed.2d 275 (1987), *Ruckelshaus v. Monsanto Co*., 467 U.S. 986, 1002, 104 S. Ct. 2862, 2872, 81 L.Ed.2d 815 (1984)).

Federal Rule of Civil Procedure 26(c)(1)(G) empowers the district court to protect trade secrets and other proprietary and confidential commercial information from disclosure to third parties, providing for protective orders, "for good cause," which may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). If the information is determined to be confidential, the court may "limit the persons who are given access to the trade secrets." *In re Remington Arms Co., Inc*., 952 F.2d at 1033.

Among the ways such information is protected is to permit it to be filed under seal. *Sendi v. Prudential-Bache Securities*, 100 F.R.D. 21, 23 (D.D.C. 1983) ("[T]o protect the privacy and confidentiality interest accorded tax returns, copies of the tax returns shall be filed under seal in this case and no disclosure shall be made of the contents thereof except in the litigation of this case, and even then, any contents reflected in pleadings or memoranda shall also be under seal."); *Standard & Poor's Corp. Inc. v. Commodity Exchange, Inc*., 541 F. Supp. 1273, 1277–78 (S.D.N.Y. 1982) (trade secrets submitted in connection with motion for preliminary injunction would be held under seal).

The courts of Missouri and the federal courts identify similar factors in assessing whether commercial information is entitled to protection. In *A.B. Chance Co. v. Schmidt*, 719 S.W.2d 854 (Mo. Ct. App. 1986), the court held that

> '[s]ome factors to be considered in determining whether given information is one's trade secret are: (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.'

719 S.W.2d at 858 (quoting Restatement of Torts § 757(b), cmt. b). *See also State ex rel. Blue Cross and Blue Shield of Missouri v. Anderson*, 897 S.W.2d 167, 170 (Mo. Ct. App. 1995) ("In applying the federal rule the courts have generally adopted the following criteria for determining whether information is a trade secret: '(1) the extent to which the information is known outside of the business; (2) the extent to which the information is known to those involved in the business; (3) the extent of the measures taken to guard the secrecy of the information; [and] (4) the value of the information to the business and its competitors.'") (citations omitted).

The Hartman Declaration on Confidentiality demonstrates that these conditions are met in the present case. As set forth above, LegalZoom is privately held and does not publicly report or otherwise disclose its sales figures. Sales figures for any given state are proprietary and confidential to LegalZoom and are of significant competitive value to the company. Access to the figures within LegalZoom is restricted to a limited number of employees, and any public disclosure of the information would be of significant value to LegalZoom's competitors. Hartman Declaration on Confidentiality ¶ 5.

The information contained in the Hartman Declaration on Removal therefore constitutes trade secrets and confidential commercial information. *Cf. Sprinturf, Inc. v. Southwest*

4

*Recreational Industries, Inc*., 216 F.R.D. 320, 324 (E.D. Pa. 2003) ("The defendants have demonstrated that the information contained in the enumerated documents is confidential and sensitive.  This information includes: Southwest's past and future market share, the size of future markets, the impact of plaintiffs' request for injunctive relief on Southwest's customers, and proprietary information regarding the development of Southwest's AstroPlay product line.  This information, taken together, constitutes confidential commercial information.  *See Miles* [*v. Boeing Co*.], 154 F.R.D. [112,] 114 [(E.D. Pa. 1994)] (information that reflects corporation's price competitiveness in market constitutes confidential commercial and research information under Rule 26(c)(7))."); *U.S. v. Dentsply Intern., Inc*., 187 F.R.D. 152, 159 (D. Del. 1999) (noting that disclosure to competitors of a party's "sales and marketing plans, financial forecasts, margin, pricing, cost and customer information, etc., would obviously constitute a clearly defined and serious injury" justifying protective order).

     Because counsel for Plaintiffs does not oppose the filing under seal of the Hartman Declaration on Removal, and because LegalZoom has demonstrated that the information contained in the Hartman Declaration on Removal constitutes trade secret and confidential commercial information, LegalZoom respectfully requests that the Court grant LegalZoom leave to file the Hartman Declaration on Removal under seal.

5

Dated: February 5, 2010                              Respectfully submitted,

                                                  **BRYAN CAVE LLP**

                                                  By: /s/ John Michael Clear

John Michael Clear
Michael G. Biggers
James R. Wyrsch
One Metropolitan Square – Suite 3600
211 North Broadway
St. Louis, MO  63102
Telephone:     (314) 259-2000
Facsimile:      (314) 259-2020
jmclear@bryancave.com
mgbiggers@bryancave.com
james.wyrsch@bryancave.com

Robert M. Thompson
James T. Wicks
3500 One Kansas City Place
1200 Main Street
Kansas City, MO  64105
Telephone:     (816) 374-3200
Facsimile:      (816) 374-3300
rmthompson@bryancave.com
james.wicks@bryancave.com

ATTORNEYS FOR DEFENDANT
LEGALZOOM.COM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, the foregoing was served by overnight mail on the individuals listed below and electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

Timothy Van Ronzelen
Matthew A. Clement
Kari A. Schulte
COOK, VETTER, DOERHOFF &
LANDWEHR, PC
231 Madison
Jefferson City, MO 65101
tvanronzelen@cvdl.net
mclement@cvdl.net
kschulte@cvdl.net

David T. Butsch
James J. Simeri
Mathew R. Fields
BUTSCH SIMERI FIELDS LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
butsch@bsflawfirm.com
simeri@bsflawfirm.com
fields@bsflawfirm.com

Edward D. Robertson, Jr.
Mary Doerhoff Winter
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY
715 Swifts Highway
Jefferson City, MO 65109
chiprob@earthlink.net
marywinter@earthlink.net

Randall O. Barnes
RANDALL O. BARNES & ASSOCIATES
219 East Dunklin Street, Suite A.
Jefferson City, Missouri 65101
rbarnesjclaw@aol.com

Steven E. Dyer
10805 Sunset Office Drive, Suite 300
St. Louis, MO 63127
jdcpamba@gmail.com

/s/ John Michael Clear