# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, GERALD T. ARDREY, CHAD M. FERRELL, and C & J REMODELING LLC, on behalf of themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC.,<br><br>Defendant. | Case No. 2:10-cv-04018-NKL |

## SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE FOR IMPROPER VENUE

Defendant LegalZoom.com, Inc. ("LegalZoom") submits the following Suggestions in Support of its Motion to Dismiss Without Prejudice for Improper Venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Under the forum selection clause to which Plaintiffs assented in purchasing documents on the LegalZoom website, exclusive venue lies in the courts of the city of Los Angeles, California.

## BACKGROUND

On December 17, 2009, Plaintiff Todd Janson commenced this action by filing a Class Action Petition against LegalZoom in the Circuit Court of Cole County, Missouri, captioned *Todd Janson on behalf of Himself and all Missourians similarly Situated v. LegalZoom, Inc.*, No. 09AC-CC00737 ("Original Petition"). On January 15, 2010, Mr. Janson and additional Plaintiffs Gerald T. Ardrey, Chad M. Ferrell, and C & J Remodeling LLC filed an Amended Class-Action Petition captioned *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC,*

1

C072748/0306506/988848.2
Case 2:10-cv-04018-NKL   Document 18   Filed 02/26/10   Page 1 of 8
dockets.Justia.com

*on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, No. 09AC-CC00737 ("Amended Petition" or "Am. Petition").

In the Amended Petition, Plaintiffs seek to represent a class consisting of "[a]ll persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present." (Am. Petition ¶ 19.) On February 5, 2010, LegalZoom timely removed the action to this Court on diversity grounds pursuant to the Class Action Fairness Act, 28 U.S.C. section 1332(d).

LegalZoom's principal business is to provide an online platform for customers to prepare their own legal documents. Customers choose a product or service suitable to their needs and input data into a questionnaire. Where applicable, the LegalZoom platform then generates a document using the product and data provided by the customer. (Declaration of Edward R. Hartman in Support of Motion to Dismiss ("Hartman Declaration"), submitted with this Motion, at ¶ 3.)

Count I of the Amended Petition alleges that LegalZoom is engaged in the unlawful practice of law in violation of RSMo. section 484.010 *et seq*. (Am Petition ¶¶ 34-39.) Count II seeks money had and received. (*Id.* ¶¶ 40-44.) Count III seeks monetary damages under the Missouri Merchandising Practices Act ("MMPA"), RSMo. section 407.010 *et seq*. (Am. Petition ¶¶ 45-51.) Count IV seeks injunctive relief under the MMPA. (*Id.* ¶¶ 52-59.)

Plaintiffs' Petition acknowledges that LegalZoom conducts its business through its website, www.legalzoom.com. (Am. Petition ¶ 6.) LegalZoom conducts no business with customers outside its website. (Hartman Declaration ¶ 4.) The Amended Petition alleges that Plaintiffs purchased documents from LegalZoom through LegalZoom's website. (Am. Petition ¶¶ 13, 15.)

2

C072748/0306506/988848.2
Case 2:10-cv-04018-NKL   Document 18   Filed 02/26/10   Page 2 of 8

In the Amended Petition, Plaintiffs Ardrey, Farrell, and C & J Remodeling allege that their purchase of documents from LegalZoom was made "in late January 2008." (*Id.* ¶ 15.) In the Original Petition and an attached exhibit, Plaintiff Janson alleged that his purchase of documents from LegalZoom was made in November 2009. (Original Petition ¶¶ 10-13 and Exhibit 1 thereto.)

In both January 2008 and November 2009, the LegalZoom website's "Payment Information" page, on which customers entered their contact and shipping information, their credit card information, and any special instructions, contained a confirmation button reading "Proceed to Checkout." (Hartman Declaration ¶ 5 and Exhibit A attached thereto.) Although the webpage underwent minor cosmetic changes between January 2008 and November 2009, at all times next to the confirmation button was a legend reading "By clicking the Proceed to Checkout button, you agree to our Terms of Service." (*Id.*) The words "Terms of Service" were hyperlinked to LegalZoom's Terms of Service in effect in January 2008 and November 2009, both of which included a forum selection clause reading "I agree that California law shall govern any disputes arising from my use of this website, and that the courts of the city of Los Angeles, state of California, shall have exclusive jurisdiction over any disputes." (Hartman Declaration ¶¶ 6-7 and Exhibits B and C attached thereto.)

## ARGUMENT

Plaintiffs' use of the LegalZoom website to purchase the documents they created gave rise to a valid contract between Plaintiffs and LegalZoom. This contract incorporated the Terms of Service, including the forum selection clause, by which Plaintiffs are bound.

Courts engage in a two-tiered analysis in determining whether a forum selection clause contained in terms and conditions hyperlinked on a website is enforceable under Missouri law.

3

C072748/0306506/988848.2

Case 2:10-cv-04018-NKL   Document 18   Filed 02/26/10   Page 3 of 8

The first issue is whether a valid contract exists between the parties evincing a meeting of minds and assent to all essential terms. *Burcham v. Expedia, Inc.*, 2009 WL 586513, at *2 (E.D. Mo. Mar. 6, 2009) (citing *Volker Court, LLC v. Sante Fe Apartments, LLC*, 130 S.W.3d 607 (Mo. App. 2004)). The second issue is whether the forum selection clause is itself enforceable. *Burcham*, 2009 WL 586513 at *2.

Although "[t]he legal effect of online agreements is an emerging area of the law," courts faced with the issue "apply traditional principles of contract law and focus on whether the plaintiff had reasonable notice of and manifested assent to the online agreement." *Id.* (citing *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007); *Specht v. Netscape Comm. Corp.*, 306 F.3d 17, 28-30 (2d Cir. 2002)); *Major v. McCallister*, 2009 WL 4959941, at *1 (Mo. App. Dec. 23, 2009) (quoting *Burcham*).

"Failure to read an enforceable online agreement, 'as with any binding contract, will not excuse compliance with its terms.' . . . A customer on notice of contract terms available on the internet is bound by those terms." *Burcham*, 2009 WL 586513, at *2 (citing *Schwartz v. Comcast Corp.*, 256 Fed. Appx. 515 (3d Cir. 2007); *Pentecostal Temple Church v. Streaming Faith, LLC*, 2008 WL 4279842 (W.D. Pa. Sept. 16, 2008)).

Like the agreement on LegalZoom's website at issue here, the agreement in *Burcham* is what is known as a "clickwrap" agreement: "A customer must affirmatively click a box on the website acknowledging receipt of and assent to the contract terms before he or she is allowed to proceed using the website." *Burcham*, 2009 WL 586513, at *2.

As *Burcham* noted, "[s]uch agreements have been routinely upheld by circuit and district courts." *Id.* (citing *Specht*, 306 F.3d at 22 n.4; *A.V. v. iParadigms, LLC*, 544 F. Supp. 2d 473, 480 (E.D. Va. 2008), rev'd on other grounds, *A.V. ex rel. Vanderhye v. iParadigms, LLC*, 562

4

F.3d 630 (4th Cir. 2009); *DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003)). Thus, "[t]he user's clicking of the box operates as affirmative assent to the terms." *Burcham*, 2009 WL 586513, at *2; *Major*, 2009 WL 4959941, at *1 ("Assent is manifested expressly on clickwrap sites, usually by clicking a box or button (e.g., 'I Agree"). . . . Courts routinely enforce clickwraps.") (citations omitted).

Because LegalZoom's agreement is of the "clickwrap" variety that is routinely enforced, Plaintiffs' clicking on the "Proceed to Checkout" button — after notice that, "[b]y clicking the Proceed to Checkout button, you agree to our Terms of Service" — gave rise to a valid contract evincing Plaintiffs' agreement to be bound by LegalZoom's Terms of Service, including the forum selection clause.

As to the second issue — whether LegalZoom's forum selection clause is enforceable — "Missouri has adopted the federal standard for determining whether to enforce a forum selection clause." *Burcham*, 2009 WL 586513, at *5 (citing *Chase Third Century Leasing Co. v. Williams*, 782 S.W.2d 408, 411 (Mo. App. 1989)). Under this standard, "a forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Burcham*, 2009 WL 586513, at *4 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)); *Major*, 2009 WL 4959941, at *1 ("We should honor the forum selection clause unless it is unfair or unreasonable to do so.").

Thus, "[u]nder Missouri law 'the party resisting enforcement of [a forum selection] clause bears a heavy burden in convincing the court that he should not be held to his bargain.'" *Burcham*, 2009 WL 586513, at *5 (quoting *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 595 (Mo. App. 2000)); *Major*, 2009 WL 4959941, at *1 ("The party resisting such a clause generally bears a heavy burden to show why it should not be held to its bargain.") (citing *Burke v.*

5

*Goodman*, 114 S.W.3d 276, 279-80 (Mo. App. 2003), in turn citing *Whelan*).

In *Burcham*, the court's analysis turned on whether enforcement of the forum selection clause "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 2009 WL 586513, at *5 (quoting *Bremen*, 407 U.S. at 15). Holding that it had not been shown that that case's forum selection clause, laying venue in King County, Washington, was "unreasonable or contravene[d] a strong public policy in the State of Missouri," *id.*, the court enforced the clause and dismissed for improper venue the plaintiff's claims that Expedia's "false promises on its internet site regarding hotel amenities," *id.* at *1, constituted a violation of the MMPA.

As in *Burcham*, there is a no question that the commercial relationship between Plaintiffs and LegalZoom arose through LegalZoom's website, that Plaintiffs used the website, and that they assented to its Terms, including the forum selection clause. Like the plaintiff in *Burcham*, Plaintiffs here assert claims under the MMPA. Also as in *Burcham*, while pursuing MMPA claims in Los Angeles rather than Missouri might be inconvenient, *see Burcham*, 2009 WL 586513, at *5, enforcing the clause invokes no strong public policy because doing so does not bar the claims in any way; it simply enforces the agreement as to the forum in which the claims must be brought.[1]

---

[1] This distinguishes the Missouri Supreme Court's decision in *Huch v. Charter Comms., Inc.*, 290 S.W.3d 721 (Mo. banc 2009), in which the court held there was a strong public policy in the MMPA that prohibited application of the voluntary payment doctrine to dismiss the plaintiffs' claims with prejudice. *Id.* at 727. Application of the affirmative defense of voluntary payment, under which a person who voluntarily pays money with full knowledge of all facts and in the absence of fraud and duress cannot recover the money even though payment was made without sufficient consideration and under protest, *id.* at 726, has a far more severe impact on the public policy of the MMPA than the mere enforcement of a forum selection clause.

Enforcement of the forum selection clause to which Plaintiffs assented is not unreasonable and does not contravene any policy contained in Missouri law. Therefore, this Court should enforce the forum selection clause placing jurisdiction over all disputes arising out of Plaintiffs' use of the LegalZoom website in the courts of the city of Los Angeles, California.

## CONCLUSION

WHEREFORE, Defendant LegalZoom.com, Inc. respectfully moves the court to dismiss without prejudice Plaintiffs' Amended Petition for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

Dated: February 26, 2010

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Robert M. Thompson
    Robert M. Thompson    MO #38156
    James T. Wicks    MO #60409
    One Kansas City Place
    1200 Main Street, Suite 3500
    Kansas City, MO 64105
    Tel.: (816) 374-3200
    Fax: (816) 374-3300

    John Michael Clear    MO #25834
    Michael G. Biggers    MO #24694
    James R. Wyrsch    MO #53197
    One Metropolitan Square – Suite 3600
    211 North Broadway
    St. Louis, MO 63102
    Tel.: (314) 259-2000
    Fax: (314) 259-2020

*Attorneys for LegalZoom.com, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 26, 2010, the foregoing was electronically filed with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record.

Timothy Van Ronzelen
Matthew A. Clement
Kari A. Schulte
COOK, VETTER, DOERHOFF &
LANDWEHR, PC
231 Madison
Jefferson City, MO 65101
tvanronzelen@cvdl.net
mclement@cvdl.net
kschulte@cvdl.net

David T. Butsch
James J. Simeri
Mathew R. Fields
BUTSCH SIMERI FIELDS LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
butsch@bsflawfirm.com
simeri@bsflawfirm.com
fields@bsflawfirm.com

Edward D. Robertson, Jr.
Mary Doerhoff Winter
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY
715 Swifts Highway
Jefferson City, MO 65109
chiprob@earthlink.net
marywinter@earthlink.net

Randall O. Barnes
RANDALL O. BARNES & ASSOCIATES
219 East Dunklin Street, Suite A.
Jefferson City, MO 65101
rbarnesjclaw@aol.com

Steven E. Dyer
10805 Sunset Office Drive, Suite 300
St. Louis, MO 63127
jdcpamba@gmail.com

            /s/ Robert M. Thompson