**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **TODD JANSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-04018-CV-C-NKL** |
| | ) | |
| **LEGALZOOM.COM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ANSWER TO AMENDED CLASS-ACTION PETITION</u>**

Defendant LegalZoom.Com, Inc. ("LegalZoom") states as follows for its answer to the Amended Class-Action Petition ("Amended Petition") filed by Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell, and C & J Remodeling, LLC, on behalf of themselves and on behalf of all other similarly-situated consumers of LegalZoom.Com, Inc.

1. LegalZoom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 1 of the Amended Petition and, therefore, denies the same. LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 1 of the Amended Petition not expressly admitted herein.

2. LegalZoom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Petition and, therefore, denies the same.

3. LegalZoom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Petition and, therefore, denies the same.

4. LegalZoom admits the allegations set forth in Paragraph 4 of the Amended Petition.

## FACTS COMMON TO ALL COUNTS

5. LegalZoom denies the implication in Paragraph 5 of the Amended Petition that it performs legal services. It does advertise its services. LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 5 of the Amended Petition not expressly admitted herein.

6. LegalZoom denies the allegation in Paragraph 6 of the Amended Petition that it performs legal services. Responding to Paragraph 6 of the Amended Petition, LegalZoom admits that it advertizes its services and encourages people to use its website. LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 6 of the Amended Petition not expressly admitted herein.

7. Responding to Paragraph 7 of the Amended Petition, LegalZoom denies that this verbatim statement currently appears on its website and denies all remaining allegations, conclusions and legal conclusions of Paragraph 7 of the Amended Petition.

8. Responding to Paragraph 8 of the Amended Petition, LegalZoom denies that this verbatim statement currently appears on its website and denies all remaining allegations, conclusions and legal conclusions of Paragraph 8 of the Amended Petition.

9. LegalZoom admits the allegations set forth in Paragraph 9 of the Amended Petition.

10. LegalZoom denies the allegations set forth in Paragraph 10 of the Amended Petition. Further answering, LegalZoom states that the customer prepares the documents.

11. Responding to Paragraph 11 of the Amended Petition, LegalZoom admits that on May 5, 2008, the North Carolina State Bar sent LegalZoom a letter which speaks for itself.

LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 11 of the Amended Petition.

12. Responding to Paragraph 12 of the Amended Petition, LegalZoom admits that the North Carolina State Bar issued a Letter of Caution. LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 12 of the Amended Petition not expressly admitted herein.

13. LegalZoom denies the allegation in Paragraph 13 of the Amended Petition that it prepared any documents for Plaintiffs. LegalZoom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Amended Petition and, therefore, denies the same.

14. LegalZoom denies Plaintiffs' characterization of the documents sent to Plaintiff Janson and states that the document speaks for themselves. LegalZoom denies all remaining allegations, conclusions and legal conclusions of Paragraph 14 of the Amended Petition not expressly admitted herein.

15. LegalZoom denies the allegation in Paragraph 15 of the Amended Petition that it prepared any documents for Plaintiffs. LegalZoom lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 15 of the Amended Petition and, therefore, denies the same. LegalZoom admits the remaining allegations of Paragraph 15.

16. LegalZoom admits the allegations contained in Paragraph 16 of the Amended Petition.

17. Paragraph 17 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 17 of the Amended Petition.

18. Paragraph 18 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 18 of the Amended Petition.

19. Paragraph 19 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 19 of the Amended Petition.

20. Paragraph 20 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 20 of the Amended Petition.

21. LegalZoom denies the allegations contained in Paragraph 21 of the Amended Petition.

<b><u>CLASS-ACTION ALLEGATIONS</u></b>

22. Paragraph 22 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 22 of the Amended Petition.

23. Paragraph 23 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 23 of the Amended Petition.

24. Paragraph 24 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 24 of the Amended Petition.

25. Paragraph 25 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 25 of the Amended Petition, including all of its subparts.

26. Paragraph 26 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 26 of the Amended Petition.

27. Paragraph 27 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 27 of the Amended Petition.

28. Paragraph 28 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 28 of the Amended Petition.

29. Paragraph 29 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 29 of the Amended Petition.

30. Paragraph 30 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 30 of the Amended Petition.

31. Paragraph 31 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 31 of the Amended Petition.

32. Paragraph 32 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 32 of the Amended Petition.

33. LegalZoom denies the allegations set forth in Paragraph 33 of the Amended Petition.

<u>**COUNT I – UNLAWFUL PRACTICE OF LAW**</u>

34. Answering Paragraph 34 of the Amended Petition, LegalZoom incorporates its answers to each of the foregoing Paragraphs 1 through 33 as though fully set forth herein.

35. LegalZoom denies the allegations set forth in Paragraph 35 of the Amended Petition.

36. LegalZoom admits the allegations set forth in Paragraph 36 of the Amended Petition.

37. LegalZoom denies the allegations set forth in Paragraph 37 of the Amended Petition.

38. Paragraph 38 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 38 of the Amended Petition.

39. Paragraph 39 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 39 of the Amended Petition.

LegalZoom denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 39 of the Amended Petition.

## COUNT II– MONEY HAD AND RECEIVED

40. Answering Paragraph 40 of the Amended Petition, LegalZoom incorporates its answers to each of the foregoing Paragraphs 1 through 39 as though fully set forth herein.

41. LegalZoom denies the allegations set forth in Paragraph 41 of the Amended Petition.

42. LegalZoom denies the allegations set forth in Paragraph 42 of the Amended Petition.

43. LegalZoom admits the allegations set forth in Paragraph 43 of the Amended Petition.

44. LegalZoom denies the allegations set forth in Paragraph 44 of the Amended Petition.

LegalZoom denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 44 of the Amended Petition.

## COUNT III– MISSOURI MERCHANDISING PRACTICES ACT – MONEY DAMAGES

45. Answering Paragraph 45 of the Amended Petition, LegalZoom incorporates its answers to each of the foregoing Paragraphs 1 through 44 as though fully set forth herein.

46. Paragraph 46 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 46 of the Amended Petition.

47. Paragraph 47 of the Amended Petition states a legal conclusion to which no response is required. To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 47 of the Amended Petition.

48.     Paragraph 48 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 48 of the Amended Petition.

49.     LegalZoom denies the allegations set forth in Paragraph 49 of the Amended Petition.

50.     LegalZoom denies the allegations set forth in Paragraph 50 of the Amended Petition.

51.     Paragraph 51 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 51 of the Amended Petition.

LegalZoom denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 51 of the Amended Petition.

## COUNT IV– MISSOURI MERCHANDISING PRACTICES ACT – INJUNCTIVE RELIEF

52.     Answering Paragraph 52 of the Amended Petition, LegalZoom incorporates its answers to each of the foregoing Paragraphs 1 through 51 as though fully set forth herein.

53.     LegalZoom denies the allegations set forth in Paragraph 53 of the Amended Petition.

54.     Paragraph 54 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 54 of the Amended Petition.

55.     Paragraph 55 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 55 of the Amended Petition.

56.     LegalZoom denies the allegations set forth in Paragraph 56 of the Amended Petition.

57.     Paragraph 57 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 57 of the Amended Petition.

58.     Paragraph 58 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 58 of the Amended Petition.

59.     Paragraph 59 of the Amended Petition states a legal conclusion to which no response is required.  To the extent a response is required, LegalZoom denies the allegations contained in Paragraph 59 of the Amended Petition.

LegalZoom denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 59 of the Amended Petition.

## AFFIRMATIVE DEFENSES

Further answering the Amended Petition, and as additional defenses thereto, LegalZoom asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiffs.  LegalZoom hereby incorporates all facts alleged in its Answer to the Amended Petition into their Affirmative Defenses.  LegalZoom reserves the right to amend its Answer and Affirmative Defenses as additional information becomes available.

60.     Except as expressly admitted herein, LegalZoom denies each and every allegation in Plaintiffs' Amended Petition.

61.     The Amended Petition fails to state a claim upon which relief can be granted.

3426086.1

9

62. Plaintiffs' claims are barred, in whole or in part, because the Amended Petition fails to satisfy the prerequisites for a class action.

63. All of Plaintiffs' claims based on the existence of an alleged deceptive or unfair practice by LegalZoom, including but not limited to the claims asserted in Counts Three and Four of the Amended Petition, are barred because LegalZom did not engage in any deceptive or unfair practice.

64. The claims of the named plaintiffs and/or certain putative members of this collective and class action are barred by discharge in bankruptcy, estoppel, voluntary payment, statute of limitations, and/or waiver.

65. Plaintiffs' claims for any injunctive or declaratory relief are barred, in whole or in part, because Plaintiffs have not suffered irreparable harm.

66. The Amended Petition fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages in that neither LegalZoom nor its agents, if any, acted with malice, fraud, oppression, or any other state sufficient to sustain punitive or exemplary damages with respect to Plaintiffs and the class Plaintiffs purportedly seek to represent.

67. Plaintiffs' punitive damages claims are unconstitutional and should be dismissed:

a. Missouri law has not established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiffs to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendant's due process rights under the U. S. Constitution, Amend. XIV, and the corresponding applicable due process provisions of the Missouri Constitution.

b. Because it is not subject to a predetermined limit, such as maximum multiple compensatory damages or a maximum amount, an award of punitive damages violates Defendant's due process rights under the U. S. Constitution, Amend. XIV, and corresponding applicable due process provisions of the Missouri Constitution.

c. An award of punitive damages violates Defendant's due process and equal protection rights guaranteed by the U. S. Constitution, Amend. XIV, and the double jeopardy clause of the U. S. Constitution, Amend. V, as incorporated into Amend. XIV, and a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of the separate Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

d. An award of punitive damages under Missouri law for the purposes of compensating Plaintiffs for elements of damage not otherwise recognized by Missouri law violates Defendant's due process rights guaranteed by the U. S. Constitution, Amend. XIV, and by the corresponding applicable provisions of the Missouri Constitution.

e. An award of punitive damages under state law without the same protection that is accorded to all criminal defendants, including protection against unreasonable searches

3426086.1
11

and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates Defendant's rights under the U. S. Constitution, Amend. XIV and Amends. IV, V and VI, as incorporated into Amend. XIV, and under the corresponding applicable provisions of the Missouri Constitution.

68. LegalZoom reserves the right to amend this Answer and Defenses, including to assert additional defenses that may become known through discovery.

WHEREFORE, having fully answered the Amended Petition, LegalZoom prays this Court enter judgment in its favor, that costs be assessed against Plaintiffs, and for such other relief as the Court shall deem just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By:   s/ James T. Wicks
Robert M. Thompson      MO #38156
James T. Wicks          MO #60409
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO  64105
Tel.: (816) 374-3200
Fax: (816) 374-3300

Michael G. Biggers      MO #24694
James R. Wyrsch         MO #53197
One Metropolitan Square – Suite 3600
211 North Broadway
St. Louis, MO  63102
Tel.: (314) 259-2000
Fax: (314) 259-2020

ATTORNEYS FOR LEGALZOOM.COM, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 16, 2010, the foregoing was electronically filed with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record.

Timothy Van Ronzelen
Matthew A. Clement
Kari A. Schulte
COOK, VETTER, DOERHOFF &
LANDWEHR, PC
231 Madison
Jefferson City, MO 65101
tvanronzelen@cvdl.net
mclement@cvdl.net
kschulte@cvdl.net

David T. Butsch
James J. Simeri
Mathew R. Fields
BUTSCH SIMERI FIELDS LLC
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
butsch@bsflawfirm.com
simeri@bsflawfirm.com
fields@bsflawfirm.com

Edward D. Robertson, Jr.
Mary Doerhoff Winter
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY
715 Swifts Highway
Jefferson City, MO 65109
chiprob@earthlink.net
marywinter@earthlink.net

Randall O. Barnes
RANDALL O. BARNES & ASSOCIATES
219 East Dunklin Street, Suite A.
Jefferson City, MO 65101
rbarnesjclaw@aol.com

Steven E. Dyer
10805 Sunset Office Drive, Suite 300
St. Louis, MO 63127
jdcpamba@gmail.com

s/ James T. Wicks
Attorney for LegalZoom.com, Inc.