# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, GERALD T. ARDREY, CHAD M. FERRELL, and C&J REMODELING LLC, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>LEGALZOOM.COM, INC.,<br><br>  Defendant. | Case No. 2:10-4018-CV-C-NKL |

# ORDER

Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell, and C&J Remodeling LLC allege that Defendant LegalZoom is liable to them because it sold them legal documents via its website. Plaintiffs filed this putative class action in state court in Cole County, Missouri. LegalZoom removed the action to this Court. Before the Court is LegalZoom's Motion to reconsider the Court's ruling on its motion to dismiss for improper venue or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) [Doc. # 31]. For the following reasons, the Court denies the motion.

**I.      Factual Background**[1]

LegalZoom is in the business of providing an online platform for customers to prepare legal documents. Customers can choose from a variety of products or services, and input data into a questionnaire. The LegalZoom platform generates a document using the product and data provided by the customer. LegalZoom conducts its business with customers only through its website, www.legalzoom.com, and has its headquarters in California.

Plaintiffs are Missouri residents. The Petition alleges that Plaintiffs purchased documents from LegalZoom through its website in 2008 and 2009. At that time, customers entered their contact, payment, and shipping information on the "Payment Information" page on LegalZoom's website. That page contained a confirmation button reading "Proceed to Checkout." During the relevant time, next to that button, there was a legend reading "By clicking the Proceed to Checkout button, you agree to our Terms of Service." The words "Terms of Service" were hyperlinked to LegalZoom's Terms of Service page. That page included a forum selection clause reading:

> LegalZoom exists solely within the County of Los Angeles in the state of California. I agree that regardless of where I reside or where my browser is physically located, my viewing and use of LegalZoom occurs solely within the County of Los Angeles in the State of California, and that all content and services shall be deemed to be served from, and performed wholly within, Los Angeles, California, as if I had physically traveled there to obtain such service.

---

[1] The parties do not dispute the facts relevant to LegalZoom's motion, which are drawn from their briefs on this motion and on Legal Zoom's Rule 12(b)(3) motion to dismiss [Doc. # 17].

The Terms of Service page further stated, "I agree that California law shall govern any disputes arising from my use of this website, and that the courts of the city of Los Angeles, state of California, shall have exclusive jurisdiction over any disputes." LegalZoom's website also contains a choice of law provision directing that California law applies. Plaintiffs did not negotiate the Terms of Service provisions with LegalZoom.

Plaintiffs seek to represent a class of "all persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present." Count I of their Petition alleges that LegalZoom engaged in the unlawful practice of law in the state of Missouri. Count II alleges a claim for money had and received. Counts III and IV allege claims under the Missouri Merchandising Practices Act.

Based on the forum selection clause on the Terms of Service page, LegalZoom filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. [Doc. # 17.] The Court denied that motion, finding that venue is proper in the Western District of Missouri where Plaintiffs reside and LegalZoom is subject to personal jurisdiction. [*See* Doc. # 29.] The Court determined that a motion to dismiss pursuant to 28 U.S.C. § 1406 or Rule 12(b)(3) was not the proper procedure for enforcing a forum selection clause. [*See id.*] LegalZoom subsequently filed its motion for reconsideration or, in the alternative, for transfer under § 1404(a).

**II.     Discussion**

If venue is proper in a district court and a forum selection clause permits venue in another federal district court, 28 U.S.C. § 1404(a) governs the question of whether the Court should give effect to that clause and dismissal is not proper. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988) (considering a forum selection clause stating that claims concerning a contract should be brought in a state or federal district court in the Borough of Manhattan, New York City, New York); Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure* § 3803.1 (stating that § 1404(a) analysis is proper even where movants seek dismissal for improper venue). There is no dispute that venue is proper in this Court under 28 U.S.C. § 1391. The forum selection clause in this case permits venue in another federal district court. Therefore, § 1404(a) provides the proper analysis. Plaintiffs agree, and Defendants cite to no authority indicating otherwise. The Court declines LegalZoom's request to reconsider the denial of LegalZoom's Rule 12(b)(3) motion.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citation omitted). The convenience of the parties, the convenience of witnesses, and the interests of justice weigh into § 1404(a) analysis, though this list is not exhaustive. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 692 (8th Cir. 1997).

Having declined to "offer an 'exhaustive list of specific factors to consider,'" the Eighth Circuit informs that district courts should "weigh 'case-specific factors' relevant to convenience and fairness" when considering whether to transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citation omitted).

### A. Validity and Applicability of the Forum Selection Clause

A valid and applicable contractual forum selection clause is among such factors. *Terra*, 119 F.3d at 691.[2] The Court need not decide which law governs whether the forum selection clause here is valid and applicable because the law of each of the three jurisdictions whose law could govern – federal, Missouri, and California – is congruent. In general, the Eighth Circuit has confirmed that "forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." *Servewell*, 439 F.3d at 789. Missouri courts have adopted the federal standard and "modern trend toward enforcement of these clauses." *See Chase Third Century Leasing Co., Inc. v. Williams*, 782 S.W.2d 408, 412 (Mo. App. Ct. 1989). California courts have done the same. *See Smith, Valentino & Smith, Inc. v. Superior Court*, 551 P.2d 1206, 1209 (Cal. 1976) ("[W]e are in accord with the modern trend which favors enforceability of such forum selection clauses."); 14 Cal. Jur. 3d Contracts § 187 (2010) ("Because forum selection clauses are important in facilitating national and international commerce, California law favors them."). Under both Missouri

---

[2] The parties discussed the validity and applicability of the forum selection clause on LegalZoom's motion to dismiss. They have incorporated that discussion into their briefing on this motion by reference.

5

and California law, parties seeking to avoid forum selection clauses have the burden of showing they are not enforceable. *Major v. McCallister*, 302 S.W.3d 227, 229 (Mo. App. Ct. 2009); *Net2Phone, Inc. v. Superior Court*, 109 Cal. App. 4th 583, 588 (Cal. Dist. Ct. App. 2003).

The Court then turns to whether the contract at hand is unjust or unreasonable or invalid. Plaintiffs do not argue that online agreements cannot be valid.

### 1. Contract in Violation of Missouri Public Policy

Instead, among other points, Plaintiffs argue that the forum selection clause is void because it violates Missouri public policy. Neither California nor Missouri will enforce forum selection clauses where there is a strong state interest in regulating the conduct at issue. *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.3d 493, 499-500 (Mo. 1992) (refusing to enforce a forum selection clause in an agreement concerning wine distribution because of Missouri's strong interest in protecting licensed liquor distributors) (citing *Hall v. Superior Ct. in & for County of Orange*, 150 Cal. App. 3d 411, 418-19 (Cal. App. Dist. Ct. 1983) (refusing to enforce forum selection clause in an agreement which allegedly violated California securities laws)). Forum selection clauses may be set aside where enforcement would contravene a strong public policy set out in statutes or judicial decisions. *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 790 (8th Cir. 2006). Here, both states have articulated a policy of prohibiting the unauthorized practice of law in their statutes and case law. *See* Mo. Rev. Stat. § 484.020; West's Ann. Bus. & Prof. Cod. §§ 6125, 6126, 6126.5, and 6127; *In re First Escrow, Inc.*, 840 S.W.2d 839, 845 (Mo. 1992)

6

(citation omitted) (finding that escrow companies may fill in standardized real estate closing documents only in limited circumstances); *Birbrower, Montalbano, Condon & Frank v. Superior Court*, 949 P.2d 1, 6 (Cal. 1998) (stating that the unauthorized practice of law includes giving legal advice and drafting legal documents).

One Missouri Court of Appeals has addressed the issue of whether a foreign forum selection clause violates a strong Missouri public policy against the unauthorized practice of law such that the clause will not be enforced. In *Jitterswing, Inc. v. Francorp, Inc.*, the court considered whether a forum selection clause in a franchise agreement was enforceable as to the franchisee's claim that the franchisor had engaged in the unauthorized practice of law. — S.W.3d —, No. ED 93045, 2010 WL 933763 (Mo. Ct. App. March 16, 2010). The *Jitterswing* court stated that, even if the clause did encompass the claims at hand, it was unenforceable as to the unauthorized practice of law claim because the plaintiff's "claim for practice of law without a license occurred in Missouri and arises under Section 484.020." *Id.* The *Jitterswing* court expressed concern over whether an Illinois court was the appropriate forum for deciding a tort created by a Missouri statute. *Id.* In the absence of ruling from the Supreme Court of Missouri, the Court must consider the ruling of a Missouri Court of Appeals. *Bockelman v. MCI Worldcom, Inc.*, 403 F.3d 528, 531 (8th Cir. 2005) (noting that, in a diversity case controlled by Missouri law, the court is bound to apply the decisions of the Missouri Supreme Court regarding substantive issues, but, where the Missouri Supreme Court has not ruled, the decisions of Missouri's intermediate appellate

court would be "'particularly relevant,' and must be followed when they are the best evidence of Missouri law.").

While the *Jitterswing* decision is not controlling in a federal court, it demonstrates that Missouri has a strong public policy – expressed in its statute – against the unauthorized practice of law. The documents produced by LegalZoom here will impact legal issues – such as corporate and estate matters – that will likely need to be addressed by Missouri courts under Missouri law for the benefit of Missouri citizens. Under either California or Missouri law, forcing litigation to a foreign forum under these circumstances would run contrary to a state's interest in resolving matters tied closely to the unauthorized practice of law within its borders. The forum selection clause in this case is invalid because enforcing it would run contrary to a strong public policy.

### B. Other Rule 1404(a) Factors

Finding that the forum selection clause is unenforceable does not end the Court's § 1404(a) analysis, as the Court must still examine whether other factors weigh in favor of transfer. *See Terra*, 119 F.3d at 695. Courts contemplating transfer look to § 1404's reference to the convenience of the parties, the convenience of witnesses, and the interests of justice; courts "may consider a myriad of factors, including the convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively." *Houk v.*

8

*Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). The trial court has discretion in weighing these factors. *See Hubbard v. White*, 755 F.2d 692, 694 (8th Cir. 1985). Here, even if the forum selection clause was enforceable – making it a significant factor in favor of transfer, *see Terra*, 119 F.3d at 695 – LegalZoom has not shown that the balance of all factors weighs in favor of transfer.

Many of the factors outlined above are neutral and favor neither party. Looking to convenience of the parties, LegalZoom – a corporation – is inconvenienced by litigating in Missouri, but Plaintiffs – individuals – would be equally inconvenienced by litigating in California. This factor is at best neutral.

As to convenience of the witnesses, LegalZoom has identified eight witnesses, all employees of LegalZoom; Plaintiffs have identified themselves and one third-party witness who may have relevant information. The LegalZoom witnesses are in California. Plaintiffs' witnesses are in Missouri. Presumably, if Plaintiffs' proposed class is certified, it will consist of additional witnesses who are also located in Missouri. This factor is not "a battle of numbers." *See American Std., Inc. v. Bendix Corp.*, 487 F. Supp. 254, 263 (W.D.Mo.1980). Instead, witnesses are evaluated on "the nature and quality of their testimony in relationship to the issues of the case." *Houk*, 613 F.Supp. at 928. Where both parties identify witnesses with information critical to the issues in this case, this factor is also neutral.

LegalZoom notes that its documents are stored in California, but "any such documents can easily be photocopied and transported from their place of storage." *Id.* at 932; *see also American Std.*, 487 F. Supp. at 264 ("[B]ecause usually many records, or copies thereof, are

9

easily transported, their location is not entitled to great weight."). Additionally, electronic presentation of evidence would reduce the expense of transporting documents. *See, e.g., Employers Reins. Corp. v. Massachusetts Mut. Life Ins. Co.*, No. 06-0188, 2006 WL 1235957, at *3 (W.D. Mo. May 4, 2006). In a case concerning an internet transaction with a company whose business is transacted primarily online, the location of hard-copy documents does not weigh heavily in favor of transfer.

Turning to the interests of justice, the Court considers: judicial economy, plaintiffs' choice of forum, the comparative costs to the parties of litigating, the ability to enforce judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Terra*, 119 F.3d at 696. With regard to judicial economy, this case is well under-way in this Court: the parties are engaging in discovery; a trial date has been set for August 2011; and the Court is familiar with the case. Transfer would, to some extent, delay resolution of the case.

As to Plaintiffs' choice of forum, federal courts give considerable deference to plaintiffs' choice of forum. *Id.* at 691. Plaintiffs have chosen a Missouri forum. LegalZoom suggests that Plaintiffs chose a California forum in entering an agreement containing a California forum selection clause. Had the Court found that clause enforceable, this factor would be neutral. As the clause is unenforceable, this factor weighs against transfer.

Looking to comparative costs to the parties of litigating in each forum, each party will bear expense if the case is not heard in its preferred forum. Plaintiffs would likely need to travel to California to depose LegalZoom's witnesses, but LegalZoom would bear additional

costs if litigating in a foreign forum. The relative means of the parties may be considered in determining transfer, *Hines v. Overstock.com*, 668 F. Supp. 2d 362, 370 (E.D.N.Y. 2009). Plaintiffs here are individuals whereas LegalZoom is a corporation with a national presence. This factor weighs against transfer.

The parties agree that the ability to enforce judgment and obstacles to a fair trial are neutral factors.

The parties both note that there are conflict of laws issues in this case. LegalZoom argues that the choice of law provision in the parties' agreement favors transfer. Plaintiffs argue that the provision cannot be applied to their Missouri-law-governed claims. Transfer is not favored where there is uncertainty as to which law applies. *American Std.*, 487 F. Supp. at 263-64. This factor weighs against transfer.

Finally, the advantages of having a Missouri court determine issues of Missouri law are pronounced in this case. Plaintiffs' claims do turn on application of Missouri statutes. Again, the documents sold by LegalZoom to Plaintiffs implicate Missouri law issues beyond the sale transaction itself – they are legal documents that may well be considered and interpreted under Missouri law. This factor weighs strongly against transfer.

Considering all factors, LegalZoom has not met its burden of showing that the balance of interests weighs in favor of transfer. Accordingly, the Court exercises its discretion and declines transfer.

## III. Conclusion

Accordingly, it is hereby ORDERED that LegalZoom's motion [Doc. # 17] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 27, 2010
Jefferson City, Missouri