IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, et al., on behalf of themselves and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC.,<br><br>    Defendant. | Case No. 2:10-CV-04018-NKL |

**ORDER**

Before the Court is the Motion to Certify Class [Doc. # 45] filed by Plaintiffs Todd Janson, Gerald T. Ardrey, Chad M. Ferrell, and C & J Remodeling LLC ("Plaintiffs"). For the following reasons, the Court grants the motion.

**I.  Background**

Plaintiffs bring this action against LegalZoom.com, Inc. ("LegalZoom"), an online legal document preparation service. Plaintiffs first allege that LegalZoom engages in the unauthorized practice of law and the law business in violation of § 484.020 RSMo. Second, Plaintiffs contend that LegalZoom's charging of fees for alleged assistance in the preparation of legal documents violates the Missouri Merchandising Practices Act ("MPA"), § 407.010, et seq., RSMo. Third, Plaintiffs assert a claim for money had and received with respect to fees paid to LegalZoom.

Plaintiffs' Amended Petition alleges that LegalZoom maintains a website "where customers, for a fee, are offered a variety of customized legal services, including, but not limited to the drafting of wills, trusts, powers of attorney, real-estate deeds, deeds of trust, contracts, business-entity formation documents, [etc.]." [Doc. # 1, Ex. A at 2.] According to Plaintiffs, once LegalZoom customers select a legal document, they complete an online questionnaire that Defendant uses to generate a final legal document. *Id.* at 3. Plaintiff Janson allegedly paid LegalZoom $121.95 for the preparation of his will. *Id.* at 4. Plaintiffs Ardrey and Ferrell allegedly paid LegalZoom $249 for the preparation of the articles of organization of Plaintiff C & J Remodeling. *Id.* at 5.

LegalZoom represents that its licensed attorneys create templates for legal documents and that a "branching intake mechanism" on its website allows customers to skip inapplicable questions based on their prior answers. [Doc. # 52 at 1.] According to Defendant, its employees "review the data file only for completeness, spelling, and grammar errors, and consistency of names, addresses and other factual information," and "it is a firing offense to come even close" to providing legal advice when answering customer telephone calls. *Id.* at 2, 3.

Plaintiffs have proposed the following class definition: "All persons and other entities resident within the State of Missouri who were charged and paid fees to LegalZoom for the preparation of legal documents from December 17, 2004 to the present." [Doc. # 57 at 11.]

Section 484.020 RSMo. provides:

> 1. No person shall engage in the practice of law or do law business, as defined in section 484.010, unless he shall have been duly licensed therefor . . . .
> 2. Any person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor and . . . shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof . . . within two years from the date the same shall have been paid . . . .

§ 484.020 RSMo.   Section 484.010 provides:

> 1. The "practice of law" is hereby defined to be and is . . . the drawing of papers, pleadings or documents . . . .
> 2. The "law business" is hereby defined to be and is . . . the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights . . . .

§ 484.010 RSMo.

> Meanwhile, the Missouri MPA provides:
>
> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

§ 407.020.1 RSMo.

## II. Discussion

A motion for class certification involves a two part analysis.  First, the movant must demonstrate that the proposed class satisfies the requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

3

Fed. R. Civ. P. 23(a). Second, Plaintiffs must demonstrate that the proposed class fits into one of the three categories identified in Rule 23(b).

The Plaintiffs bear the burden of showing that the Rule 23 requirements are met and that the class should be certified. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). To determine whether class certification is appropriate, the Court must conduct a limited preliminary inquiry, looking behind the pleadings. *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005) (citing *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). "In conducting this preliminary inquiry, however, the Court must look only so far as to determine whether, given the factual setting of the case, if the plaintiffs['] general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Id.* at 566. In considering class certification motions, the Court liberally construes Rule 23(a) and does not resolve the merits of the dispute. *See Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003); *In re Control Data Corp. Sec. Litigation*, 116 F.R.D. 216, 219 (D. Minn. 1986) *rev'd on other grounds*, *In re Control Data Corp. Sec. Litigation*, 933 F.2d 616 (8th Cir. 1991).

### A. Federal Rule of Civil Procedure 23(a)

#### 1. Numerosity

To address the numerosity requirement, the Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual claims, as well as other factors. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). Defendant LegalZoom does not dispute that the

4

putative class satisfies the numerosity requirement. Plaintiffs alleged that "there are at least 14,000 customers of LegalZoom who provided LegalZoom a Missouri shipping address between December 18, 2004 and December 17, 2009. If all potential class members filed separately, there would be thousands of individual actions each relying on identical conduct of LegalZoom and each asserting small claims. Therefore, the numerosity requirement of Rule 23(a) is satisfied. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying a class of between 20 and 65).

### 2. Commonality

The commonality requirement of Rule 23(a)(2) is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). To determine whether common questions predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings. *Blades*, 400 F.3d at 567. In *Blades*, the Eighth Circuit authorized district judges to inquire into the merits when a factual dispute necessary for deciding class certification overlaps with the merits, but only insofar as necessary to "determine the nature of the evidence that would be sufficient, if the plaintiff's general allegations are true, to make out a prima facie case for the class." *Id*.

Defendant LegalZoom does not explicitly contend that Plaintiffs have failed to meet the commonality requirement under Rule 23(a). However, in challenging the predominance of common issues, Defendant casts doubt on whether there is a legal question linking the class members that is substantially related to the resolution of the litigation. According to

5

Defendant, "[c]ommonality and predominance are particularly absent where the proposed class representatives purchased only a small number of the products against which claims are brought by the proposed class." [Doc. # 52 at 9.]

Plaintiffs argue that LegalZoom "misapprehends the fundamental nature of Plaintiffs' claims." [Doc. # 57 at 1.] Plaintiffs do not argue that any of Defendant's legal documents were in any way flawed. [Doc. # 52 at 3.] Rather, the "overarching issue is whether LegalZoom's preparation of legal documents violates Missouri law." [Doc. # 57 at 1.] Thus, "LegalZoom does not explain, nor can it explain, how the resolution of this issue turns on the particular type of legal document LegalZoom charged to prepare." *Id.* at 5. Plaintiffs simply argue that the law in Missouri prohibits the preparation of any legal documents in the manner in which LegalZoom interacts with its customers through its website. This legal issue is common to all Plaintiffs. Therefore, the commonality requirement of Rule 23(a) is satisfied.

### 3. Typicality

The third requirement of Rule 23(a)(3) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). Typicality means that there are "other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is "easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) (ruling that plaintiffs satisfied the typicality requirement even though they carried different mortgage instruments; important inquiry surrounded mortgage servicer's over-escrowing of funds).

6

Defendant LegalZoom argues that Plaintiffs have failed to establish the typicality requirement for two reasons. First, LegalZoom argues that "where a number of different products are at issue, named plaintiffs are not typical of the class" because proof of a violation requires individualized inquiry. [Doc. # 52 at 14.] However, as noted above, Plaintiffs are not alleging that any of Defendant's products were flawed. Rather, Plaintiffs allege that Defendant violated Missouri law by assisting in the preparation of legal documents. Thus, other class members have claims similar to the named Plaintiffs under § 484.020 RSMo.

Second, LegalZoom argues that Plaintiffs lack typicality with respect to the Missouri MPA claim because the named Plaintiffs have allegedly acknowledged that they did not rely on LegalZoom's representations. *Id.* at 15. Defendant argues that Plaintiffs Ferrell and Ardrey testified that they did not rely on LegalZoom's representations, although Plaintiff Janson "unconvincingly stated that he thought an attorney would be creating his will." *Id.* at 16.

Plaintiffs argue that their "claims are not dependent on any representation of false claim made by LegalZoom." [Doc. # 57 at 11.] Plaintiffs rely on the recent interpretation of the MPA by the Missouri Court of Appeals in a similar context:

> In his second point . . . . [plaintiff] Zmuda claims the unauthorized practice of law necessarily constitutes such a violation [of the Missouri MPA]. . . . It is not necessary to prove the elements of common law fraud in order to establish a violation of the MPA. Zmuda's petition alleges that charging a document preparation fee is a "deception and unfair practice" as the terms are used in the MPA. In this case, assuming all of Zmuda's allegations are true, especially in light of our conclusion that he adequately pleaded a cause of action for

7

> improperly engaging in the law business, Zmuda sufficiently pleaded a cause
> of action for violation of the MPA. Point granted.

*Zmuda v. Chesterfield Valley Power Sports, Inc.*, 267 S.W.3d 712, 716 (Mo. Ct. App. 2008). Plaintiffs also cite *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 774 (Mo. Ct. App. 2007) ("[A] fraud claim requires both proof of reliance and intent to induce reliance; the MPA claim expressly does not.").

Defendant LegalZoom has not provided any contrary caselaw. Thus, Plaintiffs have met their burden of establishing that other members of the class have the same or similar grievances as the named Plaintiffs with respect to their MPA claims as well.

### 4. Adequacy

The final requirement of Rule 23(a) is that the class representative and class counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between the named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Plaintiffs allege that the named Plaintiffs' "interests are coextensive, and not antagonistic to those of the putative class members." [Doc. # 46 at 11.] Plaintiffs also allege that "[t]he law firms proposed to serve as counsel for the putative class have significant class action litigation experience and are competent to prosecute this case as a class action." *Id.* Defendant LegalZoom does not contest these allegations or the adequacy of Plaintiffs' representation. Therefore, Plaintiffs have met their burden of establishing the adequacy of representation requirement under Rule 23(a).

8

### B.     Federal Rule of Civil Procedure 23(b)

In addition to meeting the requirements of Rule 23(a), a case must also meet the requirements of one of the subdivisions of Rule 23(b) in order to proceed as a class action. "Plaintiffs rely on the third of the alternatives stated in Rule 23(b)." [Doc. # 46 at 12.] Rule 23(b)(3) provides that a class should be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts commonly refer to these two requirements as "predominance" and "superiority." *See Pichler v. UNITE*, 228 F.R.D. 230 (E.D. Pa. 2005).

The predominance requirement of Rule 23(b)(3) "trains on the legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). This requirement is similar to Rule 23(a)(3)'s typicality requirement. *Id*. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*.

Looking at the issues of fact and law presented by Plaintiffs' and the putative class members' claims reveals that they have much in common. Here, those questions concern: LegalZoom's conduct through its website; whether that conduct violated Missouri law; and the nature and extent of damages or statutory penalties. Those questions pervade each claimant's case.

9

Defendant LegalZoom makes similar arguments in challenging the predominance requirement of Rule 23(b)(3) as with the typicality and commonality requirements of Rule 23(a). As stated above, Defendant's theory that the class is too diverse because LegalZoom offers "more than 200 legal forms" fails because Plaintiffs' legal theory does not depend on the conduct of LegalZoom's customers, but rather the conduct of LegalZoom itself. [Doc. # 52 at 6.] Plaintiffs assert that LegalZoom violated § 484.020 RSMo. simply by selling "customized legal services" over the internet. [Doc. # 1, Ex. A at 2.] Plaintiffs focus on Defendant's primary method of servicing its customer – its website – as opposed to telephone contact. Plaintiffs have put forth a colorable legal theory, considering that neither of the parties has presented the Court with a case directly on point regarding the central issue of the case – i.e., what type of online interaction between buyer and seller of legal forms constitutes "assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights . . . ." § 484.010 RSMo.

Defendant LegalZoom also argues that, with respect to Plaintiffs' Missouri MPA claim, individual issues predominate regarding the causation element. [Doc. # 52 at 11.] However, as mentioned above, Defendant has not provided caselaw contrary to *Zmuda*'s acceptance of the argument that "the unauthorized practice of law necessarily constitutes such a violation [of the Missouri MPA]." 267 S.W.3d at 716.

Meanwhile, Defendant LegalZoom does not contest Plaintiffs' assertion that "[c]lass certification under the circumstances of this case is superior to all of the potential alternatives." [Doc. # 46 at 15.] If all potential class members filed separately, there would

10

be thousands of individual actions each relying on identical conduct by LegalZoom and each asserting small claims. Given the large number of potential plaintiffs and the commonality of their claims, certifying the class will allow a more efficient adjudication of the controversy than would individual adjudications.

### C. Class Definition

Finally, Defendant LegalZoom argues that Plaintiffs' proposed class definition is overbroad with respect to their Missouri MPA claim. A "class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class." 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.21[3][c] (3d ed.2007); *Romberio v. Unumprovident Corp.*, 385 Fed. Appx. 423, 431 (6th Cir. 2009) (finding unsatisfactory a class definition which carried a need for individualized fact-finding).

Plaintiffs have proposed the following class definition: "All persons and other entities resident within the State of Missouri who were charged and paid fees to LegalZoom for the preparation of legal documents from December 17, 2004 to the present." [Doc. # 57 at 11.] LegalZoom contends that Plaintiffs' class definition would include members who did not rely on LegalZoom's representations and "thus undoubtedly includes within its sweep persons who have no MMPA claims." [Doc. # 52 at 17.] However, Plaintiffs again argue that they "are not required to prove reliance" under their Missouri MPA claim. [Doc. # 57 at 13.] Here again, LegalZoom has not provided caselaw contrary to *Zmuda*'s acceptance of the

11

argument that "the unauthorized practice of law necessarily constitutes such a violation [of the Missouri MPA]." 267 S.W.3d at 716.

Moreover, under the facts as alleged in this case, there is no basis for believing that identifying class members will require individualized investigation into the merits or into individualized facts. Rather, Plaintiffs' class definition is properly based on objective criteria which are administratively feasible for the court to use in determining whether particular individuals are members of the class. *See Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2003 WL 21659373, at *2-*3 (S.D. N.Y. July 15, 2003).

For the reasons stated above, Plaintiffs have met their burden in establishing the requirements of Rules 23(a) and 23(b). Therefore, the Court certifies the class as defined by Plaintiffs.

## III.    Conclusion

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Certify Class [Doc. # 45] is GRANTED.

s/ NANETTE K. LAUGHREY<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: December 14, 2010<br>
Jefferson City, Missouri