**SETTLEMENT AGREEMENT**

This Settlement Agreement (together with all appendices, exhibits, schedules and attachments hereto, the "Settlement Agreement" or the "Agreement"), dated this 28th day of September, 2011, is made by and among LegalZoom.com, Inc. ("LegalZoom"), on the one hand, and Plaintiffs Todd Janson, Gerald T. Ardrey, and Chad M. Ferrell, on behalf of themselves individually and on behalf of the Class as defined below, on the other hand (all of the foregoing mentioned in this sentence, the "Parties"). This Agreement is intended by the Parties to fully, finally, and forever compromise, resolve, discharge and settle the Released Claims (as those terms are defined below ) subject to the terms and conditions set forth below.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. The Litigation

1. On December 17, 2009, Plaintiff Todd Janson commenced this action by filing a Petition against LegalZoom in the Circuit Court of Cole County, Missouri, captioned *Todd Janson on behalf of Himself and all Missourians similarly Situated v. LegalZoom, Inc.*, No. 09AC-CC00737. On January 15, 2010, Mr. Janson and additional Plaintiffs Gerald T. Ardrey and Chad M. Ferrell filed an Amended Class-Action Petition captioned *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC, on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, No. 09AC-CC00737 ("Amended Petition"). On February 5, 2010, LegalZoom removed the case to the United States District Court for the Western District of Missouri, Central Division ("the Court"), where it is now captioned *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC, on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, Case No. 2:10-cv-04018-NKL.

**EXHIBIT**

tabbies®

1

2. The Amended Petition contains four counts. Count I asserted a claim for unlawful practice of law pursuant to Mo. Rev. Stat. § 484.020. Count II asserted a claim for money had and received on the theory that the money paid by Plaintiffs to LegalZoom was not used for their benefit because LegalZoom was not authorized to engage in the lawful practice of law in the State of Missouri. Count III asserted a claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020, and sought money damages, while Count IV asserted a Missouri Merchandising Practices Act claim seeking injunctive relief.

3. The Amended Petition was brought as a proposed class action on behalf of a class consisting of "[a]ll persons or entities in the state of Missouri that paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present." On December 14, 2010, the Court certified the Litigation as a class action. The class was defined as "All persons and other entities resident within the State of Missouri who were charged and paid fees to LegalZoom for the preparation of legal documents from December 18, 2004 to the present." The Class Period was to run through May 20, 2011.

4. On August 2, 2011, the Court ruled on Plaintiffs' Motion for Partial Summary Judgment, holding that multiple documents offered by LegalZoom have an effect on secular rights within the meaning of Section 484.010, RSMo. The Court granted in part and denied in part LegalZoom's Motion for Summary Judgment and held that Plaintiffs' claims based on LegalZoom's patent and trademark products sold to Missouri customers were preempted by federal law permitting nonlawyers to practice before the United Stated Patent and Trademark Office. Products excluded from Class Products as a result include Design Patent, Full Patent, Patent Search, Provisional Patent (Self-Help), Trademark, Trademark Monitoring, and Trademark Search.

5.      In connection with the Litigation, Class Counsel have undertaken substantial discovery, both formal and informal, including taking depositions of LegalZoom's corporate representatives (three times), the three General Managers of LegalZoom's Personal Services, Business Services, and Intellectual Property departments, a Vice President in LegalZoom's finance department, and LegalZoom's expert witness.    In fact, all pretrial discovery was completed.    Class Counsel have also served significant written discovery, including multiple sets of interrogatories and requests for production of documents.    In addition, Class Counsel have conducted their own investigation into LegalZoom's business, subpoenaing and requesting documents of LegalZoom's business affiliates and advertising outlets and hiring a computer and software specialist to examine the operation of LegalZoom's website.    Class Counsel have also undertaken extensive research and analysis of the legal principles applicable to the claims against LegalZoom in the Litigation and to the potential defenses to those claims. Multiple motions were briefed and submitted.    Class Counsel also engaged an expert witness to evaluate and calculate the alleged damages to the Class and issue a report explaining those calculations.    The case was eleven days from trial when, after a mediation that lasted over 12 hours, the Parties reached an agreement in principle to settle the case.

6.      LegalZoom has disputed the claims and contentions asserted in the Litigation and has asserted defenses to the asserted claims, including, without limitation, (a) that LegalZoom does not engage in the unauthorized practice of law and did not violate the Missouri Merchandising Practices Act; (b) that Plaintiffs did not sustain any injury as a result of any alleged violation of Missouri's unauthorized practice statute or the Missouri Merchandising Practices Act; (c) that Plaintiffs did not assert that any of LegalZoom's documents were in any way flawed or ineffective for their purpose; (d) that LegalZoom repeatedly disclosed that it was

not providing legal advice, was not a law firm, was not a substitute for an attorney or law firm, and that it only provides self-help services at a customer's specific direction; and (e) that LegalZoom's provision of self-help services is protected by the First Amendment of the United States Constitution and by due process.

**B.      The Settlement**

1.      Class Counsel have engaged in extensive arms-length negotiations with Defense Counsel, including by means of formal mediation, with the intention of achieving substantial benefits for the Class while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate review. The Parties and their respective counsel participated in two full days of mediation, the first on September 30, 2010, before Professor James Levin, Associate Director of the Center for the Study of Dispute Resolution at the University of Missouri School of Law, and the second on August 11, 2011, before John R. Phillips of Husch Blackwell.

2.      As a consequence of negotiations and mediation, and of Class Counsel's investigation and analysis, Plaintiffs and Class Counsel have determined to enter into this Settlement Agreement on the terms and conditions hereinafter set forth, believing such Settlement to be fair, reasonable, and adequate, and in the best interests of Plaintiffs and the other Class Members. Plaintiffs and Class Counsel have determined to execute this Settlement Agreement and urge approval by the Court of the Settlement after considering and recognizing (a) the expense and length of continued proceedings necessary to prosecute the Litigation against LegalZoom through trial and appeals; (b) the uncertain outcome and the risk of any litigation, especially in complex class actions such as the Litigation, as well as the difficulties and delays inherent in such litigation; (c) the numerous factual and legal defenses asserted by LegalZoom to the claims (d) the potential difficulties Plaintiffs and Class Members would encounter in

establishing the elements of their claims and entitlement to relief on a classwide basis, (e) the substantial benefits that the Class Members will receive and for which they will be eligible pursuant to the Settlement, (f) that the Settlement ensures that Class Members will receive relief in the most expeditious and efficient manner practicable, and thus much sooner than would be possible were the claims to be litigated successfully through trial and appeal, and (g) that the Settlement allows each Class Member, if he or she so determines, to request exclusion from the Class and individually pursue his or her respective claims.

3. LegalZoom has vigorously denied, and continues to vigorously deny, each and every allegation of liability and wrongdoing in the Amended Petition. LegalZoom has maintained and continues to maintain that it has acted in accordance with governing law. LegalZoom asserts that it has substantial factual and legal defenses to all claims alleged in the Amended Petition and that such claims are without merit. Nevertheless, LegalZoom has concluded that continuation of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms set forth in this Agreement. Without admitting any wrongdoing or liability whatsoever, LegalZoom is willing to agree to the terms of the Settlement Agreement, provided that all of the Released Claims are settled and compromised, in order to fully resolve all issues relating to the subject matter of the Litigation.

NOW THEREFORE, for and in consideration of the covenants and agreements set forth herein, for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and for and in consideration of the release and dismissal of all Released Claims, Plaintiffs, on behalf of themselves and the Class, Class Counsel, LegalZoom, and Defense

Counsel agree to this Settlement Agreement, subject to Court approval, and release all Released Claims under the following terms and conditions.

## II.   DEFINITIONS

As used herein, for the purposes of this Settlement Agreement only, the following terms shall be defined as set forth below:

"Additional Amounts" means charges paid by Class Members, in connection with and in addition to charges for Class Products, for LegalZoom products that are not Class Products. LegalZoom products that are not Class Products and for which Class Members paid Additional Amounts include the following:

> Registered Agent
> Corporate Minutes
> Corporate Kit
> Comprehensive U.S. Trademark Search
> Federal and State Search
> International Search
> Patent Search
> Patent Illustration
> Domestic Representative Services
> Trademark Monitoring
> Living Will Alert Card.

"Attorneys' Fees, Costs, and Expenses" means fees, costs, and expenses allowed by the Court that are sought by Class Counsel in the prosecution of the Litigation.

"CAFA Notices" means the notice of this Settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

"Claim Deadline" refers to a date that is thirty (30) days after the Fairness Hearing held by the Court.

"Claim Form" refers to a form substantially in the form of Exhibit C attached hereto, as may be modified by the Court and approved by the Parties.

6

"Claim Payment Date" means the date sixty (60) days after the Final Effective Date.

"Claims Administrator" refers to the independent third-party that will be engaged by LegalZoom to perform the notice and claims administration functions described in this Settlement Agreement.

"Claims Administrator's Report of Claims" means the list of Class Members who have been determined by the Claims Administrator to be eligible to receive settlement payments as described in Section V.G.4.a. of this Settlement Agreement.

"Class" is defined as "All persons and other entities resident within the State of Missouri who were charged and paid fees to LegalZoom for the preparation of legal documents from December 18, 2004" to May 20, 2011.

"Class Counsel" refers to the attorneys of record for Plaintiffs and the Class:

> Timothy Van Ronzelen
> Matthew A. Clement
> Kari A. Schulte
> **COOK, VETTER, DOERHOFF &**
> **LANDWEHR, PC**
> 231 Madison
> Jefferson City, Missouri 65101
>
> David T. Butsch
> James J. Simeri
> **BUTSCH SIMERI FIELDS LLC**
> 231 S. Bemiston Ave., Ste. 260
> Clayton, MO 63105
>
> Edward D. Robertson, Jr.
> Mary Doerhoff Winter
> **BARTIMUS, FRICKLETON,**
> **ROBERTSON & GORNY**
> 715 Swifts Highway
> Jefferson City, MO 65109

Randall O. Barnes
**RANDALL O. BARNES & ASSOCIATES**
219 East Dunklin Street, Suite A
Jefferson City, Missouri 65101

Steven E. Dyer
**LAW OFFICES OF STEVEN DYER**
10805 Sunset Office Drive, Ste. 300
St. Louis, MO 63127

"Class Member" means a Person who falls within the definition of the Class.

"Class Notice" refers collectively to the Long-Form Notice and Email Notice that will be disseminated to Class Members, substantially in the forms of Exhibits A and B, respectively, attached hereto, as may be modified by the Court and approved by the Parties.

"Class Period" means the period of time from December 18, 2004 through May 20, 2011, inclusive.

"Class Products" means the following products Class Members prepared through LegalZoom during the Class Period:

> 501(c)3 Preparation
> Amendment
> Annual Reports
> Bylaws & Resolutions
> Citizenship
> Copyright
> Corporate Resolution
> DBA
> Dissolution
> Divorce
> Foreign Qualification
> General Partnership Agreement
> Green Card
> Incorporation
> Initial Reports
> Joint Venture Agreement
> Last Will and Testament
> Limited Liability Partnership
> Living Trust
> Living Will

8

LLC
Name Change
Non-Profit
Operating Agreement
Pet Protection Agreement
Power of Attorney
Prenuptial
Real Estate Deed Transfer
Real Estate Lease
Small Claims

No other products sold by LegalZoom in Missouri during the Class Period constitute Class Products.

"Court" means the United States District Court for the Western District of Missouri, Central Division.

"Defense Counsel" means LegalZoom's counsel of record in the Litigation, Bryan Cave LLP.

"Email Notice" refers to the form of direct email notice to Class Members, as such notice may be modified by the Court and approved by the Parties.

"Fairness Hearing" refers to the hearing required under Rule 23(e)(2) of the Federal Rules of Civil Procedure, at which the Court will make a final determination whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the Class and meet all applicable requirements for final approval.

"Final Approval Order" refers to the final order by the Court approving the Settlement Agreement following the Fairness Hearing.

"Final Effective Date" refers to the date by which the last of the following has occurred:

a.    all conditions of settlement as set forth in Section VIII.A.1. have been satisfied;

b.      the Court has entered and filed the Final Approval Order and Judgment; and

c.      either

         (i)      the time period for appeal of the Judgment has been exhausted without any appeals having been filed; or

         (ii)      all such appeals have been voluntarily or involuntarily dismissed; or

         (iii)      the appropriate appellate court or courts have entered a final judgment affirming the Final Approval Order and Judgment of the Court and the final judgment of such appellate court or courts is no longer subject to any further appellate challenge or procedure; or

         (iv)      the United States Supreme Court has either affirmed the final judgment of the appellate court or denied certiorari with respect thereto.

"Judgment" refers to the final judgment by the Court approving the Settlement Agreement and concluding the Litigation.

"LegalZoom" or "Defendant" refers to LegalZoom.com, Inc.

"Litigation" refers to the civil action in the Court entitled *Todd Janson, Gerald T. Ardrey, Chad M. Ferrell and C & J Remodeling LLC, on behalf of themselves and on behalf of all others similarly situated v. Legalzoom.com, Inc.*, Case No. 2:10-cv-04018-NKL.

"Long-Form Notice" refers to the long form of notice to Class Members, as such notice may be modified by the Court and approved by the Parties.

"Mail Notice" refers to the short form of notice sent to Class Members following the return of an undeliverable Email Notice, as such notice may be modified by the Court and approved by the Parties.

"Notice Date" refers to the date upon which the Claims Administrator will complete the distribution of Email Notice to Class Members, which date shall be no more than sixty (60) days after the Preliminary Approval Order Date, as may be modified by the Court.

"Objection Deadline" means a date no later than one hundred (100) days after the Preliminary Approval Order Date.

"Parties" means Plaintiffs and LegalZoom.

"Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives, and assignees.

"Plaintiffs" means Todd Janson, Gerald T. Ardrey, and Chad M. Ferrell, the named plaintiffs in the instant case.

"Preliminary Approval Order" refers to the order by the Court granting preliminary approval to the Settlement Agreement.

"Preliminary Approval Order Date" means the date on which the Court grants the Preliminary Approval Order.

"Request for Exclusion" refers to a written, signed request by a Class Member to be excluded from the Class that meets the requirements set forth in this Settlement Agreement and by the Court.

"Request for Exclusion Deadline" means a date no later than one hundred (100) days after the Preliminary Approval Order Date.

"Service Award" means compensation for the Plaintiffs in the Litigation for their time and effort undertaken in the Litigation.

"Settlement Agreement" refers to this Settlement Agreement, including any permitted and executed amendments hereto, and to the Exhibits attached to this Settlement Agreement, which are material and integral parts of this Agreement and are fully incorporated herein by this reference.

"Valid Claim" is a Claim Form submitted to the Claims Administrator that is timely, correct, and undisputed, as defined in Section III.A.3, and that is determined by the Claims Administrator to be valid in accordance with the requirements set forth in this Settlement Agreement and by the Court.

The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be. Further, as used herein, the term "including" shall mean including without limitation.

## III.   TERMS OF SETTLEMENT

### A.   Economic Relief and Consideration for the Benefit of the Class

1.      LegalZoom will pay or cause to be paid an amount up to a maximum of $6.0 million in settlement of this case. The $6.0 million will be used for (a) payments to the Class Members in accordance with Section III.A.3.; (b) Service Award payments to Plaintiffs in accordance with Section III.C.3.; and (c) payments to Class Counsel of Attorneys' Fees, Costs, and Expenses in accordance with Section III.C.2.

2.      Apart from the fees and costs of the Claims Administrator and other costs of notice and settlement administration as provided in Section III.C.1., LegalZoom will not be required under any circumstances to make any additional contributions or payments beyond those identified in Section III.A.1. (a) to or on behalf of Class Members; (b) to or on behalf of Plaintiffs; (c) for any *cy pres* fund; or (d) for any Attorneys' Fees, Costs, and Expenses awarded by the Court.

3.      Subject to the provisions of Section III.A.4, each Class Member who submits a timely, correct, and undisputed Claim Form (a "Valid Claim") will be entitled to payment from LegalZoom as follows:

(a)      A maximum of $5,200,200 will be available for payments to Class Members who paid fees to LegalZoom for the preparation of Class Products from December 18, 2007, to May 20, 2011, inclusive, and for Service Award payments to Plaintiffs in accordance with Section III.C.3. and payments to Class Counsel of Attorneys' Fees, Costs, and Expenses in accordance with Section III.C.2. If the Court awards the full percentage of Attorneys' Fees, Costs, and Expenses and Service Awards sought by Class Counsel in accordance with Sections III.C.2. and III.C.3., such Class Members who submit a Valid Claim shall be entitled to a payment of one hundred sixty-three and two-tenths percent (163.2%) of the difference between (i) the gross amount the Class Member paid in connection with the Class Product and (ii) the sum of any refund previously paid to the Class Member in connection with the Class Product and/or any shipping fees, filing fees, or Additional Amounts the Class Member paid in connection with the Class Product. If the Court awards less than the full percentage of Attorneys' Fees, Costs, and Expenses sought by Class Counsel in accordance with Section III.C.2.,

the difference between the dollar amount of Attorneys' Fees, Costs, and Expenses sought by Class Counsel and the dollar amount actually awarded by the Court will remain available for payments to Class Members under this Section III.A.3(a).

   (b) A maximum of $799,800 will be available for payments to Class Members who paid fees to LegalZoom for the preparation of Class Products from December 18, 2004 to December 17, 2007, inclusive, and for Service Award payments to Plaintiffs in accordance with Section III.C.3. and payments to Class Counsel of Attorneys' Fees, Costs, and Expenses in accordance with Section III.C.2. If the Court awards the full percentage of Attorneys' Fees, Costs, and Expenses and Service Awards sought by Class Counsel in accordance with Sections III.C.2. and III.C.3., such Class Members who submit a Valid Claim shall be entitled to a payment of fifty-four and four-tenths percent (54.4%) of the difference between (i) the gross amount the Class Member paid in connection with the Class Product and (ii) the sum of any refund previously paid to the Class Member in connection with the Class Product and/or any shipping fees, filing fees, or Opt-In Amounts the Class Member paid in connection with the Class Product.

   (c) If the Court awards less than the full percentage of Attorneys' Fees, Costs, and Expenses and/or Service Awards sought by Class Counsel in accordance with Sections III.C.2. and III.C.3, the difference between the dollar amount of Attorneys' Fees, Costs, and Expenses and/or Service Awards sought by Class Counsel and the dollar amount actually awarded by the Court will remain available for payments to Class Members under Sections III.A.3(a) and III.A.3(b) in amounts proportional to the maximum amount available for payments to Class Members under each such section based on the total settlement amount of $6.0 million. In such event, the payment

percentage to which Class Members who submit a Valid Claim shall be entitled is to be calculated as follows:

(1)     For Section III.A.3(a), the percentage represented by (i) the $5,200,200 maximum amount available for claims under Section III.A.3(a) minus the proportionate amount of the total Attorneys' Fees, Costs, and Expenses and Service Awards actually awarded by the Court attributable to Section III.A.3(a), divided by (ii) the net fees Class Members claiming under Section III.A.3(a) paid to LegalZoom.

(2)     For Section III.A.3(b), the percentage represented by (i) the $799,800 maximum amount available for claims under Section III.A.3(b) minus the proportionate amount of the total Attorneys' Fees, Costs, and Expenses and Service Awards actually awarded by the Court attributable to Section III.A.3(b), divided by (ii) the net fees Class Members claiming under Section III.A.3(b) paid to LegalZoom.

4.     In the event that the sum of amounts payable pursuant to Section III.A.3., above, and Sections III.C.2. and III.C.3., below, exceeds $6.0 million, each Class Member making a Valid Claim will be entitled to a pro rata share of the payments set forth above that is proportional to (i) $6.0 million divided by (ii) the sum of the total dollar amount of Valid Claims made under Sections III.A.3.(a) and (b), above, and the dollar amounts awarded under Sections III.C.2. and III.C.3., below.

**B.     Prospective Relief Through Changes to LegalZoom's Missouri Business Practices**

1.    Within sixty (60) days of the Final Effective Date, or at such earlier date as LegalZoom may choose, LegalZoom will adopt and implement the following business practices changes applicable to Class Products sold in Missouri.  These business practices changes shall remain in effect for twenty-four (24) months from the Final Effective Date or the date of implementation, whichever is earlier, and Plaintiffs and Class Counsel acknowledge the possibility that this twenty-four-month period may expire prior to the Final Effective Date should LegalZoom implement the changes sufficiently in advance of that date.  These business practices changes shall apply only to Class Products sold in Missouri and to website pages and advertising relating thereto, and shall consist of the following:

a.    LegalZoom will make available on the LegalZoom.com website to customers who select a Missouri Class Product a Missouri-specific sample of that document in .pdf or other format that shows blanks or sample information where information entered by the customer is to be populated into the document template.

b.    Prior to the date of implementation of these changes in business practices, an attorney or attorneys licensed in Missouri will have reviewed all templates for Missouri Class Products offered by LegalZoom to customers.

c.    LegalZoom will remove the following references from the LegalZoom.com website and from its advertising, including advertising conducted through internet search engines:

(i)    References to "we will take care of the rest" from the phrase "simply answer a few questions and we will take care of the rest";

(ii)    References that state that "LegalZoom takes over" after a customer answers online questions;

16

(iii)    References that compare, directly or by implication, the costs of LegalZoom's self-help products with services provided by an attorney without, in close proximity to such comparison, clearly and conspicuously disclosing that LegalZoom is not a law firm and is not a substitute for an attorney or law firm.

d.    The description of the LegalZoom Peace of Mind Review on the LegalZoom.com website, if any, will note, on the same page and in the same size font as the description of the LegalZoom Peace of Mind Review, that this service is "Not Available in Missouri" unless it is performed by an attorney licensed in Missouri.

e.    LegalZoom will make available to customers who select a Missouri Class Product on the LegalZoom.com website a prominent offer for an individual consultation with an attorney licensed in Missouri through a minimum free five-day enrollment (not subject to automatic renewal) in the Legal Advantage Plus Program (for individuals) or the Business Advantage Pro Program (for businesses). The offer will specifically state that the customer may consult with a Missouri attorney free of charge and explicitly state how long the customer has to take advantage of the offer. Customers' participation in the Legal Advantage Plus or Business Advantage Pro Program is subject to LegalZoom's Supplemental Terms of Service for Legal Plans, current as of their time of their enrollment, presently available at http://www.legalzoom.com/subscription-terms-of-service.html. A copy of the current Supplemental Terms of Service is attached hereto as Exhibit D. Currently included in the benefits to which customers will be entitled under such free enrollment in the Legal Advantage Plus and Business Advantage Pro Programs are telephone consultations with a participating law firm of up to one half (1/2) hour for each new legal matter (for example, a customer could

receive a one half (1/2) hour consultation concerning the customer's living trust, a one half (1/2) hour consultation concerning the customer's durable power of attorney, and a one half (1/2) hour consultation concerning articles of incorporation). No change or amendment to the Supplemental Terms of Service will substantively change or abridge this benefit to Class Members during the twenty-four (24) month term of this Prospective Relief.

        2.      In the event of any failure by LegalZoom to comply with any of the above requirements, Class Counsel may notify LegalZoom of the specific deficiency in writing, and LegalZoom will have thirty (30) days from receipt of such written notice to cure the deficiency. Plaintiffs, Class Members, and Class Counsel may not take any action to enforce the terms of this Section III.B.1. unless and until Class Counsel provide the written notice required in this paragraph, the cure period provided above expires, and LegalZoom fails to bring such failure into compliance with the terms of this Settlement Agreement.

        3.      Nothing herein shall preclude LegalZoom from taking any action or changing any of its business practices to comply with a material change in the California Legal Document Assistant Act, CAL. BUS. & PROF. CODE §§ 6400 *et seq.*, or other applicable law or directive, and in no event shall LegalZoom be in violation of this Settlement Agreement should LegalZoom take any action or change any of its business practices to comply with such law or directive. If during the term of this Prospective Relief LegalZoom intends to change any of the business practices described in this Section III.B. with respect to Class Products sold in Missouri in order to comply with a material change in the California Legal Document Assistant Act or other applicable law or directive, LegalZoom will give Class Counsel written notice of that intention fifteen (15) days prior to adopting any such change.

    **C.**    **Additional Benefits To Class Members**

1.      LegalZoom will pay all costs of settlement notice and settlement administration regardless of whether the settlement is consummated, and will be responsible for distributing or causing the distribution by the Claims Administrator of any notices in accordance with the Court's orders.

2.      Class Counsel will submit a petition for Attorneys' Fees, Costs, and Expenses requesting that the Court award attorneys' fees in an amount not to exceed thirty (30) percent of the maximum amount of $6.0 million available under the settlement for payment of economic benefits set forth in Section III.A.1., above.  The petition will also seek up to a maximum of $60,000 for attorneys' costs and expenses that are substantiated in writing. LegalZoom agrees not to oppose in Court such petition by Class Counsel for such an award of Attorneys' Fees, Costs, and Expenses.  Within fifteen (15) business days following the Final Effective Date, LegalZoom will pay Class Counsel the amount awarded by the Court.  Payment shall be made as directed in a joint letter to Defense Counsel from the Class Counsel firms of Butsch Simeri Fields, LLC and Cook, Vetter, Doerhoff & Landwehr, PC, for the benefit of and distribution among Class Counsel.  Such joint letter is to be delivered to LegalZoom and/or Defense Counsel by the Final Effective Date, and in the event such letter is not timely provided, LegalZoom shall have no obligation to pay Attorneys' Fees, Costs, and Expenses to Class Counsel as provided under this Section III.C.2. until fifteen (15) days after Class Counsel delivers such a letter to LegalZoom and/or Defense Counsel.  Class Counsel shall not apply to the Court for an award of Attorneys' Fees, Costs, and Expenses that is greater than the amounts set forth in this Section III.C.2., and in no event shall LegalZoom be required to pay Class Counsel more than $1.86 million in Attorneys' Fees, Costs, and Expenses.  If the Court awards Attorneys' Fees, Costs, and Expenses in an amount greater than $1.86 million, LegalZoom may

withdraw from the Settlement Agreement. Neither Plaintiffs nor Class Counsel can withdraw from the Settlement Agreement if the Court awards less than $1.86 million.

      3.     Class Counsel may petition the Court for a Service Award for Plaintiffs for their participation in the Litigation. Class Counsel's application for a Service Award will not exceed $8,000 for each of the three individual Plaintiffs, for a total of $24,000. LegalZoom agrees not to oppose the amount of the application and will pay the full amount of the award up to $8,000 per Plaintiff. The Service Award shall be independent of any other benefits to which Plaintiffs may be entitled as Class Members pursuant to the Settlement Agreement. LegalZoom shall fully discharge its obligation with respect to this paragraph by paying the amount awarded by the Court $16,000 to the Class Counsel firm of Butsch Simeri Fields LLC and $8,000 to the Class Counsel firm of Cook, Vetter, Doerhoff & Landwehr, PC (or in the same proportion if the Court awards a Service Award of less than $24,000) on or before fifteen (15) business days after the Final Effective Date. LegalZoom shall not be responsible for distributing the amount of the Service Award to Plaintiffs.

      4.     The Parties agree that the provisions of Sections III.C.2. and III.C.3 of this Settlement Agreement are severable from the remainder of the Settlement Agreement. Any denial by the Court of all or any part of the application for Attorneys' Fees, Costs, and Expenses or the request for an award to Plaintiffs shall in no way affect the enforceability, validity and effect of the remainder of this Settlement Agreement.

      5.     Except as provided in Section III.C.2., LegalZoom shall not be required to pay any other expenses, costs or fees incurred by Plaintiffs, by any Class Member, or by any of their attorneys, experts, advisors, agents, or representatives. Any award of Attorneys' Fees, Costs, and Expenses payable hereunder to Class Counsel (with such payment being made to

Class Counsel jointly, as provided above) shall be in complete satisfaction of any and all claims for such Attorneys' Fees, Costs, and Expenses under state or federal law that Plaintiffs, any member of the Class, Class Counsel, or any other counsel have or may have against LegalZoom arising out of or in connection with the Litigation and its settlement, including but not limited to any claims for attorneys' fees, costs, and expenses involved in litigating the Litigation, or in negotiating and implementing this Settlement Agreement, or incurred through and after final disposition and termination of the Litigation. LegalZoom shall not be responsible for distributing or apportioning any award of Attorneys' Fees, Costs, and Expenses among Class Counsel, and Class Counsel shall defend, hold harmless, and indemnify LegalZoom and its counsel, or any of them, from and against any claims, damages, litigation, causes of action and expenses, including reasonable attorneys' fees, resulting from any action or proceeding involving the apportionment of the award of Attorneys' Fees, Costs, and Expenses among Plaintiffs, Class Counsel or any attorney or firm who was a member of, employed by or otherwise affiliated with Class Counsel or Class Members.

6.      LegalZoom shall not be responsible under this Settlement Agreement to Plaintiffs or to any Class Members who submit objections to the Settlement Agreement or who exclude themselves from the Class, for attorneys' fees, costs or expenses of any kind, and LegalZoom has no obligation under this Settlement Agreement to pay any such fees, costs, or expenses.

## IV.    DISMISSAL AND RELEASE

### A.    Dismissal

In exchange for the consideration set forth in this Settlement Agreement, Plaintiff and Class Members agree to dismiss the Litigation with prejudice.

## B. Release

1.    Upon the Final Effective Date and in accordance with the provisions of the Final Approval Order, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiffs, on behalf of themselves and as representatives of the Class, each Class Member, and all persons purporting to act on their behalf or purporting to assert a claim under them, including, but not limited to, their dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity (collectively, the "Releasing Parties"), shall be deemed to have, and by operation of the Final Approval Order have, hereby forever completely and irrevocably released and discharged LegalZoom.com, Inc. and any of its respective past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, and each of their respective officers, directors, trustees, shareholders, employees, agents, attorneys, auditors, advertising agencies, accountants, experts, contractors, stockholders, representatives, partners, insurers, reinsurers, and other persons acting on their behalf (collectively, the "Released Parties"), from any and all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses, offsets, setoffs, rights of recoupment and losses and issues of any kind or nature whatsoever, whether presently known or unknown, asserted or unasserted, suspected or unsuspected, foreseen or unforeseen, contingent or noncontingent, that any of the Releasing Parties have, may have had, or may have in the future against any of the Released Parties under any source of law (including federal law, the law of any state or locality, common law, statutory law, in equity or otherwise) in connection with or that arise out of or relate in any manner whatsoever, in whole or in part, to the Litigation, the

subject matter of the Litigation, the claims alleged, asserted, or otherwise referred to in the Litigation, any acts, transactions or occurrences alleged, asserted, or otherwise referred to in the Litigation or this Settlement Agreement, and specifically from any and all claims asserted or that could have been asserted in the Litigation that relate, directly or indirectly, to the unauthorized practice of law or to violation of the Missouri Merchandising Practices Act (including but not limited to any claim arising from or relating in any manner to Missouri Revised Statutes sections 484.010, 484.020, and 407.010 *et seq.* and for money had and received), or any communications, advertising, representations, statements, or omissions to Plaintiffs or Class Members with respect to any of the foregoing (the "Released Claims"). Nothing in this Section IV.B.1. is intended to release claims of any Plaintiff or Class Member in connection with or that arise out of or relate in any manner to the validity or efficacy of any document prepared through LegalZoom.

2.    This Settlement Agreement shall provide the full settlement, compromise, release, and discharge of the Released Claims and each of them, and the Released Parties shall have no further liability or obligation to any Plaintiffs, Class Member, or any other Releasing Party with respect to the Released Claims, except as expressly provided herein.

3.    Plaintiffs and, to the fullest extent allowed by law, all Class Members covenant and agree not to ever assert a Released Claim, or to commence, join in or voluntarily assist in a lawsuit or adversary proceeding against the Released Parties, or any of them, arising out of, regarding or relating in any way to the Released Claims.

### C.    Assignment

Plaintiffs individually represent and warrant they have not assigned, transferred or hypothecated, or purported to assign, transfer or hypothecate to any person or entity any of the Released Claims or any rights, claims or causes of action arising out of the Released Claims, and

that no other person has the authority or right to assert any of the Released Claims or any rights, claims or causes of action arising out of the Released Claims on behalf of Plaintiffs or on behalf of C&J Remodeling LLC. This representation and warranty of non-assignment shall survive the execution of this Settlement Agreement and the dismissal of the Litigation. No money shall be paid to any person or entity with respect to whom any Plaintiff has assigned, transferred or hypothecated, or purported to assign, transfer or hypothecate any of the Released Claims or any rights, claims or causes of action arising out of the Released Claims. Plaintiffs shall hold the Released Parties, or any of them, harmless from and against any claims, damages, litigation, causes of action and expenses, including reasonable attorneys' fees, resulting from any breach by any of them of this representation and warranty of non-assignment.

## V.      CLASS NOTICE AND CLAIMS ADMINISTRATION

### A.      Claims Administrator

1.      LegalZoom shall select and engage a Claims Administrator to perform the notice and other settlement and claims administration functions set forth below. With Class Counsel's approval, which shall not be unreasonably withheld, LegalZoom will select a claims administrator from among a list of nationally recognized settlement and claims administrators. Class Counsel agrees that Garden City Group, Rust Consulting, Inc., Epiq Systems, and Analytics, Inc. are approved options.

2.      Except as otherwise provided herein, all fees, costs, and other charges of the Claims Administrator, and any and all other costs of notice and settlement administration, shall be paid by LegalZoom. Class Counsel and Plaintiffs shall bear no financial responsibility for payment of the Claims Administrator or its costs.

3.      The Claims Administrator shall be responsible for:

a. disseminating to Class Members the Email Notice containing a link to the Long-Form Notice;

b. distributing, pursuant to the provisions of Section V.C.2, Mail Notice to the last known address of each Class Member whose Email Notice is returned as undeliverable;

c. promptly furnishing to Class Counsel and Defense Counsel copies of all objections and Requests for Exclusion upon their receipt by the Claims Administrator;

d. administering the claims by each Class Member, including without limitation determining each Class Member's status as a member of the Class; and

e. distributing payments to Class Members in accordance with Sections III.A.3.(a) and (b).

4. LegalZoom shall require the Claims Administrator to communicate on a regular basis with both Class Counsel and Defense Counsel regarding the status of the administration of this settlement. The Claims Administrator shall seek to resolve Claims in a cost-effective and timely manner.

## B. Class Member Information

1. During the course of the Litigation, LegalZoom provided Class Counsel with complete data concerning transactions in which Missouri customers purchased Class Products from LegalZoom during the Class Period. This data included the names, postal addresses, and email addresses for Class Members, as well as the products they purchased through LegalZoom and the dates on which those transactions took place. This data also

included contact and transactional information for Missouri customers of LegalZoom during the Class Period who are not Class Members.

2.    As soon as practicable, but in all events within twenty-five (25) days after the Preliminary Approval Order Date, LegalZoom and Defense Counsel will provide the Claims Administrator with the following information for each Class Member who has not previously opted out:

a.    the Class Member's name, last known email address, last known postal address provided by the Class Member as a contact address when completing a transaction with LegalZoom or opening an account on the LegalZoom.com website, the date of the Class Member's transaction or transactions with LegalZoom, and the identity of the Class Product purchased by the Class Member; and

b.    such other information as the Claims Administrator reasonably requires to identify Class Members.    The Claims Administrator may request the assistance of the parties to identify Class Members, to facilitate providing notice, and to accomplish such other purposes as may be approved by LegalZoom and Class Counsel. The parties shall reasonably cooperate with such requests.

3.    If LegalZoom and the Claims Administrator determine based upon further review of available data that a person previously identified as being a Class Member should not be so included or identify a person who should have been included as a Class Member but was not so included, LegalZoom and the Claims Administrator shall promptly delete or add such person as appropriate and notify Class Counsel of such deletions or additions and the reasons therefor.  In the event that any person who has not been identified as a Class Member believes he/she is a Class Member, such person may request an Email Notice by visiting the Settlement

Website (as defined below). Other than as set forth in this Settlement Agreement, LegalZoom shall have no additional obligation to mail additional copies of the Email Notice or Mail Notice.

4.    Other than the obligations set forth in this Settlement Agreement, LegalZoom shall have no additional obligation to identify or locate any Class Member. In particular, LegalZoom shall not be required to extract customer identification information from non-computerized records.

### C.    Dissemination of Notice

#### 1.    Email Notice

Commencing as soon as practicable, but in all events within sixty (60) days after the Preliminary Approval Order Date as contemplated under Section VI., LegalZoom, through the Claims Administrator, shall provide Email Notice, in the form attached hereto as Exhibit B or in such other form as the Court shall approve, to all Class Members based on the last known email address as described in Section V.B.2.a., above ("Email Notice"). The Email Notice will include a Claim Form and a link to the Long-Form Notice in the form attached hereto as Exhibit A or in such other form as the Court shall approve.

#### 2.    Mail Notice

If an Email Notice is returned as undeliverable, the Claims Administrator will mail a copy of the Email Notice and a Claim Form ("Mail Notice") to the last known contact address of each such Class Member whose name and address have been provided to the Claims Administrator.

a.    Prior to mailing, the Settlement Administrator will access the National Change of Address ("NCOA") Database and update the address maintained by LegalZoom for each such Class Member with the current address listed for the Class

Member in the NCOA.  If the NCOA Database indicates that the last known address of any such Class Member is invalid or otherwise undeliverable and does not provide an alternative address, LegalZoom shall have no further obligation to take steps to locate the address of the Class Member or to mail such Class Member a Mail Notice.

b.      Mail Notices returned as undeliverable with a forwarding address shall be remailed by the Settlement Administrator to the forwarding address.  If the Mail Notice is returned as undeliverable without a forwarding address, or is otherwise designated by the Postal Service as having been sent to an invalid address, LegalZoom shall have no further obligation to take steps to locate the address of the Class Member or to mail such Class Member a Mail Notice.

### 3.      Settlement Website

No later than fifty (50) days after the Preliminary Approval Order Date, the Claims Administrator will establish a website (the "Settlement Website").  The Settlement Website will contain the Long-Form Notice, which will be downloadable from the website, and the Claim Form, which can be completed on the website and also will be downloadable from the website.  The Claims Administrator may periodically change the content of the Settlement Website to provide updated information to Class Members.  The content of the website will include a copy of the Email Notice, the Long-Form Notice, this Settlement Agreement, the Claim Form, and LegalZoom's Supplemental Terms of Service for Legal Plans.  The website will also include answers to Frequently Asked Questions, with the questions to be determined in consultation with the Claims Administrator and the answers to include only answers agreed to by the Parties.  The website may also include such other materials as the Parties may agree.

### D.      Fairness Hearing

The Parties shall request that the Court hold the Fairness Hearing approximately 120 days after the Preliminary Approval Order Date. If circumstances emerge that require postponement of the Fairness Hearing, the Claims Deadline will be extended by the same amount of time in order to give Class Members additional time to submit Valid Claims.

### E.      Right to Request Exclusion and Binding Effect

1.      Any Class Member may elect to request exclusion from the Class by mailing a written Request for Exclusion to the Claims Administrator at the address set forth in the Long-Form Notice, Email Notice, and Settlement Website, and by otherwise acting in conformity with the terms of this Section V.E. To be timely, all such Requests for Exclusion must be received by the Claims Administrator no later than one hundred (100) days after the Preliminary Approval Order Date (the "Request for Exclusion Deadline").

2.      Class Members requesting exclusion must set forth in their Request for Exclusion their full name, current address, and current email address, as well as email and mailing addresses used in connection with their purchase of a Class Product through LegalZoom. A Request for Exclusion must also contain a signed statement in substantially the same form as follows: "Please exclude me from the proposed class in the *Janson v. LegalZoom.com, Inc.* litigation." The Claims Administrator shall promptly send all Requests for Exclusion to Defense Counsel and Class Counsel in .pdf format.

3.      Any Class Member who elects to request exclusion from the Class in the manner and within the time limits specified herein:

a.      Shall not have any rights under this Settlement Agreement;

b.      shall not be entitled to receive any of the benefits under the Settlement Agreement;

c.    shall not have standing to submit any objection to the Settlement Agreement; and

d.    shall not be bound by this Settlement Agreement, including the Release, the Final Approval Order or the Judgment.

4.    A Request for Exclusion may be submitted only by a single Class Member.  No so-called "mass" or "class" requests for exclusion will be accepted by the Claims Administrator.  Any request for exclusion submitted by more than a single Class Member will not operate to exclude any of those Class Members from the Class.  All Class Members who submit requests for exclusion covering more than a single Class Member will be bound by the terms of this Settlement Agreement as described in Sections V.E.5. and 6., below.

5.    Except for those Class Members who timely request exclusion, each Class Member shall be deemed to be within the Class for all purposes under this Agreement, shall be bound by the terms and conditions of this Settlement Agreement, the Final Approval Order, the Judgment and the Release set forth in this Settlement Agreement, and shall be deemed to have waived all unstated objections and opposition to the fairness, reasonableness, and adequacy of this Settlement Agreement and any of its terms.  In the event a Class Member submits both a request for exclusion and a Valid Claim, the Class Member shall be deemed to have submitted only a Valid Claim and no request for exclusion and shall be treated as a Class Member as described in this paragraph.

6.    If the Settlement Agreement is given final approval, it shall operate as a full, complete, and final release of all the Released Claims and as an effective covenant not to sue for Plaintiffs and all Class Members who do not timely request exclusion.

7.     Not later than fourteen (14) days prior to the Fairness Hearing, the Claims Administrator shall provide Defense Counsel and Class Counsel with a list of those persons who the Claims Administrator has determined to have submitted timely and valid requests for exclusion and a separate list of any persons who have submitted requests for exclusion that the Claims Administrator has determined to be untimely or invalid. If either Defense Counsel or Class Counsel disagrees with any such determination by the Claims Administrator, Defense Counsel and Class Counsel shall confer in good faith with respect to such determinations and if they are unable to resolve such disagreement shall submit the issues to the Court for determination at the Fairness Hearing.

### F.    Objections to the Settlement

1.     Any Class Member may object to the proposed Settlement Agreement by filing with the Court a written objection, and supporting papers, if any, at the address set forth in the Long-Form Notice, Email Notice, and Settlement Website. To be timely, all objections must be received by the Court no later than one hundred (100) days after the Preliminary Approval Order Date (the "Objection Deadline"). Class Members submitting objections must set forth in their objection their full name, current address, and current email address, as well as email and mailing addresses used in connection with their purchase of a Class Product through LegalZoom. Class Members submitting objections also must state in writing all objections and the reasons therefor, and include any and all supporting papers (including, without limitation, all briefs, written evidence and declarations) and must send a copy of their signed, written objections and supporting papers, if any, to the Claims Administrator at the address set forth in the Long-Form Notice, Email Notice, and Settlement Website.

2. A Class Member who desires to object but who fails to comply with the objection procedure set forth herein shall be deemed not to have objected. The Claims Administrator shall promptly send all objections by .pdf to counsel for LegalZoom and Class Counsel.

3. If an objecting Class Member wishes to appear at the Fairness Hearing and present his/her objection to the Court orally, the objector's written objection must include the objector's statement of intent to appear at the Fairness Hearing. Only objecting Class Members who specify in their objections that they intend to present objections orally at the Fairness Hearing shall have the right to present their objections orally at the Fairness Hearing.

4. Any Class Member who submits an objection remains eligible to receive the benefits of this Settlement Agreement, as set forth in Section III., above.

G. **Claims Administration Process**

1. **Distribution of Claims Forms**

Included with the Email Notice sent to Class Members shall be a link to the Settlement Website that contains an online digital Claim Form, in the form attached hereto as Exhibit C, for filing online. The Claim Form shall require the Class Member to state under penalty of perjury:

a. The Class Member's name, current address, and current email address;

b. The type of Class Product or Products the Class Member purchased through LegalZoom (*e.g.*, last will and testament, living trust, limited liability company filings);

c. The approximate date or dates the Class Member prepared such documents;

        d.      An election to receive a check by mail or a payment sent to a designated bank account *via* Automatic Clearing House ("ACH"), and if the Class Member elects to receive payment *via* ACH, sufficient bank account information for payment of the claim; and

        e.      A statement that the person submitting the claim is the person who prepared the Class Product or Class Products from LegalZoom.

**2.     Deadline for Submission of Claims Forms**

        a.      In order for a claim to be timely, a Class Member must complete the Claim Form, execute the Claim Form under penalty of perjury, and submit it to the Claims Administrator so that it is received on or before the Claim Deadline. LegalZoom shall have no obligation to provide any of the benefits set forth in Section III.A.3 and Section III.A.4 to any Class Member who does not return a completed Claim Form, executed under penalty of perjury, so that it is received by the Claims Administrator on or before the Claim Deadline. However, Class Counsel and Defense Counsel may, in consultation with the Claims Administrator, elect to accept late-filed claims on a case-by-case basis, depending on the circumstances.

        b.      If a Class Member submits a Claim Form that is timely but is not completed correctly or in its entirety or is otherwise deficient as to form, the Claims Administrator will promptly inform by email the person or entity who submitted the Claim Form that a Claim Form must be completed correctly and in its entirety and must be received by the Claims Administrator by the later of the Claim Deadline or fourteen (14) days after the date of the Claims Administrator's email. Class Members who submit incorrect or incomplete Claim Forms will have no rights to correct any deficiency other than as provided in this Section. However, Class Counsel and Defense Counsel may, in consultation with the Claims

Administrator, elect to accept incorrect or incomplete Claim Form on a case-by-case basis, depending on the circumstances.

        c.      Any Class Member who falls within the definition of the Class and who does not timely submit a Valid Claim shall not be entitled to receive any of the benefits set forth in Section III.A.3 and Section III.A.4, nor shall such Class Member be entitled to receive any individual benefits from the Judgment to be entered in this Litigation. Nevertheless, each such Class Member shall be bound by the Release provided for herein and shall be barred from bringing any action against the Released Parties concerning the Released Claims.

### 3. Review of Claims Forms

The Claims Administrator shall review the executed Claim Forms for timeliness, completeness, and validity. If the Claims Administrator has a reasonable suspicion that a claim is untimely, incomplete, invalid, improper, fraudulent, or duplicative, the Claims Administrator shall request in writing (with a copy to Defense Counsel and Class Counsel) additional information, including proof of identity, in order to determine the claimant's status as a Class Member and the validity of the claim. Upon receipt of such writing, LegalZoom also may request in writing, through Class Counsel, additional information, including proof of identity, in order to determine the claimant's status as a Class Member and the validity of the claim.

### 4. Claims Administrator's Report of Claims

        a.      Within forty-five (45) days following the later of the Final Effective Date or the Claim Deadline, the Claims Administrator will provide to Class Counsel and Defense Counsel a report containing all of the following:

        (1)      The name, postal address, email address, Class Product or Products purchased through LegalZoom, the date(s) of the transaction(s), and

amount of Valid Claim for each eligible Class Member who submitted a Valid Claim and who has been determined by the Claims Administrator to be entitled to payment under III.A.3 and Section III.A.4, above.

(2) The aggregate number of timely Valid Claims submitted by all claimants who purchased Class Products from December 18, 2004 to December 17, 2007.

(3) The aggregate amount due on all Valid Claims for Class Products purchased from December 18, 2004 to December 17, 2007.

(4) The aggregate number of timely Valid Claims submitted by all claimants who purchased Class Products from December 18, 2007 to May 20, 2011.

(5) The aggregate amount due on all Valid Claims for purchases of Class Products made from December 18, 2007 to May 20, 2011.

5. **Audit Rights**

LegalZoom retains the right to audit Claims at any time during or after the Claims Process. In the event that LegalZoom believes, in good faith, that claims received are not from Class Members, are not timely, are duplicative or otherwise are fraudulent, inconsistent with the terms of this Settlement Agreement, or are otherwise invalid, LegalZoom may propose to Class Counsel and the Claims Administrator that certain Claims be rejected and shall specify the reasons for rejection in writing to Class Counsel and the Claims Administrator. Class Counsel may respond in writing to any such request for rejection. Likewise, Class Counsel may audit the Claims at any time during or after the Claims Process and may also propose to Defense Counsel and the Claims Administrator that individual rejected Claims be accepted, specifying in writing

to Defense Counsel and the Claims Administrator the reasons therefore. Defense Counsel may respond in writing to any such request for acceptance of rejected Claims.

Any disputes between Plaintiffs and LegalZoom regarding claims administration or the payment of a claim shall be resolved by the Claims Administrator, but in the event that either LegalZoom or Class Counsel dispute the determination of the Claims Administrator with respect to its determination of claims amounting to more than ten thousand dollars ($10,000) in the aggregate, then such party may present the matter to the Court for resolution. The Parties hereby consent that the Court may refer such matter to a Master or Magistrate as appropriate.

6. **Distribution of Compensation**

a. Within thirty (30) days of the later of the Final Effective Date or the Claim Deadline (the "Claim Payment Date"), LegalZoom (either directly or through the Claims Administrator) will distribute to those Class Members who submitted a Valid Claim the amount to which the Class Member is entitled under III.A.3 and Section III.A.4. LegalZoom shall fully discharge its payment obligation to claimants through the submission of funds either by check or by ACH to the bank account the Class Member has provided, depending on the election made by the Class Member on the Claim Form. Checks to Class Members shall expire in 90 days and shall be stamped or printed with notice to that effect. A check that is not negotiated by a Class Member within such period will be null and void, and the Claims Administrator and the Parties shall have no further obligation to make payment to such Class Member. In the event a payment to a Class Member by ACH is returned as undeliverable, the Claims Administrator will mail a check by U.S. Mail to the last known address of such class member as shown in LegalZoom's records. Such checks, if any, shall also expire in 90 days and shall be stamped and printed with notice to that effect. Such a check that is not negotiated by a

Class Member within such period will be null and void, and the Claims Administrator and the Parties shall have no further obligation to make payment to such Class Member.

b.      Notwithstanding anything herein to the contrary, the Claims Administrator shall not begin paying Claims unless: (i) it has provided the Claims Administrator's Report of Claims to counsel for the Parties at least forty-five (45) days prior to the Claim Payment Date, and (ii) has not received notice that LegalZoom desires to audit or protest the payment of certain Claims at least five (5) business days before the Claim Payment Date. In the event the Claims Administrator does receive timely notice of a desire to audit or protest the payment of certain claims, the Claims Administrator shall not pay such challenged claims until the claims are finally resolved pursuant to the procedures set out in Section V.G.5 above. The Claims Administrator may proceed to pay all other claims that are not timely protested or challenged.

7.      **Taxes**

LegalZoom will comply with all of its federal, state, local, and foreign tax reporting obligations in connection with the relief and consideration provided to Plaintiffs, Class Members, and Class Counsel pursuant to this Settlement Agreement. LegalZoom shall have no obligations with respect to the tax obligations of Plaintiffs, Class Members, or Class Counsel, including their respective obligations to compute, estimate, pay, or personally report any federal, state, local, or foreign taxes. Plaintiffs, the Class Members, and Class Counsel are and each agree that they are responsible for computing, estimating, paying, and personally reporting all of their own appropriate federal, state, local, and foreign taxes, including income taxes, due with respect to any relief and consideration provided to them pursuant to this Settlement Agreement. LegalZoom makes no representations or warranties regarding the tax consequences of the

Settlement Agreement and the Settlement embodied therein other than those stated above as to LegalZoom's own compliance. The Long-Form Notice and the Claim Form will advise Class Members to consult their tax advisor concerning any tax consequences of participating in the Settlement.

### H.    Retention of Records by Claims Administrator

The Claims Administrator shall maintain records of all Claims and Claims Forms submitted. The Claims Administrator shall maintain all such records until 360 days after the later of the Final Effective Date or the date all Claims have been finally resolved and paid, and such records will be made available upon request to Class Counsel and Defense Counsel. Such records may be provided to the Court upon request. The Claims Administrator shall also provide to the Court such reports and such other information as the Court may require.

## VI.    APPLICATION FOR PRELIMINARY APPROVAL

### A.    Motion for Preliminary Approval

1.    On or before September 28, 2011, the Parties will jointly move the Court for a Preliminary Approval Order as follows:

a.    preliminarily approving the Settlement Agreement under the legal standards relating to the preliminary approval of class action settlements;

b.    approving the form of the Class Notice and finding that the proposed method of disseminating the Class Notice meets the requirements of due process and is the best notice practicable under the circumstances;

c.    approving the form of the Claim Form;

d.    establishing the procedures and the deadline by which Class Members may assert objections to the Settlement Agreement;

e.     establishing procedures and the deadline by which Class Members may request exclusion from the Class;

f.     setting a date for the Fairness Hearing at which the Parties will move for Final Approval of the Settlement and entry of the proposed Judgment and present their arguments in support thereof;

g:     setting a briefing schedule for motions for Final Approval of the Settlement;

h.     setting a briefing schedule for Class Counsel's motion for Attorneys' Fees, Costs, and Expenses;

i.     setting a date seven (7) calendar days before the date of the Fairness Hearing by which the Parties must file their respective responses to any objections to the Settlement Agreement by members of the Class that were received on or before the Objection Deadline; and

j.     providing that, pending the Court's final determination of whether the Settlement will be approved, and in aid of the Court's jurisdiction and to prevent a multiplicity of lawsuits, Plaintiffs and Class Members, and anyone acting on their behalf (including attorneys, representatives, and agents of Plaintiffs or any Class Member), are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other state or federal court, or any other tribunal or forum of any kind, against any Released Party that asserts any of the Released Claims that would be released and

discharged by the Settlement Agreement, except as the Court may further order upon application of a Class Member and after notice and opportunity to object and be heard to all parties. If LegalZoom brings in this Court or any other court, tribunal, or forum an action to enforce this Section VI.A.1.j. and/or the provision(s) of a Preliminary Approval Order incorporating the terms of this Section VI.A.1.j., Class Counsel shall join in such action to support LegalZoom's request to enforce such provision. This Section VI.A.1.j. and/or the provision(s) of a Preliminary Approval Order incorporating the terms of this Section VI.A.1.j. will not apply to any Class Member or Members who have timely and properly excluded themselves from the Class pursuant to Section V.E.

2.    Not later than ten (10) days before the Fairness Hearing, the Claims Administrator will provide LegalZoom, Class Counsel, and Defense Counsel with an affidavit or declaration by a competent affiant or declarant attesting that the Class Notice has been disseminated and published in accordance with the Preliminary Approval Order. Class Counsel will file the affidavit or declaration with the Court prior to the Fairness Hearing.

**B.    CAFA Notices**

Within ten (10) days following the filing of the motion for a Preliminary Approval Order, LegalZoom will serve CAFA Notices of the Settlement on State and Federal regulatory authorities to the extent required by the Class Action Fairness Act of 2005, 28 U.S.C. 1715.

**C.    Stay**

Other than the filing of any motions, affidavits, and other documents and pleadings necessary to obtain and preserve final judicial approval of this Settlement Agreement,

the Parties stipulate and agree to stay all proceedings in the Litigation until approval of the Settlement Agreement is finally determined.

## VII. FINAL APPROVAL ORDER AND JUDGMENT

### A. Motion for Final Approval Order and Judgment

1.    If the Settlement Agreement (including any modification made thereto with the consent of the Parties as provided herein) shall be finally approved by the Court following the Fairness Hearing, the Parties shall jointly request that the Court enter a Final Approval Order and Judgment as follows:

(a)    finding that the dissemination of the Class Notice in the form and manner ordered by the Court was accomplished as directed, met the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to all Class Members entitled thereto;

(b)    finding that Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class at all times in the Litigation;

(c)    finally approving the Settlement Agreement as fair, reasonable and adequate, and overruling all objections to the Settlement Agreement;

(d)    dismissing the Litigation in its entirety with prejudice;

(e)    releasing and discharging the Released Parties from any and all liability with respect to the Released Claims;

(f)    providing that, in order to protect the continuing jurisdiction of the Court, prevent a multiplicity of lawsuits, and protect and effectuate the Court's Judgment in this Litigation, Plaintiffs and Class Members, and anyone acting on their behalf (including attorneys, representatives, and agents of Plaintiffs or any Class Member), are barred and

enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other state or federal court, or any other tribunal or forum of any kind, against any Released Party that asserts any claims that are Released Claims under the terms of the Settlement; and providing that any person who violates such injunction shall pay the costs and attorneys' fees incurred by any Released Party as a result of the violation;

        (g)    awarding reasonable Attorneys' Fees, Costs, and Expenses to Class Counsel as requested pursuant to Section III.C.2.;

        (h)    awarding additional compensation in the form of Service Awards to Plaintiffs as requested pursuant to Section III.C.3.;

        (i)    approving non-monetary relief in the form of changes to LegalZoom's business practices in Missouri as provided in the Settlement Agreement, agreed upon by the Parties, and submitted to the Court for approval, under which:

        (1)    LegalZoom will make available on the LegalZoom.com website to customers who select a Missouri Class Product a Missouri-specific sample of that document in .pdf or other format that shows blanks or sample information where information entered by the customer is to be populated into the document template.

        (2)    Prior to the date of implementation of these changes in business practices, an attorney or attorneys licensed in Missouri will have reviewed all templates for Missouri Class Products offered by LegalZoom to customers.

(3)     LegalZoom will remove the following references from the LegalZoom.com website and from its advertising, including advertising conducted through internet search engines:

(i)     References to "we will take care of the rest" from the phrase "simply answer a few questions and we will take care of the rest";

(ii)     References that state that "LegalZoom takes over" after a customer answers online questions;

(iii)     References that compare, directly or by implication, the costs of LegalZoom's self-help products with services provided by an attorney without, in close proximity to such comparison, clearly and conspicuously disclosing that LegalZoom is not a law firm and is not a substitute for an attorney or law firm.

(4)     The description of the LegalZoom Peace of Mind Review on the LegalZoom.com website, if any, will note, on the same page and in the same size font as the description of the LegalZoom Peace of Mind Review, that this service is "Not Available in Missouri" unless it is performed by an attorney licensed in Missouri.

(5)     LegalZoom will make available to customers who select a Missouri Class Product on the LegalZoom.com website a prominent offer for an individual consultation with an attorney licensed in Missouri through a minimum free five-day enrollment (not subject to automatic renewal) in the Legal Advantage Plus Program (for individuals) or the Business Advantage Pro Program (for businesses). The offer will specifically state that the customer may consult with a Missouri attorney free of charge and explicitly state how long the customer has to take advantage of the offer.

Customers' participation in the Legal Advantage Plus or Business Advantage Pro Program is subject to LegalZoom's Supplemental Terms of Service for Legal Plans, current as of their time of their enrollment, presently available at http://www.legalzoom.com/subscription-terms-of-service.html. A copy of the current Supplemental Terms of Service is attached hereto as Exhibit D. Currently included in the benefits to which customers will be entitled under such free enrollment in the Legal Advantage Plus and Business Advantage Pro Programs are telephone consultations with a participating law firm of up to one half (1/2) hour for each new legal matter (for example, a customer could receive a one half (1/2) hour consultation concerning the customer's living trust, a one half (1/2) hour consultation concerning the customer's durable power of attorney, and a one half (1/2) hour consultation concerning articles of incorporation). No change or amendment to the Supplemental Terms of Service will substantively change or abridge this benefit to Class Members during the term of this Prospective Relief.

(j)   reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement, over the enforcement, construction and interpretation of the Settlement Agreement, over the enforcement, construction, and interpretation of the Judgment, including the provisions therein enjoining any further litigation of Released Claims, and over Plaintiffs and Class Members (and their attorneys and law firms) in connection therewith.

**B.   Return of Litigation Material**

Within one hundred and twenty (120) days after the Final Effective Date, all documents, electronically stored information, testimony, or other information produced by LegalZoom in

course of the Litigation shall be returned to Defense Counsel. Alternatively, Class Counsel shall destroy such documents, electronically stored information, testimony, or other information and shall so certify to LegalZoom and Defense Counsel in writing.

## VIII. CONDITIONS OF SETTLEMENT, TERMINATION, AND WITHDRAWAL

### A. Conditions of Settlement

1.     This Settlement Agreement is subject to and conditioned upon the following events and will not become final until they occur:

(a) the Board of Directors or authorized officers of LegalZoom approve the Settlement;

(b) the Preliminary Approval Order is entered;

(c) the Final Approval Order approving the terms of the Settlement as provided herein and the Judgment are both approved in substantially the form set forth in Section VII above; and

(d) either

(i)     the time period for appeal of the Judgment is exhausted without the filing of any appeals; or

(ii)     all such appeals have been voluntarily or involuntarily dismissed; or

(iii)     the appropriate appellate court or courts have entered a final judgment affirming the Final Approval Order and Judgment of the Court, and the final judgment of such appellate court or courts is no longer subject to any further appellate challenge or procedure; or

(iv)    the United States Supreme Court has either affirmed the final judgment of the appellate court or denied certiorari with respect thereto.

2.    LegalZoom may waive any of these conditions in writing.

## B.    Finality of Settlement

The settlement shall be considered final upon the Final Effective Date. Except as expressly stated herein, none of the obligations of LegalZoom pursuant to the Settlement Agreement shall become effective until the settlement becomes final. LegalZoom may waive this condition in writing.

## C.    Termination

1.    This Settlement Agreement shall be void in the event that

(a) the Court declines to enter preliminarily approval of the Settlement Agreement or to enter the Judgment or any part thereof as provided for herein, or the Parties hereto fail to consent to the entry of alternative forms of Judgment, in lieu thereof, or after such consent the Court declines to enter such alternate form of Judgment; or

(b) any conditions to the Settlement Agreement are not satisfied; or

(c) LegalZoom withdraws from the Settlement Agreement pursuant to Section VIII.D.; or

(d) the Court disapproves this Settlement Agreement (in part or in whole) and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or

(e) the Court approves this Settlement Agreement, but any such judgment and approval is finally reversed on appeal.

2. In such event,

(a) this Settlement Agreement (with the exception of Section IX.A.) shall be terminated and become void and of no effect, except for LegalZoom's obligation to pay for any and all expenses incurred in connection with the notice and administration of the settlement on or before the date on which the settlement is terminated;

(b) any actions taken or to be taken in connection with this Settlement Agreement shall become void and of no effect;

(c) the Parties shall jointly apply to the Court that any Judgment or order entered by the Court pursuant to the terms of this Settlement Agreement be vacated, *nunc pro tunc*;

(d) Neither this Settlement Agreement nor any hearings or proceedings thereunder nor any documents created in connection with this Settlement Agreement shall be referred to or used as evidence for or against any party or Class Member in this or any other action or proceeding; and

(e) all pretrial proceedings shall resume sixty (60) days thereafter as if this Settlement Agreement had not been proposed for approval of the Court and the parties will be restored to their respective positions in the Litigation as of September 28, 2011.

## D. Withdrawal

1. If more than three (3) percent of the Class Members elect to be excluded from the Class, the Parties stipulate and agree that LegalZoom shall have the option, without

penalty or sanction, to withdraw from the Settlement no later than seven (7) calendar days before the Fairness Hearing.

2.    In addition, LegalZoom shall have the option to withdraw from the Settlement at any time prior to the Final Effective Date if

(a)    any action of any kind asserting Released Claims is allowed to proceed notwithstanding the Settlement Agreement and Orders provided for herein, or

(b)    LegalZoom determines in good faith that, due a material change in circumstances, the Settlement would not be effective to release and discharge a significant number of the Released Claims.   In the event LegalZoom exercises its option to withdraw, written notice of such withdrawal and the grounds therefor shall be promptly delivered to Class Counsel.  If LegalZoom exercises its option to withdraw, the effect of the withdrawal will be the same as if the Settlement were terminated pursuant to Section VIII.C.

## IX.    MISCELLANEOUS PROVISIONS

### A.    Admissibility of Settlement Agreement and Denial of Liability

1.    No part of this Settlement Agreement or any conduct or written or oral statements made in connection it, with the negotiation of it, or otherwise pursuant to or in furtherance of it, whether or not the Final Effective Date occurs, may be offered as or construed to be an admission or concession of any kind by any of the Parties, Releasing or Released Parties, or anyone else.   In particular, but without limiting the generality of the foregoing, nothing concerning this Settlement Agreement, including the negotiations that led up to it, shall be (a) offered or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault whatsoever on the part of LegalZoom and/or the Released Parties or (b) construed as or deemed to be evidence of, or an admission or concession that Plaintiffs or any Class Member

have suffered any damage. In addition, this Settlement Agreement shall not be offered or be admissible in evidence against LegalZoom or any Released Party or cited or referred to in any action or proceeding of any kind, except in any action or proceeding brought by or against Plaintiffs, Class Members, or LegalZoom to enforce its terms, or by LegalZoom in defense or prosecution of any claim, defense, or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

2. The provisions of this Section IX.A. shall become effective when this Settlement Agreement is signed. This Section IX.A. is severable from the rest of this Settlement Agreement and shall be binding on Plaintiffs, Class Members, LegalZoom, and their respective counsel regardless of whether the Settlement Agreement is preliminarily and/or finally approved or terminated for any reason, or rendered null and void, and regardless of whether LegalZoom withdraws from the Settlement Agreement.

**B.     Publicity**

1. Prior to the Final Approval Date, any and all press releases issued by any Plaintiff, Class Counsel, or LegalZoom concerning the settlement and/or the Settlement Agreement will be issued jointly or will be subject to the approval of the other Party, which approval may not be unreasonably withheld. Notwithstanding this restriction, LegalZoom may issue prior to the Final Approval Date press releases stating that it will continue to be able to do business in Missouri in the future; such a release is also subject to the approval of Class Counsel, which approval may not be unreasonably withheld.

2.     The Parties may make additional disclosures as necessary to comply with applicable law, existing contract, or ongoing business relationships (including, without limitation, disclosures to the Securities and Exchange Commission, debt raters, or current or prospective debt holders), or to obtain or defend approval of the Settlement.

3.     Class Counsel may refer to the settlement in neutral terms, approved by LegalZoom in writing prior to publication, on their respective websites.  Nothing in this Settlement Agreement shall restrict the right of Class Counsel to otherwise communicate with class members regarding the settlement.

## C.     Construction

This Settlement Agreement was entered into after substantial good faith, arms-length negotiations between the Parties and their counsel.  Each Party has executed this Settlement Agreement freely and voluntarily, without coercion and under no duress, and only after carefully reading it and reviewing it with counsel.  This Settlement Agreement reflects the conclusion of each Party that the terms contained herein and the Judgment and the releases, waivers, and covenants contemplated hereby are in the best interest of said Party, and the content of the language in this Settlement Agreement was approved by counsel for each of the Parties and by the Parties themselves.  None of the Parties or their respective counsel will be deemed the drafter of this Settlement Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Settlement Agreement and its Exhibits will be interpreted according to its fair meaning and will not be interpreted for or against any Party as the drafter thereof.

## D.     Authority of Counsel

Each of the attorneys executing this Settlement Agreement on behalf of one or more Parties warrants and represents that he/she has been duly authorized and empowered to execute this Settlement Agreement on behalf of each such respective Party and to bind them to the terms hereof. Class Counsel represent and warrant that they are fully authorized to execute this Settlement Agreement on behalf of the Plaintiffs and Class Members and to execute and legally bind Plaintiffs and Class Members to this Settlement Agreement. Class Counsel further represent and warrant that they know of no other attorney or attorneys who have appeared on any document filed on behalf of any of the Plaintiffs or Class Members in the Litigation and know of no other attorney or attorneys who have participated in the Litigation or have any claim for attorneys' fees or expenses arising from the Litigation separate from those fees and expenses to be awarded pursuant to this Settlement Agreement.

E.    **Entire Agreement**

This Settlement Agreement and the Exhibits attached hereto, which are material and integral parts of this Agreement and are fully incorporated herein by this reference, constitute and set forth the entire agreement of the Parties with respect to their subject matter and supersede any and all other prior agreements and all negotiations leading up to the execution of this Settlement Agreement, whether oral or written, regarding the subjects covered herein. The Parties acknowledge that no representations, inducements, promises, or statements relating to the subjects covered herein, oral or otherwise, have been made by any of the Parties or by anyone acting on behalf of the Parties which are not embodied or incorporated by reference herein, and further agree that no other agreement, covenant, representation, inducement, promise, or statement relating to the subjects covered herein not set forth in writing in this Settlement Agreement, shall be valid or binding.

### F.    Modification or Amendment

This Settlement Agreement may not be modified or amended except in a writing signed by Plaintiffs, LegalZoom, Class Counsel, and Defense Counsel or the successors in interest to any of them.

### G.    Deadline Falling on Weekends or Holidays

To the extent that any deadline set forth in this Settlement Agreement falls on a Saturday, Sunday, or legal or religious holiday, that deadline shall be continued until the next business day following.

### H.    Successors

This Settlement Agreement shall be binding upon and inure to the benefit of LegalZoom, the Released Parties, Plaintiffs, Class Members, Class Counsel, and Defense Counsel and their respective heirs, executors, administrators, successors, and assigns, and upon any corporation, partnership, or other entity into or with which any person or entity may merge, combine, or consolidate.

### I.    Severability

In the event that any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall in no way affect any other provision if LegalZoom and Class Counsel, on behalf of Plaintiffs and Class Members, mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement; provided, however, that Section IX.A. shall remain binding and in full force and effect regardless of the invalidity, illegality, or unenforceability of any other provision without the requirement that the Parties execute a further writing as set forth in this Section.

**J.     Execution of Settlement Agreement in Counterparts**

This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. A complete set of counterparts will be submitted to the Court.

**K.     Waivers**

The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of any provision of this Settlement Agreement.

**L.     Governing Law**

This Settlement Agreement shall be governed by and construed, enforced, and administered in accordance with the internal laws of the State of Missouri, without regard for the law of any State regarding conflicts of laws or choice of law.

**M.     Continuing Jurisdiction**

The administration, effectuation, and enforcement of the Settlement Agreement as provided for herein will be under the authority of the Court and all Parties hereto agree to submit to the authority of the Court for purposes of implementing and enforcing the Settlement Agreement. The Court will retain continuing and exclusive jurisdiction over the Parties, including Plaintiffs and all Class Members (and their attorneys, representatives and agents), and over the administration, effectuation, and enforcement of the terms of the Settlement Agreement and the benefits to Class Members hereunder, and over such other matters as may properly come before the Court, including any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement or any of its terms. Any such

dispute or controversy shall be brought to the attention of the Court by written motion, with notice to the other Parties and an opportunity to respond and be heard.

**N.    Headings and Subheadings**

The headings, subheadings, and section and subsection captions and titles contained in this Settlement Agreement are for convenience and reference purposes only and shall not be given weight in construction of the Settlement Agreement or any provision of it.

**O.    Notices**

1.    Except as provided elsewhere in this Settlement Agreement, all notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally, *via* Federal Express or similar overnight courier service, or *via* postage pre-paid first-class mail, as follows:

If to Class Counsel, then to:

Timothy Van Ronzelen
Matthew A. Clement
COOK, VETTER, DOERHOFF & LANDWEHR, PC
231 Madison
Jefferson City, Missouri  65101

and

David T. Butsch
James J. Simeri
BUTSCH SIMERI FIELDS LLC
231 S. Bemiston Ave., Ste. 260
Clayton, Missouri  63105

If to LegalZoom, then to:

General Counsel
LegalZoom.com, Inc.
101 North Brand Boulevard, 11th Floor
Glendale, CA 91203

and

Robert M. Thompson
James T. Wicks
**BRYAN CAVE LLP**
1200 Main Street, Suite 3500
Kansas City, Missouri 64105

2.     By written notice given in accordance with this Section, any Party may modify or change the addressee and/or address of any person identified above or pursuant hereto as the person or persons to whom all future notices shall be sent.

**P.     Signatures of Plaintiffs, LegalZoom, and Counsel for the Parties**

Facsimile transmissions of the signatures of the Parties or their representatives shall be binding on the Parties. In addition, Plaintiff and counsel for the Parties indicate by signing below their approval of the form and content of this Settlement Agreement (and the Exhibits thereto), and, in the case of counsel for Plaintiffs and Class Members, their representation and warranty of authority to bind the Class as certified and as described herein (subject to the final approval of the Court) and their acceptance of the provisions regarding Attorneys' Fees, Costs, and Expenses.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of September _____, 2011.


Dated: September __, 2011          TODD JANSON


By: _____
        Todd Janson
        On behalf of himself and as a Representative
        of the Class

Dated: September __, 2011          GERALD T. ARDREY


By: _____ /s/ Gerald T. Ardrey _____
        Gerald T. Ardrey
        On behalf of himself and as a Representative
        of the Class

Dated: September __, 2011          CHAD M. FERRELL


By: _____ /s/ Chad M. Ferrell _____
        Chad M. Ferrell
        On behalf of himself and as a Representative
        of the Class

Dated: September __, 2011          LEGALZOOM.COM, INC.


By: _____
        Frank Monestere
        President and Chief Operating Officer


**APPROVED AS TO FORM:**

Dated: September __, 2011

**COOK, VETTER, DOERHOFF & LANDWEHR, PC**
Timothy Van Ronzelen
Matthew A. Clement

By: _____/s/ Matthew A. Clement_____
Attorneys for Plaintiffs Todd Janson, Gerald
T. Ardrey, Chad M. Ferrell, and the Class

Dated: September __, 2011

**BUTSCH SIMERI FIELDS LLC**
David T. Butsch
James J. Simeri

By: _____/s/ David T. Butsch_____
Attorneys for Plaintiffs Todd Janson, Gerald
T. Ardrey, Chad M. Ferrell, and the Class

Dated: September __, 2011

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY**
Edward D. Robertson, Jr.
Mary Doerhoff Winter

By: _____/s/ Edward D. Robertson, Jr._____
Attorneys for Plaintiffs Todd Janson, Gerald
T. Ardrey, Chad M. Ferrell, and the Class

Dated: September __, 2011

**RANDALL O. BARNES & ASSOCIATES**
Randall O. Barnes

By: _____/s/ Randall O. Barnes_____
Attorney for Plaintiffs Todd Janson, Gerald
T. Ardrey, Chad M. Ferrell, and the Class

Dated: September __, 2011

**LAW OFFICES OF STEVEN DYER**
Steven E. Dyer

By: _____/s/ Steven E. Dyer_____
Attorney for Plaintiffs Todd Janson, Gerald
T. Ardrey, Chad M. Ferrell, and the Class

Dated:  September 28, 2011

BRYAN CAVE LLP
Robert M. Thompson
John Michael Clear
Michael G. Biggers
James T. Wicks

By: _____
Attorneys for Defendant
LegalZoom.com, Inc.

58

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of September _____, 2011.

Dated: September ___, 2011                          TODD JANSON


By: _____
    Todd Janson
    On behalf of himself and as a Representative
    of the Class

Dated: September ___, 2011                          GERALD T. ARDREY


By: _____
    Gerald T. Ardrey
    On behalf of himself and as a Representative
    of the Class

Dated: September ___, 2011                          CHAD M. FERRELL


By: _____
    Chad M. Ferrell
    On behalf of himself and as a Representative
    of the Class

Dated: September 28, 2011                           LEGALZOOM.COM, INC.


By: _____
    Frank Monestere
    President and Chief Operating Officer


**APPROVED AS TO FORM:**