# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, et al., on behalf of themselves and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 2:10-CV-04018-NKL |
| v. | )<br>) |
| LEGALZOOM.COM, INC., | )<br>) |
| Defendant. | ) |

**PRELIMINARY APPROVAL ORDER**

This matter comes before the Court on the parties' joint motion for preliminary approval of settlement. The Court has considered the Settlement Agreement and Release and the submissions of the parties.

**IT IS HEREBY ORDERED**:

1. The Court finds that the proposed settlement and release, the terms of which are fully set forth in the Settlement Agreement, are fair, reasonable and adequate. The settlement as proposed is preliminarily approved.

2. The parties stipulate to settlement on behalf of the certified class defined as follows:

> All persons and other entities resident within the State of Missouri who were charged and paid fees to LegalZoom for the preparation of legal documents from December 17, 2004 to May 20, 2011.

3. The class includes purchasers of the following products during the class period:

    501(c)3 Preparation
    Amendment
    Annual Reports
    Bylaws & Resolutions
    Citizenship
    Copyright
    Corporate Resolution
    DBA
    Dissolution
    Divorce
    Foreign Qualification
    General Partnership Agreement
    Green Card
    Incorporation
    Initial Reports
    Joint Venture Agreement
    Last Will and Testament
    Limited Liability Partnership
    Living Trust
    Living Will
    LLC
    Name Change
    Non-Profit
    Operating Agreement
    Pet Protection Agreement
    Power of Attorney
    Prenuptial
    Real Estate Deed Transfer
    Real Estate Lease
    Small Claims

4. The class does not include those who previously received a refund of their full purchase amount, those who previously opted out of the class, or those who properly opt-out of this settlement.

5. A final approval hearing on the fairness and reasonableness of the proposed settlement and whether the final approval should be granted, and further, application for fees and expenses by counsel for the class will be held before this Court on April 13, 2012, at 9:00 a.m.

6. The Court approves the proposed electronic form of notice to the class and the digital electronic claim form, to be directed to the email address of the class members as shown in Defendant's records. The Court also approves the form of notice and claim form to be mailed by U.S. mail to those class members without a valid email address. The Claims Administrator will email or cause to be mailed by U.S. mail the notice to class members by January 13, 2012, which is sixty (60) days after the date of this Order. The Court finds that the dissemination of notice by electronic mail or U.S. mail satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B), and is the best notice practicable under the circumstances.

7. Ten (10) days before the final approval hearing, the Claims Administrator shall file a written report with LegalZoom, Class Counsel, and the Court confirming that the notice requirements have been met.

8. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Western District of Missouri, Central Division, no later than February 22, 2012, which is one hundred (100) days following the entry of this order. As specified in the settlement agreement, any

objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed timely written objections to the settlement and wish to appear at the final approval hearing must also file with the Clerk a notice of intent to appear at the hearing and appear at the final approval hearing. Except as otherwise ordered by the Court, no person, other than named parties, may be heard at the fairness hearing, or file briefs or papers in connection therewith, unless such person has filed with the Court a timely written objection, filed a notice of intent to appear and otherwise fully complied with all the terms specified in the Notice. Any member of the class who did not make his or her objection to the settlement in the manner provided in the Notice shall be deemed to have waived any such objection, except as otherwise ordered by the Court at the hearing. Seven (7) days prior to the Fairness Hearing, the parties may file responses to any properly asserted objections.

9. Class members electing to opt-out of the proposed settlement must send to the Claims Administrator a written request for exclusion no later than February 22, 2011, which is one hundred (100) days following the entry of this order as specified in the notice. The notice of elections to opt-out will not be filed with the Court. Finally, the Settlement Administrator will establish a settlement website as set forth in the Settlement Agreement.

10. The Court preliminarily finds the terms and provisions of the proposed settlement, including the method of claim administration, terms pertaining to compensation

4

to class members and class representatives, non-monetary relief and attorneys fees, are fair, reasonable and adequate.

11.     Pending final determination of whether the settlement will be approved and in aid of the Court's jurisdiction, the Court adopts the provisions set forth in Section VI.A.1.j. of the Settlement Agreement and prohibits Plaintiffs and Class Members from bringing other actions on any of the Released Claims against any Released Party.

12.     The Court preliminarily approves the use of the formula specified in Section III (A) of the Settlement Agreement as a basis for allocating economic benefits to Class Members.  The Court also approves the non-monetary relief specified in Section III (B) of the Settlement Agreement.

13.     If the settlement is finally approved, the Court shall enter a final judgment approving the settlement and incorporating it as the judgment of the Court, which judgment shall be binding upon all members of the class who have not previously requested exclusion in accordance with terms of this order and the class notice.

14..    In the event that the proposed settlement is not approved by the Court, then the settlement agreement, drafts of same, negotiations, discussions and communication relating thereto, and all orders of the Court in connection therewith shall become null and void and shall not be used or referred to for any purpose in this action or any other proceeding.  In such event, the Settlement Agreement and all negotiations and proceedings relating thereto

shall be withdrawn without prejudice to the rights of any of the parties thereto, who shall be restored to their respective positions as of September 28, 2011.

                                                          s/ Nanette K. Laughrey
                                                          NANETTE K. LAUGHREY
                                                          United States District Judge

Dated: November 14, 2011
Jefferson City, Missouri