IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, et al., on behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:10-cv-04018-NKL ) |
| LEGALZOOM.COM, INC. | ) ) ) |
| Defendant. | ) |

**FINAL APPROVAL ORDER AND DISMISSAL WITH PREJUDICE**

In light of the hearing conducted before the Court on April 13, 2012 at 9:00 a.m., as well as all the pleadings and other submissions in this case, the Court grants final approval of a settlement in this litigation because the settlement is fair, reasonable, and adequate to the settlement class. *See* Fed. R. Civ. P. 23(e). The Court also previously determined that all of the requirements necessary for certification of a Settlement Class were satisfied. The three individuals who opted out of the settlement, as referenced in Exhibit E to the Notice Declaration [Doc. 202-1], are excluded from the Settlement Class under Section V.E. of the Settlement Agreement and are subject to the provisions of Section V.E.3.

The Court finds that the dissemination of the Class Notice in the form and manner ordered by the Court, including the initial notice sent in January 2012, as well as the supplemental notice approved by the Court and sent on April 21 and 22, 2012, clearly setting forth the approximate amount of each Class Member's claims and permitting Class Members to make claims by replying to the email, was accomplished as directed by the Court, met the

1

IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TODD JANSON, et al., on behalf of themselves and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:10-cv-04018-NKL ) |
| LEGALZOOM.COM, INC. | ) ) ) |
| Defendant. | ) |

**FINAL APPROVAL ORDER AND DISMISSAL WITH PREJUDICE**

In light of the hearing conducted before the Court on April 13, 2012 at 9:00 a.m., as well as all the pleadings and other submissions in this case, the Court grants final approval of a settlement in this litigation because the settlement is fair, reasonable, and adequate to the settlement class. *See* Fed. R. Civ. P. 23(e). The Court also previously determined that all of the requirements necessary for certification of a Settlement Class were satisfied. The three individuals who opted out of the settlement, as referenced in Exhibit E to the Notice Declaration [Doc. 202-1], are excluded from the Settlement Class under Section V.E. of the Settlement Agreement and are subject to the provisions of Section V.E.3.

The Court finds that the dissemination of the Class Notice in the form and manner ordered by the Court, including the initial notice sent in January 2012, as well as the supplemental notice approved by the Court and sent on April 21 and 22, 2012, clearly setting forth the approximate amount of each Class Member's claims and permitting Class Members to make claims by replying to the email, was accomplished as directed by the Court, met the

1

requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to all Class Members entitled thereto. Further, the parties sent an additional reminder to the Class by email on or about April 12, 2012. The Court also finds that Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Class at all times in the Litigation.

The Court further grants Plaintiffs' Application for Attorneys' Fees and Costs, which is unopposed. The Court has considered the factors identified by the Eighth Circuit Court in *In re United Health Group, Inc. Shareholder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158-59 (D. Minn. 2009) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975)). The Court further finds class counsel is experienced in class litigation, that the fee requested by Class Counsel was separately negotiated only after an agreement on behalf of the class was reached, and no objections have been lodged against the requested fees and costs. This litigation was hotly contested and settled on the eve of trial. Class Counsel took a risk on the contingent nature of the case and spent substantial time and money on behalf of the class. In light of the novel legal and factual issues presented, the amount of the recovery and the quality of the legal work performed, Class Counsel's request for $1,800,000 (or 30% of the available benefits to the class) and reimbursement of $60,000 in out of pocket expenses is fair and reasonable. Finally, the requested incentive award of $8,000 each for the named Class Representatives is also fair and reasonable.

(1) In light of the foregoing, the Court hereby ENTERS A FINAL APPROVAL ORDER IN THE CASE and ORDERS that: All Class Members participating in the settlement, and their successors and assigns, are hereby permanently enjoined and restrained from asserting, commencing, and/or prosecuting, either directly or in any other capacity, any and all claims that

were released pursuant to the Settlement Agreement. The released claims are hereby compromised, settled, released, discharged, and dismissed as to all Class Members, and their successors and assigns, with prejudice by virtue of the proceedings herein and this Order.;

(2) Defendant LegalZoom.com, Inc. ("LegalZoom") is hereby ORDERED to make all payments required by and in accordance with the Settlement Agreement attached as Exhibit 1 to the Joint Motion for Final Approval.

(3) In order to protect the continuing jurisdiction of the Court, prevent a multiplicity of lawsuits, and protect and effectuate the Court's Judgment in this Litigation, Plaintiffs and Class Members, and anyone acting on their behalf (including attorneys, representatives, and agents of Plaintiffs or any Class Member), are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other state or federal court, or any other tribunal or forum of any kind, against any Released Party that asserts any claims that are Released Claims under the terms of the Settlement; any person who violates such injunction shall pay the costs and attorneys' fees incurred by any Released Party as a result of the violation.

(4) Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of LegalZoom; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of LegalZoom in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. LegalZoom may file the Settlement Agreement, the Judgment, or both in any other action that may be

brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

(5) The Court awards reasonable Attorneys' Fees, Costs, and Expenses to Class Counsel as requested pursuant to Section III.C.2 of the Settlement Agreement in the amount of $1,800,000 in fees and $60,000 in out-of-pocket expenses previously advanced by class counsel.

(6) The Court awards additional compensation in the form of Service Awards to Plaintiffs as requested pursuant to Section III.C.3 of the Settlement Agreement in the amount of $8,000 each to Todd Janson, Gerald Ardrey, and Chad Ferrell.

(7) The Court approves all other relief as provided in the Settlement Agreement and orders Defendant to implement all of the provisions of Section III.B of the Settlement Agreement.

(8) Without affecting the finality of the Judgment in any way, the Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement, over the enforcement, construction and interpretation of the Settlement Agreement, over the enforcement, construction, and interpretation of the Judgment, including the provisions therein enjoining any further litigation of Released Claims, and over Plaintiffs and Class Members (and their attorneys and law firms) in connection therewith; and

(9) This case is hereby **DISMISSED WITH PREJUDICE**, and all costs shall be borne in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: April 30, 2012

                                     s/ Nanette K. Laughrey
                                     THE HONORABLE NANETTE K. LAUGHREY
                                     UNITED STATES DISTRICT JUDGE